FILED
October 08, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: __J. Galindo-Beaver__
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

## STANDING ORDER GOVERNING PROCEEDINGS – PATENT CASES

This Order shall govern proceedings in all patent cases pending before the undersigned and the following deadlines shall apply.[1]

1. Patent cases shall be set for a Rule 16 Case Management Conference (CMC) in accordance with the Court's Standing Order Regarding Notice of Readiness in Patent Cases.

2. Not later than 7 days before the CMC.  Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the priority date (*i.e.* the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

3. Two weeks after the CMC.  The Parties shall submit an agreed Scheduling Order that generally tracks the exemplary schedule attached as Exhibit A to this Order, which the Court anticipates will be suitable for most cases.  If the parties cannot agree, the parties shall submit a Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other joint filings.

4. Seven weeks after the CMC.  Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).[2]

---

[1] This OGP will be effective upon entry in all patent cases pending before the undersigned.  If there are conflicts between this OGP and prior versions in existing cases that the parties are unable to resolve, they are encouraged to contact the Court for guidance via email to the Court's law clerk.

[2] To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but any such exchange is optional during the pre-*Markman* phase of the case.

## DISCOVERY

Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing.  Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant.  For example, if discovery outside the United States is contemplated, the Court will be inclined to allow such discovery to commence before the *Markman* hearing.

Following the *Markman* hearing, the following discovery limits will apply.  The Court will consider reasonable requests to adjust these limits should circumstances warrant.

1. Interrogatories:  30 per side[3]
2. Requests for Admission:  45 per side
3. Requests for Production:  75 per side
4. Fact Depositions:  70 hours per side (for both party and non-party witnesses combined)
5. Expert Depositions:  7 hours per report[4]

**Electronically Stored Information**.  As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause.  If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search.  The opposing party can oppose, or propose an alternate plan.  If the parties cannot agree, they shall contact the Court to discuss their respective positions.

## DISCOVERY DISPUTES

A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk to summarize the dispute and the parties' respective positions. When contacting the law clerks for discovery or procedural disputes, the following procedures shall apply.

      If the parties are at an impasse after lead counsel have met and conferred, the requesting party shall email a summary of the issue(s) and specific relief requested to opposing counsel.  The email shall not exceed 500 words and shall include all counsel of record.  The responding party shall have three business days thereafter to provide an email response, also not to exceed 500 words.  In situations where multiple items are at issue in the dispute (such as responses to

---

[3] A "side" shall mean the plaintiff (or related plaintiffs suing together) on the one hand, and the defendant (or related defendants sued together) on the other hand.  In the event that the Court consolidates related cases for pretrial purposes, with regard to calculating limits imposed by this Order, a "side" shall be interpreted as if the cases were proceeding individually.  For example, in consolidated cases the plaintiff may serve up to 30 interrogatories on each defendant, and each defendant may serve up to 30 interrogatories on the plaintiff.

[4] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

interrogatories or categories of document production), the Court encourages the parties to provide their submission in a table format (also not more than 500 words per side), which identifies the disputed issues and specific relief requested.

Once the opposing party provides its response, the requesting party shall email the responsible law clerk (or the following email address if the assigned law clerk is not known: TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov) a combined email with the summary positions from both sides. Thereafter, the Court will provide guidance to the parties regarding the dispute, or arrange a telephonic hearing if the Court determines that additional argument would be of benefit.

## PROTECTIVE ORDER

Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information:

If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this OGP shall keep it confidential and use it only for purposes of litigating the case.

## CLAIM CONSTRUCTION ISSUES

**Terms for Construction**. Based on the Court's experience, the Court believes that it should have presumed limits on the number of claim terms to be construed. The "presumed limit" is the maximum number of terms that each side may request the Court to construe without further leave of Court. If the Court grants leave for additional terms to be construed, depending on the complexity and number of terms, the Court may split the *Markman* hearing into multiple hearings.

