**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| REPAIRIFY, INC., and | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cv-00819-ADA |
| | ) | |
| v. | ) | |
| | ) | |
| KEYSTONE AUTOMOTIVE | ) | |
| INDUSTRIES, INC. d/b/a ELITEK | ) | |
| VEHICLE SERVICES, and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

# TABLE OF CONTENTS

I.      *The Complaint Fails To Plausibly Plead Direct Infringement.* ....................................... *1*

    A.      **Repairify's Citations To The Intrinsic Record Miss The Point.** ........................ 1

    B.      **The Complaint Fails to Identify Sufficient Facts.** ................................................ 3

    C.      **Claim Construction Is Not Needed Before Granting Elitek's Motion.** ............ 5

    D.      **Repairify Misstates The Law** ................................................................................ 5

II.     *The Complaint Fails to Plausibly Plead Indirect Infringement* ....................................... *9*

III.    *Conclusion* ....................................................................................................................... *10*

# TABLE OF AUTHORITIES

**CASES**

*Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939 (C.D. Cal. 2016) .................................. 7

*Blackbird Tech. v. Uber Technologies, Inc.*, 2020 WL 58535 (D. Del. Jan. 6 2020) .................... 9

*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021) ............................................. 4, 6

*Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .................... 7

*Continental Automotive Sys., Inc. v. Avanci, LLC*, 485 F. Supp. 3d 712 (N.D. Tex. 2020) ......... 10

*CSTECHUS, Inc. v. NorthernZone*, 2021 WL 4974825 (S.D. Cal. Oct. 25, 2021) ........................ 7

*De La Vega v. Microsoft Corp.,* 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................... 8

*DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465 (D. Del. 2016) ....................................... 9

*Disc Disease Solutions Inc. v. VHG Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) ................... 9

*Encoditech, LLC v. Citizen Watch Co.*, 2019 WL 2601347 (W.D. Tex. Jun. 25 2019) ................ 9

*Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd*,
    2018 WL 4963129 (C.D. Cal. June 22, 2018) ................................................................... 8

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ................................................................... 7

*Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F. Supp. 3d 790 (N.D. Ill. 2020) .............................. 8

*MAZ Encryption Techs. LLC v. Blackberry Ltd.*, 2016 WL 9275008 (E.D. Tex. Jun. 7 2016) ..... 9

*Midwest Athletics & Sports All, LLC v. Xerox Corp.,*
    2018 WL 1400426 (D. Neb. Mar. 20, 2018) .................................................................... 7

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2021 WL 3030066 (N.D. Tex. July 2, 2021) ......... 7

*Springs Window Fashions LP v. Nove Indus., L.P.,* 323 F.3d 989 (Fed. Cir. 2003) ................. 4, 5

Defendant Elitek moved to dismiss Plaintiff Repairify's Complaint because the Complaint failed to state a claim upon which relief can be granted.  As explained in Elitek's Motion, the asserted claims were amended to require continuous communication between a local device connected to a vehicle and a remote device to enable a remote tool connected to the remote device to scan and program the vehicle as if it were located proximate to the vehicle.  As also explained in Elitek's Motion, the patentee made this amendment in an attempt to distinguish over prior art that disclosed remote scanning and programming of a vehicle using communications between local and remote devices, but the Internet based communications used to do so were allegedly not continuous.  As such, to plausibly allege literal infringement of the claims, Repairify must allege facts from which it is plausible to conclude that Elitek's device continuously communicates between the local and remote devices, not merely that it communicates over the Internet.

The Complaint, however, as explained in Elitek's Motion, does not allege facts from which one could plausibly conclude that the EVS Plug-in Device and Remote Service (the "Accused Product") communicates in such a continuous manner.  Rather, what is alleged in the Complaint regarding the Accused Product's communication between the vehicle and remote tool is nothing more than what was used by the prior art Repairify sought to distinguish.  Repairify argues that its allegations, which merely parrot the claim language, are sufficient.  However, Repairify incorrectly states the law and fails to identify any facts in its Complaint suggesting that the Accused Product use continuous communication.  Because the Complaint does not allege facts making its allegations of infringement plausible, it should be dismissed.

