IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

- - - - - - - -

| | | |
|---|---|---|
| REPAIRIFY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 6:21-cv-00819-ADA |
| v. | ) | |
| | ) | |
| KEYSTONE AUTOMOTIVE | ) | |
| INDUSTRIES, INC. d/b/a ELITEK | ) | |
| VEHICLE SERVICES, and DOES 1 | ) | |
| Through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MOTION BY NON-PARTY OPUS IVS, INC. TO LIMIT DEPOSITION UNDER FRCP 30(d)(3), for PROTECTIVE ORDER UNDER FRCP 45(c), and
SANCTIONS UNDER FRCP 30(d)(2)

**I. Introduction**

Opus IVS, Inc. ("Opus IVS") is a non-party to the above noted dispute, and significantly is a competitor to both the Plaintiff Repairify, Inc. ("Repairify") and the Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services ("Elitek"). The genesis of this motion is a dispute that arose during a deposition on Wednesday, February 8, 2023, by Defendant Elitek of a witness for Non-party Opus IVS in which counsel for Defendant Elitek attempted to examine the witness on a topic that was completely outside the scope of what Non-party Opus IVS had agreed to with Defendant Elitek, where Non-party Opus IVS had specifically objected to the topic and agreed to a much narrower scope of production and deposition. Defendant Elitek was thus conducting the deposition in bad faith under Rule 30(d)(3) by attempting to ask questions on that topic. During the deposition, Defendant Elitek's counsel asserted that it was keeping the deposition open subject to resolution of this issue, thus necessitating the present motion.

1

The witness for Non-party Opus IVS is an inventor on patents owned by Non-party Opus IVS. Those patents are not here asserted by Non-party Opus IVS, and Non-party Opus IVS would not have agreed to allow either Defendant Elitek or Plaintiff Repairify to depose its inventor on those patents as part of a dispute between those two parties, where that testimony would have the potential to be used by its competitors or others against Non-party Opus IVS at some later time and in some other setting. Those patents are public documents and each party to this dispute is free to provide its own testimony regarding the disclosure of those patents through their respective technical experts.

While Non-party Opus IVS understands its obligations to provide fact testimony related to information peculiarly within its possession related to prior art sales evidence, there is absolutely no regular and established practice whatsoever by which a defendant accused infringer in a patent suit in a federal district court is able to use the court's subpoena power to depose inventors of prior art patents that may be relied on by such accused infringers as invalidating art.

Accordingly, Non-party Opus IVS seeks a protective order from being required to provide testimony regarding the Opus IVS patents.

## II. Discussion

Non-party Opus IVS received a voluminous and overreaching subpoena from Defendant Elitek in August, 2022, a copy of which is attached hereto as Exhibit 1. Pursuant to FRCP 45, Non-party Opus IVS promptly served objections to the subpoena on August 5, 2022, a copy of the objections is attached hereto as Exhibit 2.

Counsel for Defendant Elitek subsequently contacted counsel for Non-party Opus IVS to discuss the objections. By agreement between counsel for Defendant Elitek and counsel for Non-party Opus IVS, Non-party Opus IVS agreed to search for reasonable records related to sales of

relevant products prior to December 23, 2010, which date is the application filing date of Plaintiff Repairify's patents-in-suit.

After extensive searching, Non-party Opus IVS produced documents responsive to the agreed upon narrowed scope of production. Attached hereto as Exhibit 3 is a letter from counsel for Non-party Opus IVS to counsel for Defendant Elitek transmitting that production and confirming the agreement regarding such production by stating:

> Pursuant to the third-party subpoena served on Opus IVS, Inc. ("Opus IVS") on behalf of your client Keystone Automotive Industries, Inc. ("Keystone"), and the objections thereto served by Opus IVS *and our subsequent discussions in which you narrowed the requested discovery to information relating to sales prior to December 23, 2010*, Opus IVS provides the accompanying production of documents marked OPUSIVS00001-00060…

(See Exhibit 3, emphasis added.) The produced documents did not include patents of Non-party Opus IVS.

Attached hereto as Exhibit 4 is an email from counsel for Defendant Elitek sent in response to the transmittal of Exhibit 3, in which counsel for Defendant Elitek expressly acknowledges that the scope of the deposition is only "*necessary to explain and authenticate the documents that were produced.*" (Ex. 4, emphasis added.)

