**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| REPAIRIFY, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cv-00819-ADA |
| v. | ) | |
| | ) | |
| KEYSTONE AUTOMOTIVE | ) | |
| INDUSTRIES, INC. d/b/a ELITEK | ) | |
| VEHICLE SERVICES, and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY
FROM NON-PARTY OPUS IVS, INC.**

Elitek moved for an order compelling further discovery from non-party Opus, an Elitek competitor and purported assignee of U.S. Patent No. 10,719,831 ("the Opus Patent"). Elitek has alleged that the Opus Patent invalidates the patents asserted against Elitek by Plaintiff Repairify Inc. ("Repairify") in this matter ("the Asserted Patents"). Previously, Elitek subpoenaed Opus for further discovery on the Opus Patent, related patents, and commercial embodiments of its patents, which are all relevant to Elitek's asserted invalidity defense. Opus's response to the subpoena has been drawn out and deficient in that it has not conducted a reasonable search for documents and instructed its witness to not answer any questions related to the Opus Patent during its deposition.

Opus argues that it does not have to perform additional searches of two databases because it does not own one, and it does not have software to access the other. For the first database, merely because Opus does not own the database does not mean Opus cannot search it. Because Opus can access the database and retrieve documents from it, those documents are in its control. For the second database, merely not having certain software does not satisfy Opus's obligation to show an undue burden. Opus also argues that it was proper to prohibit its witness from answering questions about the Opus Patent because such questions are allegedly not relevant and because of an alleged agreement between the parties. Opus's response ignores that it never (despite numerous other objections) objected to testimony regarding the Opus Patents and its commercial embodiments as irrelevant, and such testimony is relevant as it could support Elitek's invalidity defense. Furthermore, counsel for Opus's own declarations and meeting notes confirm that published prior art, like the Opus Patent, was within the scope of discovery requested and that there was no agreement limiting the deposition.

**I.      OPUS SHOULD CONDUCT A REASONABLE SEARCH FOR DOCUMENTS.**

During his deposition, Mr. Kirlauski, the Opus witness, identified two databases of relevant

information that were not searched. For the first database, Opus argues that the database is not in its possession, custody, or control because it does not own the database.[1] Dkt. No. 92 at 4-5. That is not the correct standard. If a party has access to information, then the information is within its possession, custody, or control. *See Topletz v. Skinner*, 7 F.4th 284, 291 (5th Cir. 2021) (possession includes constructive possession such as the right to obtain information); *see also League of United Latin Am. Citizens v. Abbott*, 2022 WL 3233406, at *7 (W.D. Tex. Aug. 10, 2022). Because Mr. Kirlauski testified that Opus had access to this database (Dkt. No. 89-4 at 38), Opus should search it for responsive documents.

For the second database, which comprises sales data, Opus states that it does not have a copy of the software used to access it. Dkt. No. 92-5 at ¶ 12. But, the "party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Don Stevenson Design, Inc v. TBP Enterprises I, LTD.*, 2018 WL 6704466, at *6 (W.D. Tex. Dec. 19, 2018). Opus makes no mention of how difficult it would be to retrieve this information such as obtaining the necessary software or other retrieval methods. Because Opus has failed to show that obtaining the data requested is an undue burden, Opus should be required to search this database as well.

## II.     ELITEK SHOULD BE PERMITTED TO CONTINUE THE OPUS DEPOSITION.

Elitek sought to question Mr. Kirlauski, a named inventor of the Opus Patent, about the Opus Patent as well as any commercial embodiments of the Opus Patent, which could lead to additional invalidating prior art to the Asserted Patents. Resp. at 6. Opus argues that Elitek's questions about the Opus Patent and commercial embodiments are not relevant, unnecessary and

---

[1] Opus takes issue with Elitek's characterization of Opus's document production as two documents. Resp. at 2. Whether it is two documents or four, as claimed by Opus, it is still minimal.

were prohibited by an agreement and boilerplate objections. Opus's arguments are meritless.

### A.  The deposition testimony sought is relevant.

Opus argues that Elitek has all the relevant information it needs because it has access to the public patent documents. *Id.* First, Opus never objected to the deposition notice on relevancy grounds. Regardless, as previously explained, testimony from an inventor about his patent is not just relevant, it is extremely valuable to the jury charged with determining validity of the Asserted Patents. Further, the requested testimony should establish the existence of additional commercial embodiments and their capabilities, which would constitute additional (perhaps better) prior art to the Asserted Patents. That type of testimony cannot be obtained by reviewing the patent. Elitek is not seeking expert testimony from Mr. Kirlauski, but fact testimony from a percipient witness.

Opus also objects to Elitek's questions because Mr. Kirlauski, in identifying commercial embodiments, might invalidate the Opus Patent. *Id.* However, the potential of hurtful testimony is not a proper reason to instruct him not to answer questions. *Super Film of Am., Inc. v. UCB Films*, Inc., 219 F.R.D. 649, 654 (D. Kan. 2004) (third party with an interest in the litigation cannot refuse discovery to disadvantage the party seeking it); *see also eDirect Publg., Inc. v. LiveCareer, Ltd.*, 2014 WL 2527401, at *4 (N.D. Cal. Jun. 4, 2014) ("patentees should not stonewall in the discovery of prior art that invalidates asserted patents").

