**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| REPAIRIFY, INC., and<br><br>                Plaintiff,<br><br>v.<br><br>KEYSTONE AUTOMOTIVE INDUSTRIES, INC. d/b/a ELITEK VEHICLE SERVICES, and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No. 6:21-cv-00819-ADA |

**DECLARATION OF JOSEPH SALTIEL IN SUPPORT OF DEFENDANT'S MOTION
FOR LEAVE TO SERVE SECOND AMENDED FINAL INVALIDITY CONTENTIONS**

I, Joseph Saltiel, declare as follows:

1. The facts set forth herein are based on my personal knowledge and/or documents that I have personal knowledge of sufficient to authenticate them, including those attached hereto, and are true and correct to the best of my knowledge, belief, recollection, and understanding.

2. I am an attorney at the law firm of Irwin IP LLP, counsel of record in this action for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services ("Elitek").

3. I submit this declaration in support of Defendant's Motion for Leave to Serve Second Amended Final Invalidity Contentions.

4. Attached as Exhibit A is a true and correct copy of Elitek's Preliminary Invalidity Contentions served on February 14, 2022 (without exhibits).

5. Attached as Exhibit B is a true and correct copy of Elitek's September 6, 2022 deficiency letter served on Repairify regarding Repairify's failure to respond to Elitek's Requests for Production, which included document requests for design, development, and other technical

documents related to products that Repairify alleges practice the patents-in-suit, with anything other than boilerplate objections.

6. Attached as Exhibit C is a true and correct copy of Elitek's deficiency letter served on Repairify on September 23, 2022 regarding Repairify's continued failure to provide any technical documents including documents related to the design and development of the products that Repairify alleges practice the patents-in-suit.

7. Attached as Exhibit D is a true and correct copy of Elitek's deficiency letter served on Repairify on October 7, 2022 regarding Repairify's continued failure to provide technical documents including documents related to the design and development of the products that Repairify alleges practice the patents-in-suit.

8. Attached as Exhibit E is a true and correct copy of Elitek's Final Invalidity Contentions served on August 31, 2022 (without exhibits).

9. Attached as Exhibit F is a true and correct copy of the email chain from October 7, 2022 to October 31, 2022 between counsel for Repairify and Elitek regarding Repairify's commitment to "begin producing technical documents for Repairify products that Repairify has contended practice one or more claims of the Asserted Patents" and Repairify's failure to honor its commitment by not actually producing any such documents.

10. Attached as Exhibit G is a true and correct copy of Elitek's November 11, 2022 email of disputed issues required by the Court's Standing Order Governing Patent Cases to counsel for Repairify indicating Elitek's intent to seek relief from the Court regarding Repairify's refusal to provide certain discovery, including technical, development, and design documents for the products that Repairify alleges practice one or more claims of the patents-in-suit.

11. Attached as Exhibit H is a true and correct copy of Elitek's deficiency letter served on Repairify on December 9, 2022 regarding Repairify's limited production of technical documents and failure to produce any documents relating to the design and development of the products that Repairify alleges practice one or more claims of the patents-in-suit.

12. Attached as Exhibit I is a true and correct copy of excerpts from the deposition transcript of third-party inventor Charles Olsen.

13. On December 19, 2022, counsel for Elitek issued a document and deposition subpoena to third party OAAS Inc. d/b/a Paragon Innovations ("Paragon") seeking discovery regarding Paragon's involvement in the development of Repairify's products that allegedly practice the patents-in-suit. On January 4, 2023, counsel for Elitek issued a document and deposition subpoena to third party Uptime Solutions, LLC ("Uptime") seeking discovery regarding Uptime's involvement in the development of Repairify's products that allegedly practice the patents-in-suit.

14. Attached as Exhibit J is a true and correct copy of Elitek's deficiency letter served on Repairify on December 21, 2022 regarding Repairify's continued failure to produce any documents relating to the design and development of the products that Repairify alleges practice one or more claims of the patents-in-suit.

15. Attached as Exhibit K is a true and correct copy of Elitek's notice to the Court of a discovery dispute on January 9, 2023 regarding Repairify's deficient production of technical documents, including specifically documents regarding the design and development of the products that Repairify alleges practices the patents-in-suit.

16. Attached as Exhibit L is a true and correct copy of the February 7, 2023 email Elitek received from counsel for Paragon Innovations regarding its production of "close to a 1000 pages" in response to Elitek's subpoena.

