# Exhibit B

Joseph Saltiel
*To Contact Writer Directly:*
312-667-6283
jsaltiel@irwinip.com



www.irwinip.com

September 6, 2022

**VIA EMAIL: AWellman@prangerlaw.com**

Arthur Wellman, Esq.
Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105

> *Re:*    *Repairify, Inc. v. Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services et al.* **– Case No. 6:21-cv-00819-ADA (W.D. Tex.)**

Dear Arthur:

We write regarding Repairify, Inc.'s ("Repairify") objections and responses to Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services' ("Elitek") First Set of Interrogatories (1-15) and Requests of Production (1-50). As discussed below, Repairify's responses to Elitek's first set of discovery requests are deficient and contrary to the Federal Rules of Civil Procedure and the caselaw. Please let us know when you are available within the next few days for a meet and confer to discuss.

## I.   INTERROGATORIES

### A.  Interrogatory Nos. 1, 2, and 10

Repairify failed to provide a substantive response to any of these interrogatories. Instead, Repairify merely provided boilerplate objections. Federal Rule of Civil Procedure 33(b)(4) requires that the "grounds for objecting to an interrogatory [be] stated with specificity." *See also Tijerina-Salazar v. Venegas*, 2021 WL 6011137, at *7 (W.D. Tex. Dec. 20, 2021) ("With regards to specific objections, general or boilerplate objections are invalid, since the responding party has an obligation to explain and support its objections."). Hence, Repairify's boilerplate objections do not justify its lack of response to these interrogatories.

These interrogatories are relevant as they seek information about investigation of accused products (No. 1), prior art to the asserted patents (No. 2), and knowledge of any alleged infringement (No. 10). In addition, these interrogatories are not vague, ambiguous, overly broad, or unduly burdensome. Therefore, Repairify should respond substantively.

### B.  Interrogatory Nos. 3-8, 15

Repairify also failed to provide a substantive response to any of these interrogatories (other than a partial response to Interrogatory No. 5). In addition to the boilerplate objections, which are



insufficient to justify a lack of a response, Repairify also objects to these interrogatories to the extent they seek expert opinion. Elitek is not seeking to elicit expert testimony prematurely. To the contrary, these interrogatories are broader than expert opinion as they seek the factual and legal basis for Repairify's position on the identified topics (infringement, validity, damages, relief sought, *etc.*). Such information is relevant and should be provided. In fact, Repairify has already provided partial information in discovery, for example, by providing its infringement contentions, which confirms that such requests are proper. Please confirm that Repairify will provide substantive responses to these interrogatories.

### C. Interrogatories No. 9, 13, 14

For these interrogatories, Repairify states that it will opt to produce documents in lieu of a response. Please confirm if Repairify is withholding any responsive information based on its objections. Also, please confirm when Repairify will produce such documents and that it will supplement its response to specifically identify where in its production such documents have been produced.

### D. Interrogatory No. 11

This interrogatory requests, among other things, that Repairify identify by name and model number (including internal identifiers) each product or service that it believes is covered by the Asserted Patents. Repairify's response of "Remote Vehicle Diagnostic products and services" is vague because it is unclear what products and services are being referenced by that generic term. Please confirm that Repairify will supplement its response to identify its products and services with more particularity.

### E. Interrogatory No. 12

Repairify's response to this interrogatory is non-responsive. Repairify's response does not indicate whether it or its licensees mark its products, and if so, how such marking is accomplished. Repairify should supplement its response to indicate whether it and its licensees mark their products, and if so, how.

## II.   REQUESTS FOR PRODUCTION

### A. Request Nos. 2-3, 6-10, 14-16, 18, 20-22, 24-25, 27, 31-33, 38, 40-42, 44, 47

Repairify failed to provide substantive responses to these requests. Instead, Repairify merely provided boilerplate objections. Federal Rule of Civil Procedure 34(b), however, requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons." *See also Hopkins v. Green Dot Corp.*, 2016 WL 8673861, at *3 (W.D. Tex. Aug. 16, 2016) (finding boilerplate objections not valid). Hence, Repairify's boilerplate objections do not justify its lack of response to these requests.

These requests are relevant as they seek documents relating to the Asserted Patents and alleged infringement (Nos. 2-3, 6-7, 10, 18, 25, 27), Elitek and its suppliers (No. 8, 9), Repairify's products

September 6, 2022
Page No. 3



(14-16), validity (No. 20-22, 24), damages (Nos. 31-33, 38), and this lawsuit (Nos. 40-42, 44, 47). In addition, these interrogatories are not vague, ambiguous, overly broad, disproportional to the needs of the case, or unduly burdensome.  Therefore, Repairify should produce responsive documents to these requests.

**B.  Request Nos. 1, 4-5, 11-13, 17, 19, 23, 26, 28-30, 34-37, 39, 43, 45-46, 48-49**

Repairify's responses to these requests are vague because it is unclear if Repairify is withholding any documents based on its boilerplate objections.  "Rule 34(b)(2)(C) states that an objection to a request for production must state whether any responsive materials are being withheld on the basis of that objection."  *Hopkins*, 2016 WL 8673861, at *3 (W.D. Tex. 2016).  Please confirm if Repairify is withholding any responsive documents based on its objections and if so, what the specific basis is for Repairify's withholding.  Also, please confirm when Repairify will produce the documents requested.

Respectfully submitted,

*/s/ Joseph Saltiel*                            

Joseph Saltiel
**Irwin IP LLC**
Counsel *for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

cc:     Counsel of record (via email)