# Exhibit C



Joseph Saltiel
*To Contact Writer Directly:*
312-667-6283
jsaltiel@irwinip.com

www.irwinip.com

September 23, 2022

VIA EMAIL: AWellman@prangerlaw.com

Arthur Wellman
Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105

> Re:   *Repairify, Inc. v. Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services et al.* – Case No. 6:21-cv-00819-ADA (W.D. Tex.)

Dear Arthur:

We write to follow up on my September 6, 2022 letter regarding deficiencies with Repairify, Inc.'s ("Repairify") discovery responses. We have reviewed Repairify's first amended objections and responses to Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services' ("Elitek") First Set of Interrogatories (1-15) and Requests for Production (1-50). As discussed below, Repairify's amended responses do not remedy many of the issues we previously raised and are still deficient. Please provide a time early next week when we discuss the issues raised in our letters.

I.   DOCUMENT PRODUCTION

On July 7, 2022, Elitek served its first set of requests for production and interrogatories. Repairify has had these requests for over eleven weeks but has not produced any documents. Despite several assurances that Repairify was going to produce documents, it has failed to do so and has not provided any reason for the delay. Furthermore, several of Repairify responses to interrogatories state that Repairify will produce documents in lieu of responses. Hence, Repairify's responses to these interrogatories are also deficient because it has not yet produced any documents. If Repairify does not produce its documents shortly, Elitek will seek relief from the Court.

II.   INTERROGATORIES

    A.   Interrogatory No. 2

This Interrogatory seeks information relating to opinions, contentions, allegations, and prior art related to the Asserted Patents, Related Patents, and Related Applications. Repairify's response identifies Elitek's contentions in this matter and Jifeline B.V.'s contentions made during the prosecution of EP Appl. No. 11851098.0.

September 23, 2022
Page No. 2



Repairify is obligated to conduct a reasonable search for responsive information and cannot omit or withhold responsive information plainly within its knowledge, possession, custody, or control.  *See, e.g., Praetorian Ins. Co. v. Axia Contracting,* 2022 WL 2274705, at *5 (D. Colo. June 23, 2022). We find it difficult to believe that Repairify has satisfied its obligations in responding to this Interrogatory.  It is our understanding that the Asserted Patents have counterpart applications filed in many foreign countries, such as Canada, China, Mexico, Brazil, Japan, Australia, etc.  The Asserted Patents were also part of an earlier litigation between Repairify and AirPro Diagnostics.  Also, there might be other sources of such information that are not publicly known.  It seems highly unlikely that there were no opinions, contentions, or prior art from these proceedings that relate to the Asserted Patents, Related Patents, or Related Applications.  In fact, the publicly available information appears to suggest otherwise.  And the fact that Repairify failed to consider such sources calls into question whether Repairify has met its discovery obligations with respect to this Interrogatory.  To extent Repairify is withholding identification of prior art based on privilege, such an objection is inappropriate.  *See e.g., Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc.,* 63 F. Supp. 3d 558, 567–68 (E.D.N.C. 2014).  Please confirm if Repairify is going to meet its discovery obligations and respond substantively to this Interrogatory.

      B.    Interrogatory Nos. 3-8, 15

These Interrogatories generally seek Repairify's factual and legal bases regarding the claims and defenses at issue in this case.  While Repairify has provided some legal bases in response to these Interrogatories, it has failed to identify any factual basis (except as discussed further below).  In some instances, Repairify has objected to these Interrogatories as premature in that they are seeking information that is subject of expert opinion and/or testimony.  That, however, is not a proper objection to providing its factual bases.  A party may not withhold factual information because an expert may later rely upon those facts.  *See e.g., Lexington Luminance LLC v. Feit Electric Co., Inc.*, 2020 WL 10052403, at *10 (C.D. Cal. 2020) ("To the extent these interrogatories seek factual information, even though an expert may later rely upon those facts in formulating an expert opinion, the discovery of facts central to Feit's infringement defense(s) is not premature expert discovery.").  Please confirm that Repairify is not withholding any factual information with respect to these Interrogatories.

