# Exhibit D



Joseph Saltiel
*To Contact Writer Directly:*
312-667-6283
jsaltiel@irwinip.com

www.irwinip.com

October 7, 2022

VIA EMAIL:  AWellman@prangerlaw.com

Arthur Wellman
Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105

> Re:    *Repairify, Inc. v. Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services et al.* – Case No. 6:21-cv-00819-ADA (W.D. Tex.)

Dear Arthur:

We write to follow up on my previous communications regarding deficiencies with Repairify, Inc.'s ("Repairify") discovery responses.  We have also reviewed Nick's email of October 6 ("October 6 email").  Most of the deficiencies we have raised have not been remedied.  If they are not addressed by Friday, October 14, we will seek relief from the Court.  If Repairify does not intend to remedy these deficiencies by that time, please let us know when you are available next week (prior to October 14) to meet and confer.

I.    DOCUMENT PRODUCTION

It has been over three months since Elitek served its first set of requests for production.  In response, Repairify has only produced nine documents, five of which are publicly available: Repairify's asset purchase agreement and amendment, a patent assignment, two file histories, a retention schedule, and Repairify's consolidated financial statements for the last three years.  Repairify has yet to produce the bulk of responsive documents it should have.  Below is a non-exhaustive list of responsive documents Repairify should have already produced:

- Document Request Nos. 5, 11, 12, 43, 49 seek documents related to conception and reduction to practice related to the Asserted Patents as well as documents related to the design, development, testing, structure, and operation of Repairify's products and software that it claims embody the Asserted Patents, including the asTech 1 device, Communications Interface Device, asTech 2 hardware Rev. 2 device, asTech Hardware Rev. 3 device, and software related to those devices.  Repairify has not produced any of these documents.

- Document Request Nos. 19, 31-34 seek documents relating to sales, revenues, costs, profits, marketing, advertising, etc. of products and services related to Repairify's



products that it claims embody the Asserted Patents.  Repairify has not produced any of these documents.

- Document Request Nos. 10, 13, 16, 23, 30 seek any assignments, licenses, rights, and agreements related to the Asserted Patents, including products that embody the Asserted Patents.  Other than the asset purchase agreement and single patent assignment, Repairify has not produced any other documents, including any licenses with third parties related to the Asserted Patents.  Additionally, the asset purchase agreement (RPFY001173-RPFY001331) appears to be incomplete.  For example, the agreement references but does not include Annex 1, the Seller Disclosure Schedule.

- Document Request No. 42 seeks documents related to Repairify's litigation with AirPro.  The AirPro litigation involved the inventors of the Asserted Patents, the Asserted Patents, and Repairify's products that embody the Asserted Patents.  Repairify has not produced any of these documents.

- Document Request Nos. 4, 20, 23-24 seek documents related to patentability, validity, novelty, scope, enforceability, etc. of the Asserted Patents, including specifically the file histories and any other documents related to any foreign counterpart to the Asserted Patents.  To date, Repairify has only produced the publicly available versions file histories of the Asserted Patent, the '183 application, and the European counterpart.

- Document Request No. 26 seeks documents relating to notice by Repairify to Elitek or third parties of the Asserted Patents, Related Patents, or Related Applications.  To date, Repairify has not produced any documents responsive to this request, and, in particular, documents related to notice to any third parties.

- Document Request No. 41 seeks documents relating to testimony by potential witnesses.  To date, Repairify has not produced any documents responsive to this request.

In addition, Repairify's responses to Document Request Nos. 21-22, 27-29, 31-33, 36, 38-41, 44 are ambiguous because they do not indicate whether Repairify is withholding responsive documents based on an objection.  On several occasions, we have asked Repairify to clarify whether it is withholding any responsive documents based on an objection, and if so, the specific basis for that objection and any conditions to those objections.  Repairify has not done so.  The October 6 email indicates that Repairify is going to amend its responses to clarify its objections and intent, but Repairify has provided no date as to when it will do so.  Furthermore, as discussed below, we believe it is improper to withhold responsive documents merely because they may be used by an expert.

October 7, 2022
Page No. 3



## II.     INTERROGATORIES

We have reviewed the October 6 email, but that email does not address many of the issues we previously raised.  Furthermore, the email provides no timeframe for when any supplementation will be provided.

### A.   Interrogatory No. 2

This Interrogatory seeks information relating to opinions, contentions, allegations, and prior art related to the Asserted Patents, Related Patents, and Related Applications.  Repairify's response identifies Elitek's contentions in this matter and Jifeline B.V.'s contentions made during the prosecution of EP Appl. No. 11851098.0.

As noted in our September 23rd letter, September 28th meet and confer, and our September 29th follow up correspondence, we identified other sources that may contain responsive information such as documents related to the prosecution of foreign counterparts and the AirPro litigation.  The October 6 emails states that you are reviewing the prosecution files for non-public information.  First, it is inappropriate to withhold responsive information merely because you believe it is publicly available.  *See Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009).  If Repairify has knowledge of responsive information, it is required to provide it.  Second, the Interrogatory is not limited to review of file histories.  As indicated, there are other likely sources of responsive information such as the AirPro litigation (see above).  The October 6 email did not indicate whether Repairify was reviewing materials from the AirPro litigation or other relevant sources.

