# Exhibit H



Joseph Saltiel
*To Contact Writer Directly:*
312-667-6283
jsaltiel@irwinip.com

www.irwinip.com

December 9, 2022

VIA EMAIL:  AWellman@prangerlaw.com

Arthur Wellman
Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105

> Re:   *Repairify, Inc. v. Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services et al.* – Case No. 6:21-cv-00819-ADA (W.D. Tex.)

Dear Arthur:

We write to follow up on our previous communications regarding deficiencies with Repairify, Inc.'s ("Repairify") discovery responses.  We have reviewed Repairify's recent productions of December 1st and 8th as well as Nick's email of December 1 ("December 1 email") and believe that there are deficiencies that have not yet been remedied. Furthermore, we believe that there are several technical issues with Repairify's recent productions that should be corrected.

I.     PRODUCTION MODIFICATIONS & ERRORS

Repairify's production on December 1 had several technical mistakes, including overlapping bates numbers, modifications of their content, and possibly other modifications.  We identify examples of each of these errors below.

     A.     Overlapping Bates Numbers

Repairify has produced different documents bearing the same bates numbers.  *See, e.g.,* RPFY007445-007450, RPFY007445-007567, RPFY008499, and RPFY008993.   This is improper and will cause confusion.  Repairify should provide us a new production without duplicate bates numbers, and also provide a list of all duplicate bates numbers, which documents were re-labelled, and the new labels of those documents.

     B.     Modified Documents

We believe that Repairify has improperly modified the content of several documents that it has produced.  Most notably, there are many older documents that have a more recent date. We believe that it is unlikely that these documents originally had such a date, and that instead, these documents have been since modified as part of the collection and production

December 9, 2022
Page No. 2



process.  For example, RPFY009532-9538 has the date of November 30, 2022, but it is a patent report from approximately 2016.  It is highly unlikely that this document originally was dated November 30, 2022.  We have found other examples of this type of modification. *See, e.g.,* RPFY007481-007482, 7577-7578, 7579-7580, 7871-7872, 8431-8438, 8439-8447, 8448-8456, 8457-8465, 8466-8474, 8857-8864, 8865-8872, 8873-8880, 8881-8888, and 9513-9522.  Repairify should immediately produce the original versions of these documents as well as any other documents that have been similarly modified prior to production.

C.    Other Possibly Modified Documents

Repairify has also produced several documents where the metadata indicates that the document were modified recently.  As above, we believe that it is unlikely that these documents were modified recently, but instead were not properly harvested for collection and production.  *See, e.g.,* RPFY006311-6320, 6321-6330, 6336-6337, 6359-6360, 7457, 7458-7461, 7481-7482, 7493-7507, 7554, and 7562.  Again, we believe that it is improper for Repairify to modify documents prior to production.  Repairify should immediately produce the original versions of any such modified documents.

II.    REQUEST FOR DOCUMENTS

It has been over five months since Elitek served its first set of requests for production.  As of the Repairify's most recent productions, Repairify's document product is still deficient. While our review of Repairify's document production is still on-going, below is a non-exhaustive list of issues with Repairify document production:

A.    Document Request Nos. 4, 20, 23-24

These requests seek prosecution related documents.  During our November 17 meet and confer, we asked whether Repairify has any prosecution related files (as opposed to files from its attorneys).  You stated that you had not yet inquired whether Repairify would have any documents related to the prosecution of the asserted patents and related applications, but you would ask Repairify about such documents.

Nick's December 1 email indicated that "we have searched for but have not found any internal Repairify patent prosecution files."  Based on our meet and confer of December 9, we understand that Nick meant to convey that Repairify did not have any non-public non-privileged documents related to patent prosecution files. Please confirm.  Also, as discussed below, Repairify should produce any non-privileged prosecution related files it has even if they are publicly available.

B.    Document Request Nos. 5, 11, 12, 15, 43, 49

These requests seek technical information.  Repairify stated that they would produce additional technical documents on December 1.  Repairify produced six documents, which included two diagrams and four manuals, in addition to its six other previously produced

December 9, 2022
Page No. 3



technical documents.  While these documents are responsive, there appears to be other responsive documents that have not been produced such as documents relating to testing, design, development, and reduction to practice (RFP 5), inventor contributions (RFP 11), research and design records (RFP 12), modifications (RFP 15), inventor writings (RFP 43), and documents related to their claim of innovation (RFP 49).

For example, during the AirPro litigation, testing, development, and related issues for the asTech and asTech2 product were discussed, but Repairify has not produced any documents related to these issues.  In fact, it appears, at least at one time, Repairify kept such technical documents in single location.  ("Olsen and Wilfredo Rodriguez had access to Repairify's Corporate R:drive, with most of Repairify's electronically stored information, including customer contact information, and research and development of software." (emphasis added).)  *See* Kelly Affidavit, AirPro Litigation Dkt. 48-3 at ¶10.  Repairify, at a bare minimum, should search this document repository.

In addition, Charles Olsen explained in his recent deposition that Repairify spent years trying to design and develop a working prototype of the asTech device.  This included working with outside engineering firms and continued at least until his departure, if not much later.  Yet, Repairify has produced very little regarding this development work.

To the extent Repairify believes that these documents should be produced on a stand-alone computer, Repairify should do so immediately.  We have already agreed to abide by Judge Albright's model order regarding production of source code on a stand-alone.  Hence, there should be no issue in producing this information.

C.     Document Request Nos. 10, 13, 16, 23, 30

These requests seek assignments, licenses, and agreements.  Repairify indicated that it was going to produce a license from its subsidiary, but it needs to provide third party notice.  We understand that Repairify will produce the license by Wednesday, December 14.  If incorrect, please let us know.

D.     Document Request Nos. 19, 31-34

These requests seek marketing, advertising and sales related documents.  It was our understanding that these documents were going to be produced by October 28.  Repairify then stated it would provide an update about the production of these documents by October 28, which it did not do.  In a November 11 email, Repairify stated that it was still working on collecting and reviewing these documents.  In our November 17 meet and confer, Repairify stated that it would produce these documents by December 8.  But then on December 8, Repairify indicated that it would not make this production until later.  During our meet and confer on December 9, you indicated that Repairify would make this production by Wednesday, December 14.  If incorrect, please let us know.

December 9, 2022
Page No. 4



      E.      Document Request No. 42

This request seeks documents relating to any proceedings or litigation related to the Asserted Patents.  This request includes documents from the AirPro litigation and AEST bankruptcy.  Repairify indicated that it was unable to locate any non-privilege, non-public documents related to the AirPro litigation, but it has not produced any documents whatsoever related to that litigation.  Likewise, other than some documents attached to Repairify's response to Elitek's motion to dismiss, Repairify has not produced any documents from the AEST bankruptcy and related proceedings.  Repairify cannot forgo producing documents just because they may be publicly available.  If Repairify has responsive, non-privileged documents in their possession, custody, or control, Repairify should produce them.  *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009) ("The court agrees with Lincoln that the fact that a document is cited by a party's expert and is publicly available does not excuse that party from timely production of the document, if it is the subject of an appropriate discovery request. In short, the fact that such documents are publicly available is not a substantial justification for untimely production, nor does it make the failure to timely produce them harmless.")

      F.      Document Request No. 48

The request seeks documents related to Repairify's corporate structure.  Repairify has produced nothing with respect to this request.

Respectfully submitted,

/s/ Joseph Saltiel

Joseph Saltiel
Irwin IP LLC
Counsel *for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

cc:      Counsel of Record (*via email*)