The presumed limits based on the number of patents-in-suit are as follows:

### Limits for Number of Claim Terms to be Construed

| 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|
| 8 terms | 10 terms | 12 terms |

When the parties submit their joint claim construction statement, in addition to the term and the parties' proposed constructions, the parties should indicate which party or side proposed that term, or if that was a joint proposal.

**Claim Construction Briefing**.  The Court will require non-simultaneous claim construction briefing with the following default page limits; however, where exceptional circumstances warrant, the Court will consider reasonable requests to adjust these limits.[5]  These page limits shall also apply collectively for coordinated and consolidated cases; however, the Court will consider reasonable requests to adjust page limits in consolidated cases where circumstances warrant.  In addition, the Court is very familiar with the law of claim construction and encourages the parties to forego lengthy recitations of the underlying legal authorities and instead focus on the substantive issues unique to each case.

Unless otherwise agreed to by the parties, the default order of terms in the parties' briefs shall be based on 1) the patent number (lowest to highest), the claim number (lowest to highest), and order of appearance within the lowest number patent and claim.  An example order may be as follows:

1. 10,000,000 Patent, Claim 1, Term 1
2. 10,000,000 Patent, Claim 1, Term 2 (where Term 2 appears later in the claim than does Term 1)
3. 10,000,000 Patent, Claim 2, Term 3 (where Term 3 appears later in the claim than does Terms 2 and 3)
4. 10,000,001 Patent, Claim 1, Term 4
5. 10,000,001 Patent, Claim 3, Term 5
6. 10,000,002 Patent, Claim 2, Term 6

To the extent that the same or similar terms appear in multiple claims, those same or similar terms should be ordered according to the lowest patent number, lowest claim number, and order of appearance within the patent and claim.

### Page Limits for *Markman* Briefs

| Brief | 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|---|
| Opening (Defendant) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Response (Plaintiff) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |

---

[5] This OGP version shall apply retroactively to the *Markman* briefing in patent cases that are at least thirty (30) days before the filing of the opening *Markman* brief.

| Reply (Defendant) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |
| --- | --- | --- | --- |
| Sur-Reply (Plaintiff) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |

### Technology Tutorials and Conduct of the *Markman* Hearing

Technology tutorials are optional, especially in cases where a technical advisor has been appointed. If the parties choose to submit one, the tutorial should be in electronic form, with voiceovers, and submitted at least 10 days before the *Markman* hearing. In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. The tutorial will not be part of the record and the parties may not rely on or cite to the tutorial in other aspects of the litigation.

The Court generally sets aside one half day for the *Markman* hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties. The Court will provide preliminary constructions to the parties ahead of the *Markman* hearing. As a general rule, the party opposing the Court's preliminary construction shall go first. If both parties oppose the Court's preliminary construction, the Plaintiff shall typically go first.

### GENERAL ISSUES

1. The Court will entertain reasonable requests to streamline the case schedule and discovery and encourages the parties to contact the Court's law clerk when such interaction might help streamline the case.

2. To the extent the parties need to email the Court, the parties should use the following email address: TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov. The parties should also be aware that the Court's voicemail is not checked regularly so email is the preferred contact method and voicemails are not recommended.

3. The Court is generally willing to extend the response to the Complaint up to 45 days if agreed by the parties. However, longer extensions are disfavored.

4. Speaking objections during depositions are improper. Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner. Examples of permissible objections include: "Objection, leading," "Objection, compound," "Objection, vague." Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege.

5. Plaintiff must file a notice informing the Court when an IPR is filed, the expected time for an institution decision, and the expected time for a final written decision, within two weeks of the filing of the IPR.

6. With regard to any Motion to Transfer, the following page limits and briefing schedule shall apply:

    a. Opening – 15 pages
    b. Response – 15 pages, due 14 days after the Opening brief
    c. Reply – 5 pages, due 14 days after the Response brief

7. After the trial date is set, the Court will not move the trial date except in extreme situations. To the extent a party believes that the circumstances warrant continuing the trial date, the parties are directed to contact the Court's law clerk.