## I.    THE COMPLAINT FAILS TO PLAUSIBLY PLEAD DIRECT INFRINGEMENT.

### A.    REPAIRIFY'S CITATIONS TO THE INTRINSIC RECORD MISS THE POINT.

Repairify begins its opposition by setting forth a litany of irrelevant facts in an attempt to distract the Court from the undeniable truth that while it attempted to distinguish prior art by stating

that its device continuously communicates with a remote device, the specification provides no detail as to what might constitute such continuous communication.  For example, Repairify notes that the specification distinguished the prior art Kitson because it disclosed a vehicle communicating with a device located proximate to the vehicle.  Dkt. No. 27 ("Opp.") at 5.  But, this does not change the fact that the patentee amended its claims to require that its local device continuously communicate with a remote device in such a way that the tool connected to the remote device can scan and program the vehicle as if it were located proximate to the vehicle.  Nor does it provide any explanation as to how such continuous communication is accomplished.

Similarly, Repairify points to a statement in the specification that certain prior art references required that the tool be directly connected to the vehicle, and a statement reiterating the concept that the invention allegedly engages in continuous communication so as to allow a remote device to program the vehicle as if it were located proximate to the vehicle.  *Id.* at 5-6.  But, again, these statements do not change the fact that the patentee amended its claims to require that the local device continuously communicate with a remote device so that the tool connected to the remote device can scan and program the vehicle as if it were located proximate to the vehicle.  Nor do they provide any explanation as to how such continuous communication is accomplished.

Next, Repairify points to other portions of the remarks that accompanied the amendment that Elitek allegedly ignored.[1]  *Id.* at 6.  But, these additional remarks only further demonstrate that Repairify amended its claims to require that the local device continuously communicate with a remote device in such a way that the remote tool can scan and program the vehicle as if it were located proximate to the vehicle.  And, these additional comments provide no insight into how

---

[1] Strangely, Repairify asserts Elitek ignores that the claim was amended during prosecution (Opp. at 6), but that is precisely the first issue Elitek explained.  Dkt. No. 23 ("Mot.") at 2-8.

2

such continuous communication is accomplished.  Repairify also references the claim language, *id.* at 6, which does not (i) change the fact that Repairify amended its claims to require that the local device continuously communicate with a remote device in such a way that the tool connected to the remote device can scan and program the vehicle as if it were located proximate to the vehicle or (ii) provide any explanation as to how such continuous communication is accomplished.

Finally, Repairify addresses the prior art.  *Id.* at 7.  As to Cohen, Pruzan and Ban, Repairify reiterated the argument it set forth during the prosecution that the claims require continuous, bi-directional communication.  But, again, other than establishing that the claimed communication cannot be the type of communication used by Cohen, Pruzan and Ban, this provides no explanation as to how continuous communication is accomplished.[2]

In sum, despite pages of discussion, Repairify did not identify anything in the specification or prosecution history that illuminates how this continuous communication occurs.[3]  But, as explained in Elitek's Motion, it cannot cover the type of communication covered by the prior art.  And, as shown, the prior art communicated over a network to remotely scan and program a vehicle.  Yet, that is all the Complaint alleges regarding the Accused Product.  Alleging the Accused Product operates like the prior art distinguished during prosecution cannot possibly satisfy the requirement to plead facts from which it is plausible to conclude infringement.

### B.   THE COMPLAINT FAILS TO IDENTIFY SUFFICIENT FACTS.

Repairify does not identify any facts from its Complaint from which one could infer that the vehicle and the remote tool continuously communicate so as to enable the tool to scan and

---

[2] Repairify notes that the patentee stated during prosecution that the "vast majority of scan tool activity consists of monitoring timing and latency dependent data on the targeted sub-system" (Opp. at 7), but Repairify never alleges that the Accused Product engages in such monitoring.  Regardless, nothing in the specification supports this assertion.  *See generally* Dkt. No. 1-1.
[3] Plaintiff also sets forth a litany of other conclusory, irrelevant, and self-serving assertions in its opposition, belied by the prior art and prosecution history.  Opp. at 1-4.

program a vehicle as if the tool was located proximate to the vehicle.  Repairify's opposition identifies paragraphs 51-85, 88-124, and 127-149 as support, but most of these paragraphs do not even relate to "continuous connection" between local and remote devices to allowing scanning and programming "as if located proximate to" the vehicle.  Opp. at 12, 14.  The few that are related do not allege any facts but instead parrot the claim language by alleging, on information and belief, that the Accused Product has the claim limitations.  Dkt. No. 1 at ¶¶ 79, 81, 122, 127.  Such conclusory statements are not sufficient to survive a motion to dismiss.  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