In accordance with the agreement and representations made by counsel for Defendant Elitek, a remote deposition was scheduled for Wednesday, February 8, 2023, starting at 12:00pm ET. The witness for Non-party Opus IVS was Mr. Michael Kirlauski. For information, Opus IVS, Inc. is a Delaware corporation with its principal place of business in Michigan. The deposition was conducted remotely with Mr. Kirlauski located at Opus IVS' division in North Carolina, and with Opus IVS, Inc. and the witness represented by Mr. Karl Ondersma of the Michigan law firm Gardner Linn. Mr. Kirlauski was designated to be the witness based on his involvement in the collection and knowledge of the produced documents, not because he was an inventor.

During the deposition, counsel for Defendant Elitek made as exhibits one of Non-party Opus IVS' U.S. patents on which Mr. Kirlauski is an inventor, as well as the provisional patent application priority document for that patent.  Counsel for Defendant Elitek then proceeded to endeavor to ask substantive questions of Mr. Kirlauski regarding the disclosure of those documents.  Counsel for Non-party Opus IVS objected to the questioning and instructed the witness not to answer.  Discussions were had between counsel for Non-party Opus IVS and counsel for Defendant Elitek regarding the objections. Counsel for Defendant Elitek did not agree with the instructions not to answer, and counsel for Non-party Opus IVS stated on the record its position that the deposition was being conducted in bad faith based on the agreement between Opus IVS and Elitek to the extent questioning on the patent topic was being pressed and that Non-party Opus IVS understood it was being forced to bring the present motion under FRCP 30(d)(3).

### III. Argument

The subpoena of Exhibit 1 addressed as Deposition Topic Number 12, "[a]ny patent or patent applications filed before December 23, 2010,…including but not limited to U.S. Patent Application No. 61/387,823, and any application that claims priority to it ("Prior Art Patents")." (See Ex. 1, pg. 2.)  The patent documents introduced by Defendant Elitek during the deposition of Mr. Kirlauski are encompassed by this topic.

Non-party Opus IVS' objections of Exhibit 2 expressly objected to Deposition Topic Number 12.  (See Ex. 2, pg. 12 of document.)  Non-party Opus IVS' objections were served under and in compliance with FRCP 45(d)(2)(B).

Defendant Elitek did not seek an order from the Court or challenge Non-party Opus IVS' objections.  Instead, as clearly set forth above, Non-party Opus IVS and Defendant Elitek agreed to a narrowed scope of production of documents by Non-party Opus IVS as a fact witness related

to information that was peculiarly within Non-party Opus IVS' possession.  Counsel for Defendant Elitek clearly acknowledged this, representing that the deposition would be strictly "to explain and authenticate the documents that were produced." (Ex. 4.)

As noted, Non-party Opus IVS is a competitor to both Defendant Elitek and Plaintiff Repairify.  Non-party Opus IVS' patents are publicly available documents and Defendant Elitek and its technical expert are readily able to read the disclosures of those patents themselves.  It is wholly without merit to use this proceeding to obtain testimony from an inventor employee of Non-party Opus IVS regarding such a public document, where that testimony would have the potential to be used against Non-party Opus IVS at some later time and in some other setting.

Accordingly, Non-party Opus IVS respectfully moves this Court for an order preventing Defendant Elitek from seeking testimony from Opus IVS and its inventor employee regarding Opus IVS' patents on which he is an inventor.  Non-party Opus IVS further requests as sanctions that the deposition by Defendant Elitek be terminated, and any other awards to Non-party Opus IVS that the Court deems appropriate.

Dated: February 9, 2023             Respectfully submitted,

/s/ John M. Cone
John M. Cone
jcone@fbfk.law
Texas State Bar No. 04660100
Ferguson Braswell Fraser Kubasta PC
2500 E. Dallas Parkway
Plano, Texas 75093
Telephone: (972) 378-9111
Facsimile: (972) 378-9115

Karl T. Ondersma (*Pro Hac Vice* filed herewith)
ondersma@gardner-linn.com
Michigan Bar No. P-68028
Gardner, Linn, Burkhart & Ondersma LLP

2900 Charlevoix Dr. SE, Ste. 300
Grand Rapids, MI 49546
Telephone: (616) 975-5500
Facsimile: (616) 975-5505

Attorneys for Non-Party OPUS IVS, INC.

**CERTIFICATE OF SERVICE**

On February 9, 2023, I electronically submitted the foregoing document to the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ John M. Cone
John M. Cone