Opus cites to several cases that allegedly support its position that it was proper to instruct its witness not to answer questions. None of those cases, however, are applicable because they did not concern an attorney instructing a witness not to answer questions seeking relevant testimony during a deposition. Instead, these cases involved quashing subpoenas that sought irrelevant testimony or discovery that could be obtained from less burdensome sources. *See Micro Motion, Inc. v. Kane Steel Co., Inc.* 894 F.2d 1318 (Fed. Cir. 1990) (quashed subpoena because the party seeking discovery failed to demonstrate relevance); *Katz v. Batavia Marine & Sporting Supplies,*

*Inc.*, 984 F.2d 422 (Fed. Cir. 1993) (same); *American Standard Inc. v. Pfizer, Inc.*, 828 F.3d 734, 742 (Fed. Cir. 1987) (same); *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (same); *Keller v. Cox Radio, Inc.*, No., 2009 WL 10700193, at *3 (W.D. Texas Apr. 6, 2009) (quashed subpoena because party failed to show relevance and that the discovery could not be obtained from plaintiff).  Here, not only has Elitek articulated the relevance of the testimony, for example, to explain and provide context for the invention claimed in the Opus Patent and to identify commercial embodiments of the Opus Patent that would be prior art to the Asserted Patents, but (despite objecting on nearly every other ground) Opus never objected to the relevance of topics in the deposition notice, and does not dispute that testimony regarding the commercial embodiments are relevant, and, thus, has conceded it.  *See Kellam v. Services*, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) (failure to respond to argument constitutes waiver).  Thus, Elitek is entitled to the testimony, and Opus's instructions not to answer were improper.

        **B.**       **There was no agreement to limit the scope of the deposition.**

Opus insists there was an agreement to limit the scope of the deposition and relies on declarations and handwritten notes of its attorneys. Resp. at 8.  These declarations and handwritten notes contradict Opus's position.  Both of Opus's attorneys admitted that Elitek was seeking information regarding products that performed remote diagnostics and that were sold prior to December 23, 2010, including "***associated published prior art***" (emphasis added). Dkt. No. 92-3 at ¶ 4; Dkt. No. 92-4 at ¶ 4.  Hence, to the extent the Opus Patent and its commercial embodiments performed remote diagnostics and pre-date December 23, 2010 (which they did, and Opus has not contended otherwise), they are within the scope of the information sought.  Moreover, the handwritten notes do not 1) reference any agreement; 2) mention the deposition; or 3) reference excluding discovery on the Opus Patent. *Id.* at Attachment A.  In fact, the attorney notes expressly stated that Elitek was interested in prior art, and in particular, commercial embodiments that

perform remote diagnostics, the subject matter of the Opus Patent. *Id.* Tellingly, Opus produced technical documents about a commercial embodiment. Dkt. No. 88-1 at Ex. D. So not only do the attorneys' declarations and notes undermine its position that there was an agreement to limit the scope of the deposition, but their act of producing documents related to commercial embodiments confirm that no such agreement was made.

### III.    ELITEK IS ENTITLED TO ITS EXPENSES AND OTHER SANCTIONS.

Elitek is entitled to its expenses, including attorney's fees and costs for bringing this Motion, responding to Opus's Motion (Dkt. No. 77), and for the continued deposition of Opus. Fed. R. Civ. P. 37(a)(5). Opus continuously impeded, delayed, and frustrated Elitek from the outset, culminating in its attempt to preclude a fair examination by a first-year attorney. Opus tries to justify its behavior by relying on its boilerplate objections, but none argued irrelevance or were otherwise applicable to the deposition testimony. Mot. at 4-5. Opus also attempts to justify its behavior by arguing the questions were allegedly 1) outside the scope of an agreement; 2) outside the scope of the subpoena, and 3) irrelevant. Resp. at 11. As noted above and previously, none of these arguments have merit. Dkt. No. 92-3 at ¶ 4 (conceding discovery on prior art acceptable); Dkt. No. 92-4 at ¶ 4 (same); Dkt. No. 77-1 at 6 (listing Opus Patent as a topic). Hence, Opus's instructions to not answer questions about the Opus Patent, including any commercial embodiments thereof, were improper. Thus, Opus should be sanctioned for its actions.

### IV.    CONCLUSION

For the foregoing reasons, Elitek respectfully requests that the Court enter an order compelling third-party Opus to perform additional searches, re-open the deposition, and award Elitek its expenses for this Motion, responding to Opus's Motion, and continuing the Opus Deposition, and any other awards that the Court deems appropriate.

Dated:  March 2, 2023                                   Respectfully submitted,


By: */s/ Barry F. Irwin*
Barry F. Irwin, P.C. (admitted *pro hac vice*)
Joseph A. Saltiel (admitted *pro hac vice*)
Alexander S. Bennett (admitted *pro hac vice*)
**IRWIN IP LLP**
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
(312) 667-6080 (Telephone)
birwin@irwinip.com
jsaltiel@irwinip.com
abennett@irwinip.com

Barry K. Shelton
Texas State Bar No. 24055029
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6407 (Telephone)
bshelton@winston.com

*Attorneys for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

>  */s/ Barry F. Irwin*
>  Barry F. Irwin