17. Attached as Exhibit M is a true and correct copy of the February 10, 2023 email Elitek received from Repairify producing RPFY011090-RPFY013098 pursuant the Court's February 2, 2023 order.

18. On February 22, 2023, Elitek issued document and deposition subpoenas to McGuireWoods LLP, Copart, Inc., and DiscoverTec, LLC seeking discovery regarding the development of Repairify's products that allegedly practice the patents-in-suit.

19. Attached as Exhibit N is a true and correct copy of Repairify's complaint dated April 15, 2019, in the matter *Repairify, Inc., d/b/a asTech v. AirPro Diagnostics LLC*, Case No. 19-CV-1370 before the United States District Court for the Southern District of Texas.

20. On March 7, 2023, Elitek received a declaration from Mr. Jim Girardeau and Mr. Tim Rohrer in response to Elitek's subpoena served on Uptime regarding Uptime's involvement in the development of products that Repairify alleges practice the patents-in-suit.

21. On March 7, 2023, Paragon reproduced the native versions of its original February 7 document production because certain documents from its February 7 production were not legible. On March 20, 2023, Paragon produced an additional 783 pages of design and development documents related to the products that Repairify alleges practices that patents-in-suit.

22. Attached as Exhibit O is a true and correct copy of Elitek's March 24, 2023, notice to the Court of a discovery Dispute regarding Repairify's refusal to product development documents for the second generation asTech device that Repairify alleges practices the patents-in-suit.

23. Attached as Exhibit P is a true and correct copy of the April 11, 2023, emails Elitek received from Repairify producing documents labeled RPFY013232-RPFY019235 and RPFY019326-RPFY020456.

24. On April 12, 2023 and April 20, 2023, Repairify produced an additional 110 documents (over 650 pages) and 2,789 documents (over 230,000 pages) respectively related to the design and development of the products it alleges practice the patents-in-suit.

25. On April 26, 2023, third parties Copart, Inc. and McGuireWoods LLP produced documents responsive to Elitek's subpoenas labeled at COPART000001–COPART000256 and MGW0000001-MGW0000191, respectively.

26. On May 5, 2023, DiscoverTec, LLC produced documents responsive to Elitek's subpoena relating to the development of the products that Repairify alleges practice the patents-in-suit with production labels DT007462-DT007492.

27. On April 10, 2023, DiscoverTec, LLC produced documents labeled DT000001-DT007461, but these documents generally concerned financial and other business information related to Repairify (and its predecessor).

28. On May 9, 2023, Paragon produced additional responsive documents labeled P001739-P001797 regarding the design and development of the products Repairify alleges practice the patents-in-suit.

29. Attached as Exhibit Q is a true and correct copy of a June 2, 2023 from Repairify refusing to produce documents Elitek's asserts relate to its Section 112 contentions.

30. On June 6, 2023 Elitek deposed DiscoverTec. Also, Elitek is scheduled to take the deposition of Paragon on June 16, 2023.

31. Attached as Exhibit R is a true and correct copy of the email communication from May 18, 2023 to May 26, 2023 between counsel for Repairify and Elitek regarding Elitek's intent to amend its invalidity contentions to identify recently produced facts that support its existing Section 112 contentions.

32. Attached as Exhibit S is a true and correct of Elitek's May 26, 2023, proposed second amended final invalidity contentions (without exhibits) as a redlined document (comparing it to Elitek's amended final invalidity contentions) sent to counsel for Repairify.

33. Attached as Exhibit T is a true and correct copy of the email communications between counsel for Repairify and Elitek including Repairify's final response on June 2, 2023 indicating that it opposes Elitek's motion for leave to serve its second amended final invalidity contentions.

34. Attached as Exhibit U is a true and correct copy of Elitek's March 8, 2023 deficiency letter served on Repairify regarding Repairify's deficient interrogatory responses that, for example, failed to identify the third parties that had worked on the development of the products Repairify alleges practice the patents-in-suit.

35. Since December 2022, Elitek has served subpoenas on the following third parties to obtain discovery regarding the design and development of the products Repairify alleges practice the patents-in-suit:  Copart, Inc., DiscoverTec, LLC, Libra Industries, LLC, McGuireWoods LLP, Paragon Innovations, SVTronics, Inc., and Uptime Solutions, LLC.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2023, in Chicago, Illinois.

/s/ *Joseph A. Saltiel*
Joseph A. Saltiel

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ *Joseph A. Saltiel*
Joseph A. Saltiel