      C.    Interrogatory No. 6

This Interrogatory seeks information on Repairify's claim of damages.  Repairify did not substantively respond, even though it acknowledged that it has responsive factual information, *e.g.*, financial data.  As noted above, Repairify may not withhold factual information merely because its expert may rely on that data.  It is obligated to disclose that information now.  Furthermore, Repairify does not explain what its damages theory is.  Like factual information, Repairify may not withhold its damages theory merely because it will be relying on an expert.  *See e.g., Kaneka Corp. v. Zheijang Med. Co., Ltd.*, 2016 WL 11266869, at *7 (C.D. Cal. 2016) (explaining that courts have "flatly rejected the proposition that a plaintiff

September 23, 2022
Page No. 3



in a patent case may respond to an interrogatory seeking disclosure of the plaintiff's damage theories simply by stating 'wait until we serve our expert report.'"). Please confirm that Repairify will amend its response to identify its damages theories and the factual bases for those theories.

      D.  Interrogatory No. 7

This Interrogatory seeks information on Repairify's allegation of infringement. Repairify's response identifies its Final Infringement Contentions. Per the Court's rules, infringement contentions are only required to contain a chart setting forth where in the accused products each element of the asserted claims is found. This Interrogatory is broader in that it seeks information about Repairify's infringement claims made under the doctrine of equivalents, induced infringement, and contributory infringement. Please confirm that Repairify will amend its response to address these topics.

      E.  Interrogatory No. 8

This Interrogatory seeks information on Repairify's request for an injunction. Like Repairify's response to the damages interrogatory, Repairify's response fails to provide either its factual or legal basis for seeking an injunction. Again, Repairify may not refuse to provide this information because it intends to offer expert testimony on this subject. *See e.g.*, *Lexington*, 2020 WL 10052403, at *10; *Kaneka*, 2016 WL 11266869, at *7. Please confirm that Repairify will amend its response to include the factual and legal bases for its request for an injunction.

      F.  Interrogatory No. 14

This Interrogatory seeks the identification of the individuals involved in the prosecution of the Asserted Patents, Related Patents, or Related Applications. Repairify's response merely points to the prosecution histories. First, Repairify's response does not identify individuals involved in the prosecution of Related Patents and Related Applications. Second, the file histories only identify some of the individuals involved. For example, the file histories do not necessarily identify any employees at the patentee who were involved in the prosecution, employees at the various law firms who may have assisted with the prosecution, or any other third parties who may have been involved. Please confirm that Repairify will amend its response to include the information requested.

III.   REQUESTS FOR PRODUCTION

  A.  Request No. 4

This request seeks documents relating to the prosecution of the Asserted Patents, Related Patents, or Related Applications. Repairify improperly narrowed this request to non-public communications with the United States Patent and Trademark Office concerning the prosecution of the Asserted Patents. Repairify has not provided any reasons why it has



limited this request to non-public documents. For example, there are documents (whether public or not) and public communications, such as non-patent literature or interview summaries, that are relevant and should be produced.

Further, Repairify has not provided any reasons why it has limited this request to the Asserted Patents because documents relating to the file histories of the Related Patents and Related Applications are relevant. Please confirm that Repairify will amend its response, search for, and produce the documents requested.

### B. Request Nos. 5, 11, 43

Request No. 5 seeks documents related to conception, reduction, testing, design, developments, or diligence of the inventions disclosed in the Asserted Patents. Request No. 11 seeks documents related to the role of the inventors. Request No. 43 seeks documents related to publications, statements, etc. of the Named Inventors. Repairify responded that it is unaware of any such documents responsive to these requests. Again, Repairify's response suggests that Repairify has failed to conduct a reasonable investigation before responding. It seems highly unlikely that Repairify does not have any documents relating to the design or development of the products it claims practice the Asserted Patents. In addition, there appears to be documents from Repairify's litigation with AirPro Diagnostics that discuss the design, development, and testing of Repairify's products as well as publications, testimony, and statements from the Named Inventors, including their roles, related to the Asserted Patents. Please confirm if Repairify is going to meet its discovery obligations by searching and producing responsive documents.

### C. Request No. 16

This Request seeks communications, agreements, or contracts with third parties related to the products that embody the Asserted Patents. Repairify objected to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking privileged documents. It is unclear how this request is overbroad, unduly burdensome, and not proportional. This appears to be a boilerplate objection that Repairify included in every response. *See Hopkins v. Green Dot Corp.*, 2016 WL 8673861, at *3 (W.D. Tex. Aug. 16, 2016) (finding boilerplate objections not valid). Furthermore, it is unclear how agreements, contracts, and communications with third parties are privileged or subject to work product. Please confirm if Repairify is going to search for and produce documents responsive to this Request.