### B.   Interrogatory Nos. 3-8, 15

These Interrogatories generally seek Repairify's factual and legal bases regarding the claims and defenses at issue in this case.  We asked if Repairify was withholding factual information that it is aware of such as license agreements, financial data, prior art, etc. responsive to these Interrogatories.

Repairify's position that it can withhold factual information it is aware of now until it provides expert reports is unsupported.  We are unaware of any authority that stands for such a position.  Repairify relies on *StratosAudio, Inc. v. Volvo Cars USA, LLC. StratosAudio, Inc. v. Volvo Cars USA, LLC*, 2022 WL 1261651, at *3 (W.D. Tex. Apr. 28, 2022).  As we stated in our meet and confer, *StratosAudio* did not decide this issue.  In *Stratos,* the issue was whether the two interrogatories discussed were improper compound interrogatories. *Stratos* held that they were not improper compound interrogatories.  While *Stratos* remarked that for interrogatories typically answered through expert reports, the Court's usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due, *Stratos* does not state that a party may withhold responsive factual information it is aware of until it provides its expert report.

October 7, 2022
Page No. 4



In fact, we have previously cited multiple cases that refute that position.  *See, e.g., Praetorian Ins. Co. v. Axia Contracting*, 2022 WL 2274705, at *5 (D. Colo. June 23, 2022); *Lexington Luminance LLC v. Feit Electric Co., Inc.*, 2020 WL 10052403, at *10 (C.D. Cal. July 8, 2020) ("To the extent these interrogatories seek factual information, even though an expert may later rely upon those facts in formulating an expert opinion, the discovery of facts central to Feit's infringement defense(s) is not premature expert discovery."); *Kaneka Corp. v. Zheijang Med. Co., Ltd.*, 2016 WL 11266869, at *7 (C.D. Cal. Oct. 18, 2016) (explaining that courts have "flatly rejected the proposition that a plaintiff in a patent case may respond to an interrogatory seeking disclosure of the plaintiff's damage theories simply by stating 'wait until we serve our expert report.'")  Your October 6 email does not address these cases.

Elitek is not arguing that Repairify cannot provide certain responsive information through its expert report.  Instead, to the extent that Repairify is aware of factual information (or has such factual information within its possession, custody, or control), it is required to provide that factual information now.  *See, e.g., Hunt Constr. Group, Inc. v. Cobb Mech. Contractors, Inc.*, 2018 WL 5311380, at *2-3 (W.D. Tex. Oct. 25, 2018) (granting a motion to compel factual information to a contention interrogatory while allowing other responsive information to be provided during expert discovery).

And for interrogatories related to Repairify's allegations, Repairify should not only be able provide responsive factual information, but also at least the basis Repairify has for making such an allegation.  If Repairify has no basis for making such a claim, it should withdraw such claims.

### C.   Interrogatory No. 6

This Interrogatory seeks information on Repairify's claim of damages.  Repairify did not provide a substantive response but merely tracks Section 284.  The October 6 email indicates that Repairify will amend its response to "provide information on this issue."  It is not clear, however, what information Repairify will provide or when.  And like above, to the extent Repairify is aware of factual information that relates to its claim of damages, Repairify should identify that factual information as part of its response.  Such information should be provided at this time in order to allow Elitek to conduct factual discovery that may be relevant depending on what theory of damages Repairify intends to pursue and what factual information it may rely on to support its theory.

### D.   Interrogatory No. 7

This Interrogatory seeks information on Repairify's allegation of infringement.  The October 6 email indicates that Repairify will supplement its response to provide its theory of contributory and induced infringement, but it does not state when it will provide that information.  Furthermore, the October 6 email indicates that Repairify will not provide its theory under the doctrine of equivalents.  Because Repairify has alleged the Accused Products infringe under the doctrine of equivalents, it should have a basis for making that

October 7, 2022
Page No. 5



allegation.  Thus, Repairify should identify that basis.  To the extent Repairify has no basis to allege infringement under the doctrine of equivalents, it should withdraw those allegations.

### E.   Interrogatory No. 8

This Interrogatory seeks information on Repairify's request for an injunction.  The October 6 email states that Repairify will update its response, but it does not state when it will.

### F.   Interrogatory No. 14

This Interrogatory seeks the identification of the individuals involved in the prosecution of the Asserted Patents, Related Patents, or Related Applications.  The October 6 email states that Repairify will review the prosecution histories to determine if further responsive information is available.  Repairify should not limit its search to those particular documents. Repairify should also identify the individuals involved in the prosecution of the Asserted Patents and related applications.

Respectfully submitted,

*/s/ Joseph Saltiel*

Joseph Saltiel
Irwin IP LLC
Counsel *for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

cc:     Counsel of Record (*via email*)