8. The Court does not have a limit on the number of motions for summary judgment (MSJs), *Daubert* motions, or Motions *in limine* (MIL). However, absent leave of Court, the cumulative page limit for Opening Briefs for all MSJs is 40 pages per side, for all *Daubert* motions is 40 pages per side, and for all MILs is 15 pages per side. Responsive MSJ, *Daubert*, and MIL briefs are limited to the pages utilized in opening briefs or by the local rules, whichever is greater. Reply brief page limits shall be governed by the local rules.

9. For *Markman* briefs,[6] summary judgment motions, and *Daubert* motions, the parties shall jointly deliver to Chambers one paper copy printed double-sided of the Opening, Response, and Reply briefs, omitting attachments, at least 10 days before the hearing. Absent agreement to the contrary, the Plaintiff shall be responsible for delivering a combined set of paper copies to chambers. Each party shall also provide an electronic copy of the briefs, exhibits, and the optional technology tutorial via USB drive. For *Markman* briefs, the parties should also include one paper copy of all patents-in-suit and the Joint Claim Construction Statement. To the extent the Court appoints a technical adviser, each party shall deliver the same to the technical adviser, also 10 days before the hearing.

10. When filing the Joint Claim Construction Statement or proposed Protective Order, the parties shall also email the law clerk a Word version of the filed documents.

11. For all non-dispositive motions, the parties shall submit a proposed Order. The proposed Order shall omit the word "Proposed" from the title.

---

[6] But if the Court appoints a technical adviser for claim construction, the parties do not need to provide a copy of the *Markman* briefs to the Court.

12. Unless the Court indicates otherwise, the following Zoom information shall be used for all non-private hearings. The public is allowed to attend non-private hearings.

https://txwd-uscourts.zoomgov.com/j/16057076711?pwd=WHljN0h3Yk03K3JLUTZ2a0tTMitPZz09

       Meeting ID: 160 5707 6711
       Password: 873559
       One tap mobile: +16692545252,,16057076711#,,1#,873559#

**SIGNED** this 8th day of October, 2021.

                                        ALAN D ALBRIGHT
                                        UNITED STATES DISTRICT JUDGE

OGP Version 3.5

APPENDIX A – EXEMPLARY SCHEDULE

| Deadline | Item |
|---|---|
| 7 days before CMC | Plaintiff serves preliminary[7] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | The Parties shall submit an agreed Scheduling Order.  If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 7 weeks after CMC | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after CMC | Parties exchange claim terms for construction. |
| 11 weeks after CMC | Parties exchange proposed claim constructions. |
| 12 weeks after CMC | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction |

---

[7] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material.  Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

8

OGP Version 3.5

| | |
|---|---|
| | or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[8] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after CMC | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | Plaintiff files Responsive claim construction brief. |
| 19 weeks after CMC | Defendant files Reply claim construction brief. |
| 21 weeks after CMC | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply | Parties submit Joint Claim Construction Statement. <br><br> *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 22 weeks after CMC (but at least 10 days before *Markman* hearing) | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[9] |
| 23 weeks after CMC (or as soon as practicable) | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |
| 1 business day after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | Deadline to add parties. |
| 8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to |

---

[8] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| | seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | Deadline to amend pleadings.  A motion is not required unless the amendment adds patents or patent claims.  (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue.  Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing | Opening Expert Reports. |
| 35 weeks after *Markman* hearing | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing | Close of Expert Discovery. |
| 39 weeks after *Markman* hearing | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits.  To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side.  The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline.  See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 42 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |

OGP Version 3.5

| | |
|---|---|
| 45 weeks after *Markman* hearing | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| 46 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 47 weeks after *Markman* hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 8 weeks before trial | Parties email the Court's law clerk to confirm pretrial and trial dates |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. |
| 52 weeks after *Markman* hearing (or as soon as practicable)[10] | Jury Selection/Trial. |

---

[10] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

OGP Version 3.5