Repairify also relies on paragraphs 44-49 of the Complaint.  However, those paragraphs relate primarily to the EVS Plug-in Device and its structure.  Dkt. No. 1 at ¶¶ 44-49.  They do not allege any facts as to how the EVS Plug-in Device communicates with a remote tool.  *Id.*  In particular, these paragraphs do not identify any facts that support the plausible inference that there is continuous communication that allows a remote tool to scan and program a vehicle as if the tool was located proximate to the vehicle.  *See id; see also* Mot. at 12-16.  Paragraphs 44-49 do not even mention a continuous connection or a remote tool that scans and programs as if it was located proximate to the vehicle.  Dkt. 1 at ¶¶ 44-49.  These paragraphs merely allege that the Accused Product is capable of transmitting data over the Internet, *id.*, just like the prior art allegedly did.  In order to plausibly plead infringement of this limitation, the Complaint has to allege something more than merely communicating over the Internet.[4]  *See Springs Window Fashions LP v. Novo Indus., L.P.,* 323 F.3d 989, 995 (Fed. Cir. 2003) ("A patentee may not state during prosecution that the claims do not cover a particular device and then change position and later sue a party who

---

[4] Repairify argues that Elitek's Motion fails because Elitek did not explain how its products work. Opp. at 14.  At the pleading stage, however, the only issue is whether Repairify pled facts sufficient to show that its claims of direct infringement are plausible.  *See Bot M8*, 4 F.4th at 1353.

makes that same device for infringement.").  Because the Complaint does not allege any facts that indicate that the Accused Product meets the "continuous communication" so as to scan and program "as if located proximate to" limitations, its allegations are not plausible.

### C.   CLAIM CONSTRUCTION IS NOT NEEDED BEFORE GRANTING ELITEK'S MOTION.

Repairify argues that Elitek's Motion is premature because it requires claim construction. Opp. at 16.  The Court, however, does not need to construe any claims before granting Elitek's Motion.  The only issue that the Court needs to decide is whether the Complaint alleges any facts other than that the Accused Product operates consistently with how the distinguished prior art operated.  Put another way, no matter how the Court construes the claim terms, the claims of the Asserted Patents cannot encompass the prior art that the patentee distinguished during prosecution.

As it relates to the communication between the local and remote devices, the Complaint only alleges that the Accused Product communicates over a network.  Dkt. No. 1 at ¶¶ 44-49.  The Complaint alleges no facts as to how this communication is continuous.[5]  *Id.*  Instead, Repairify argues that the Accused Product has "continuous communication" because it can program a vehicle remotely over a network.  Opp. at 6.  That, by itself, cannot establish a plausible claim of infringement because the distinguished prior art also disclosed programming a vehicle remotely over a network; a plausible allegation of infringement requires more.  *See Springs Window,* 323 F.3d at 995.

### D.   REPAIRIFY MISSTATES THE LAW

**Repairify mischaracterizes *Bot M8.***   Repairify argues that its Complaint only needs to

---

[5] Repairify cannot rely upon its preliminary infringement contentions to meet its pleading obligations.  But, even if Repairify could, Elitek is still left in the dark as to how Repairify contends that Elitek's Accused Product meets the claim limitations, as they only allege that the Accused Product communicates over a network and are silent as to how the Accused Product allegedly communicates continuously.  Declaration of Barry Irwin ("Irwin Decl."), Ex. 1 at A7-8.

identify an accused product and then allege that the accused product has every element of at least one claim. Opp. at 11. Repairify misstates the law. *Bot M8* unambiguously held that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twomby* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353. "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent." *Id.*

Repairify argues that *Bot M8* does not apply because Elitek has failed to identify any facts from the Complaint that are contradictory. Opp. at 12-13. Repairify is wrong. First, while *Bot M8* dismissed one claim that pled contradictory facts, *Bot M8* also dismissed a second claim for not alleging facts from which it as plausible to conclude that there was infringement. *Bot M8*, 4 F.4th at 1353-55. In particular, one of the claims required storing game information together with an authentication program on a removable drive. *Id.* While the complaint alleged that several components could store the game information and authentication program, it never stated which one did. *Id.* As such, *Bot M8* did not allege facts from which it was plausible to conclude infringement. Just like *Bot M8*, the Complaint never alleges facts from which it is plausible to conclude that the claim limitations are met, but instead recites the claim elements and merely concludes that the Accused Product has those elements. *See* Dkt. No. 1 at ¶¶ 79, 81, 122, 147.