### D. Request No. 20

This Request seeks documents related to novelty, patentability, validity, scope, or enforceability of the Asserted Patents, Related Patents, and Related Applications. Repairify states that it is unaware of any responsive documents that are not protected by the attorney-client privilege and/or the work product doctrine. As a general matter, such documents,

September 23, 2022
Page No. 5



including prior art and search reports, are not protected by attorney-client privilege or work product doctrine.  *See e.g., Veolia Water,* 63 F. Supp. 3d at 567–68.  Furthermore, there are other responsive documents that are not subject to a privilege claim that Repairify should have, providing another example that Repairify has failed to conduct a reasonable search.  For example, non-patent literature in the file histories, translations or abstracts, or prior art cited in the Related Patents and Related Applications are not privileged and should be searched for and produced.  Please confirm if Repairify is going to search for and produce documents responsive to this Request.

### E. Request Nos. 23, 24

These requests seek documents relating to using, assignments, testing, making, title ownership, advertisements, publications, etc. of the Asserted Patents or products embodying the alleged inventions of the Asserted Patent.  Repairify has improperly narrowed these requests to documents relating to the Named Inventors and/or AES Technologies that relate to public disclosures, uses, and sales of the product prior to December 23, 2009.  We believe that it is improper to limit these Requests to the Named Inventor and/or AES Technologies as any of these activities related to other parties would be relevant.  We also believe that it is improper to limit certain aspects of these Requests, such as assignment or ownership, by any date.  In any event, the date selected by Repairify is improper as the patents were not filed until December 23, 2010.  Documents relating to events occurring within one year of the filing date, especially by third parties, are relevant and should be produced.  Please confirm if Repairify is going to amend its response, search for, and produce, documents responsive to this Request.

### F. Request No. 26

This Request seeks documents relating to notice by Repairify to Elitek or third parties of the Asserted Patents, Related Patents, or Related Applications.  Repairify improperly limited this request to notice to Elitek.  Such documents relating to third parties are relevant and responsive.  Please confirm if Repairify is going to search for and produce documents responsive to this Request related to third parties as well.

### G. Request No. 41

This Request seeks documents testimony by potential witnesses.  Repairify improperly limited its response to "supporting Repairify's and/or its witnesses' contentions, that Repairify is entitled to a reasonable royalty as damages for Elitek's infringement."  Repairify provided no justification why it has limited its response to only testimony "supporting" Repairify's contentions and only to the topic of reasonably royalty.  If Repairify has testimony from witnesses that are relevant *to any issue in this case*, Repairify should produce it regardless of whether the testimony supports Repairify's contentions.  Please confirm if Repairify is going to search for and produce documents responsive to this Request.

September 23, 2022
Page No. 6



### H. Request No. 42

This Request seeks documents related to any proceeding or litigation related to the Asserted Patents, Related Patents, and Related Applications, such as Repairify's litigation with AirPro Diagnostics. Repairify objected to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking privileged documents; its improper boilerplate objection. *See Hopkins,* 2016 WL 8673861, at *3 (W.D. Tex. Aug. 16, 2016). Furthermore, it is unclear how documents exchanged with a third party or that are public are privileged or subject to work product. Please confirm if Repairify is going to search for and produce documents responsive to this Request.

### I. Request No. 47

This Request seeks documents regarding Repairify's policies or practices with respect to retention of, or destruction of, documents over different times. After boilerplate objections, Repairify responded that it will produce documents over a proportionate time period. It is not clear if Repairify is limiting its response based on its objections. Given the filing date of the Asserted Patents, such a limitation appears improper. Please confirm if Repairify will search for and produce documents responsive to this Request.

### J. Request Nos. 21-22, 27-29, 31-33, 36, 38-41, 44

In response to these Requests, Repairify responds that it will produce documents "at the appropriate time as required by the Federal Rules of Civil Procedure, Local Rules, and the Court's Orders." It is unclear when Repairify intends to produce such documents. We are unaware of any reason for Repairify to delay production of such documents. As noted above, it is improper for Repairify to withhold documents merely because an expert may later rely upon those documents. *See e.g., Lexington Luminance*, 2020 WL 10052403, at *10. Please confirm if Repairify is going to search for and produce documents responsive to these Requests at this time.

Respectfully submitted,

*/s/ Joseph Saltiel*

Joseph Saltiel
Irwin IP LLC
Counsel *for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

cc:   Counsel of Record (*via email*)