Second, the Complaint pleads contradictory facts because it alleges that a customer needs to initiate contact with Elitek and then a technician will perform different procedures. Dkt. 1 at ¶ 45. If, as alleged by the Complaint, a person is required to perform intermediate steps in the process that require continuous communicating between a tool and a vehicle, *e.g.,* pre-scan/post-scan, there cannot be continuous communication between the vehicle and the tool. Tellingly, during prosecution, the patentee distinguished such operation as outside the scope of the invention.

6

The patentee stated that the prior art that "interrogates the vehicle and transmits information to the remote site [and then] the remote system then sends an instruction or command to the vehicle" was not continuous communication.  Dkt. No. 24, Saltiel Decl., Ex. F at 9-10.  But because that is what the Complaint alleges the Accused Product of doing, that factual allegation contradicts the claims.

**Parroting claim language is not sufficient.**  Courts routinely dismiss complaints for not meeting the *Iqbal/Twombly* plausibility standard when they identify the accused device and allege that the accused device meets the claim limitations without any additional facts.  *See, e.g., Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2021 WL 3030066, at *4 (N.D. Tex. July 2, 2021) (dismissing claim where complaint alleged that a product infringed a claim but failed to identify the parts of the product that performed or met the limitations); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) (holding that without additional facts, "a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so.").[6]

In addition, attaching documents describing the accused product does not necessarily make an allegation plausible.  *See Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to

---

[6] Examples from outside the Fifth Circuit include:  *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) (allegations that "identifie[d] the allegedly infringing products and parrot[ed] the language of a direct patent infringement claim" were insufficient); *Midwest Athletics & Sports All, LLC v. Xerox Corp.*, 2018 WL 1400426, at *4 (D. Neb. Mar. 20, 2018) (allegations "without any specifics about the allegedly infringing features or functions of the accused products beyond reciting the claim language" were insufficient); *CSTECHUS, Inc. v. NorthernZone*, 2021 WL 4974825, at *2 (S.D. Cal. Oct. 25, 2021) (reciting on information and belief that the accused product infringed without more was not plausible).

find that the *Iqbal/Twombly* standard is met."); *see also De La Vega v. Microsoft Corp.,* 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (including screenshots with no explanation of how that evidence shows infringement is inadequate). *De La Vega* explained that the complaint should describe key limitations in the context of how the accused products operates; elsewise, "these statements fail to even rise to the level of 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly.*" *Id.* at *7 (citation omitted).

Here the Complaint's allegations are analogous to the implausible allegations in *Samsung*. *Samsung* found a complaint alleging that the accused product met each limitation by using MST technology was not plausible. *Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd*, 2018 WL 4963129, at *5 (C.D. Cal. June 22, 2018). *Samsung* explained that while the plaintiff included a document from the defendant that explained MST technology, the complaint did not link the statements in the document to specific limitations. *Id.* As in *Samsung,* the Complaint does not link any of the factual allegations pled in paragraphs 44-49 to the claim limitations of "continuous communication" so as to allow scanning and programming of the vehicle by a remote scan tool "as if located proximate to" the vehicle, rendering its conclusions implausible.

**The cases cited by Repairify do not support its position.**  Repairify's cases do not stand for the proposition that parroting claim language, with nothing more, is sufficient to survive a motion to dismiss.[7]  *Disc Disease* held that including photographs of the accused product was

---

[7] Repairify argues by citing to *Liqui-Box* that Elitek's Motion impermissibly relied on *Amgen* to argue that prosecution history estoppel bars Repairify's literal infringement claim (Opp. at 16), but that is incorrect.  Elitek argues that prosecution history disclaimer, which is different than prosecution history estoppel, applies to the literal infringement allegations.  *See* Mot. at 10. Regardless, *Liqui-Box* does not support Repairify's position because *Liqui-Box* recognized that a complaint that merely parrots the claim language does not state a plausible claim of direct infringement.  *Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F. Supp. 3d 790, 799 (N.D. Ill. 2020) (complaint's allegations were plausible because it included an annotated image that identified where each specific element of the accused product corresponded to each claim limitation).

sufficient when the case involved simple patents such that the claim elements could be seen in the photograph. *Disc Disease Solutions Inc. v. VHG Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). *DermaFocus* deemed a complaint sufficient even though it did not identify the particular combination of computers used to infringe a method claim because the patent described that the steps can be performed in any particular order using different configurations. *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470 (D. Del. 2016). *MAZ* concluded a complaint was sufficient where it provided citations to defendant's technical overview document showing where each claim element could be found. *MAZ Encryption Techs. LLC v. Blackberry Ltd.*, 2016 WL 9275008, at \*3 (E.D. Tex. Jun. 7, 2016). *Blackbird* wanted to construe terms before deciding the motion, but, as explained above, claim construction is not required here. *Blackbird Tech. v. Uber Technologies, Inc.*, 2020 WL 58535, at \*8 (D. Del. Jan. 6, 2020). Finally, *Encoditech* related to whether the plaintiff had alleged facts relating to a particular limitation, which *Encoditech* determined that it had. *Encoditech, LLC v. Citizen Watch Co.*, 2019 WL 2601347, at \*4 (W.D. Tex. Jun. 25, 2019).

Here, the Asserted Patents are not simple, and it is not possible to determine how the Accused Product meets the limitations of "continuous communication" or scanning and programming "as if located proximate to" the vehicle from the depictions in the Complaint. Parroting claim language and including images from Elitek's web site without explaining how the claim limitations are met is insufficient to state a plausible claim of infringement.

## II.   *THE COMPLAINT FAILS TO PLAUSIBLY PLEAD INDIRECT INFRINGEMENT*

Repairify concedes that if it failed to properly plead direct infringement, its indirect infringement allegations should also be dismissed.[8]   Opp. 17.   For an independent reason, Elitek

---

[8] Because Elitek did not independently address the Complaint's induced infringement allegations, Repairify's arguments regarding that issue (Opp. at 17) should be disregarded as non-responsive.

argued that the allegations of contributory infringement should be dismissed for including services. Mot. at 17-18.  Repairify agrees that services are not a form of a contributory infringement.  Opp. at 18.  Instead, Repairify asks the Court to only consider the identified device and ignore the reference to services.  A court cannot ignore allegations.  *Continental Automotive Sys., Inc. v. Avanci, LLC*, 485 F. Supp. 3d 712, 725 (N.D. Tex. 2020) ("[i]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (citation omitted).  Because the Complaint alleges that the "EVS Plug-in Device and Remote Service" is the basis for its contributory infringement claim, such an allegation is not plausible.[9]

## III.   CONCLUSION

Despite Repairify's claim that Elitek is attempting to try the entire case in its Motion, it is Repairify who desperately wants the Court to look outside the Complaint and wait until claim construction before determining if the Complaint's allegations are plausible.  Because the Complaint fails to plausibly plead infringement of the Asserted Patents, it should be dismissed.

---

[9] Plaintiff's preliminary infringement contentions assert direct and induced infringement allegations against Elitek but do not assert contributory infringement.  Irwin Decl., Ex. 1 at 1-2.

Dated:  December 27, 2021                    Respectfully submitted,


                                             */s/ Barry F. Irwin*                        
                                             Barry F. Irwin, P.C. (admitted *pro hac vice*)
                                             Joseph Saltiel (admitted *pro hac vice*)
                                             Daniel Sokoloff (admitted *pro hac vice*)
                                             **IRWIN IP LLC**
                                             180 N Wacker Dr, Ste 400
                                             Chicago, Illinois  60606
                                             (312) 667-6080
                                             birwin@irwinip.com
                                             jsaltiel@irwinip.com
                                             dsokoloff@irwinip.com

                                             Barry K. Shelton
                                             Texas State Bar No. 24055029
                                             **SHELTON COBURN LLP**
                                             311 RR 620, Suite 205
                                             Austin, TX 78734-4775
                                             bshelton@sheltoncoburn.com
                                             (512) 263-2165 (Telephone)
                                             (512) 263-2166 (Facsimile)

                                             *Attorneys for Defendant Keystone*
                                             *Automotive Industries, Inc. d/b/a Elitek*
                                             *Vehicle Services*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system.

*/s/ Barry F. Irwin*
Barry F. Irwin
