# Exhibit K

| From: | Joseph Saltiel |
|---|---|
| Sent: | Monday, January 9, 2023 5:56 PM |
| To: | TXWDm1_LawClerks_WA JudgeAlbright&Gilliland@txwd.uscourts.gov |
| Cc: | Arthur Wellman; Eugene Hahm; efindlay@findlaycraft.com; bcraft@findlaycraft.com; Nick Woloszczuk; BShelton@winston.com; Barry Irwin; Alex Bennett |
| Subject: | Repairify, Inc. v. Keystone Automotive Industries, Inc. et al, No. 6:21-cv-00819 - Notice to the Court of Discovery Dispute |

Re:  *Repairify, Inc. v. Keystone Automotive Industries, et al.,* Case No. 6:21-cv-00819-ADA

May it please the Court,

Pursuant to Judge Albright's Standing Order Governing Proceedings (OGP) 4.2 – Patent Cases, below is a chart with a summary of discovery issues for which Defendant Keystone Automotive Industries ("Elitek") is seeking relief from the Court.  The chart also contains Plaintiff Repairify's responses to those issues.  Opposing counsel is copied on this email.

| Issue | Elitek's Position | Repairify's Position |
|---|---|---|
| Documents related to conception, research, testing, design, development, reduction to practice (actual or constructive), or diligence of any alleged inventions disclosed in the Asserted Patents (RFP No. 5) | Initially, Repairify stated it would produce documents responsive to this Request. Repairify then amended its response to state that it searched for documents related to conception and reduction to practice but was unaware of any responsive documents. On September 28, the parties met and conferred where Elitek explained that this request was broader than conception and reduction to practice documents and that it included documents relating to testing, design, and development. Repairify confirmed in writing that it was performing additional searching "responsive to the scope [Elitek] explained." On October 7, Elitek asked about the status of documents responsive to this request and confirmed its scope. On October 12, Repairify said a responsive production was forthcoming. On October 19, during a meet and confer, Repairify stated production of responsive documents would begin by October 28, but Repairify did not produce any documents by then. After several more promises to begin producing these documents, Repairify produced six design documents on November 14. The parties met and | Elitek served numerous overbroad RFPs, to which Repairify objected and disclosed the narrowed scope it was agreeing to search for. Elitek did not object to Repairify's narrowing, yet now seeks to relitigate these issues by complaining that Repairify has not produced documents responsive to the full scope of Elitek's RFPs *as propounded*. This is not how the discovery process is supposed to work. Elitek has waived its objections and this Court should deny any relief.

Repairify put Elitek on notice of the scope for which it was willing to search for documents over three months ago. Repairify's September 20, 2022 response stated that it would only search for "non-public documents concerning the **conception** and **reduction to practice** of the inventions disclosed in the Asserted Patent."

Elitek never demanded that Repairify amend its response to include the broad scope that it now seeks. Rather, in a September 23 letter, Elitek sought meet and |

conferred on November 17 where Repairify indicated that additional technical documents would be produced by December 1. On December 1, Repairify produced six additional design documents. On December 7, Elitek deposed an inventor of the Asserted Patents who testified that the inventors spent years after the filing of the first Asserted Patent working on developing a product that included significant testing and effort to figure out how to get the product to work. In addition, Repairify has produced marketing materials stating that it has done extensive testing on the capabilities of its products.

On December 9, Elitek inquired about the remaining responsive technical documents. Repairify responded that it limited its search to conception and reduction to practice documents from prior to the filing of the Asserted Patents and did not agree to search for design, development, and testing documents or documents created after the filing date of the Asserted Patents. Despite agreeing to search for and produce these documents previously and stating on multiple occasions that such documents would be forthcoming, Repairify changed its position after producing a limited number of design documents. After months of stating it was searching for and willing to produce documents responsive to this Request, Repairify should not be allowed to change its position. These documents are relevant to Elitek's defense of lack of enablement as it would confirm that it took Repairify years to develop a working product, and that it still has not developed a product that fully practices the claims of the Asserted Patents. These documents are also relevant to infringement as Repairify appears to be construing the Asserted Patents broadly when alleging its products (or Elitek's products) practice the inventions claimed, but narrowly when comparing the claims of the Asserted Patents to the prior art.

confer over whether Repairify had "conduct[ed] a reasonable investigation before responding." During meet and confer, Elitek focused on a prior litigation between Repairify and a company formed by some of the named inventors of the Asserted Patents (the "Airpro case"). Elitek identified filings from the Airpro case as purported proof that Repairify *should* have responsive documents for RFP Nos. 5, 11, 42, 43. In view of Elitek's argument, Repairify agreed to perform additional searches. But Repairify never agreed to amend its response to RFP 5 to include more than conception and reduction to practice documents. Repairify's statement that it was performing additional searching "responsive to the scope [Elitek] explained," was not an agreement to broader scope, but rather advisement that Repairify would focus on the documents Elitek raised from the Airpro case to see whether they might lead to Repairify finding additional responsive documents. In contrast, Repairify *did* agree in the same communication to amend its responses to certain other RFPs—putting Elitek on notice that for RFP 5, Repairify was *not* agreeing to a broader scope.

Further, Elitek propounded RFP 14 that was *specifically directed* at the same subject matter concerning embodiments of the Asserted Patents that Elitek now strains to make the subject of RFP 5. RFP 14 sought "[a]ll documents and things that concern or show the design, development, manufacture, structure, function, or operation of, or that **constitute embodiments** of, any alleged invention disclosed or claimed in the Asserted Patents …." On September 20, Repairify objected to this broad scope and only agreed to search for and produce documents "sufficient to demonstrate the **structure and operation** of any of Repairify's products and/or services that Repairify

2

| | | | |
|---|---|---|---|
| | Relief: Order that Repairify, within five days, produce documents related to the design, development, and testing of its products, such as the asTech 1 and asTech 2, including, but not limited to, the effort to develop its products, the limitations of and issues with its products, and any differences between its products and scanning a vehicle with a scan tool directly connected to the vehicle. | | contends practice one or more claims of the Asserted Patents ….” Elitek has long been on notice of what documents Repairify would produce for embodying products.<br><br>Subsequently, Repairify produced documents sufficient to show the structure and operation of its latest commercial embodiment (the "asTech 2") on November 14. And Repairify made a production of the same scope on December 1 for an earlier embodiment (the "asTech 1"). Neither of those productions included *any* documents concerning the design, development, testing, limitations of, or issues with, the asTech 1 or asTech 2. Yet Elitek did not argue that Repairify's production of technical documents for these products was insufficient until nearly a month later (as to the asTech 2). As Elitek acknowledges, it only became concerned with design and development documents *after* December 7 deposition testimony of a named inventor concerning the post-filing development work of the first commercial embodiment of the Asserted Patents. Prior to its December 9 letter, Elitek never raised enablement in connection with its RFPs or Repairify's responses.<br><br>Elitek has waived its objections. But even if this Court disagrees, the scope of relief should only include documents evidencing the design and development work that led to Repairify's first commercially sold product/service that practice the invention(s) of the Asserted Patents. Anything beyond that scope is irrelevant to Elitek's purported needs." |
| Documents related to Repairify's allegation that it developed a remote diagnostic system for a wide variety of vehicles and manufacturers and expended | This Request seeks documents to corroborate factual allegations that Repairify made in its Complaint. Repairify stated that it would produce responsive documents. As explained in detail above, Elitek inquired several times about the status of these documents, and Repairify continually promised to produce responsive | | Elitek misrepresents RFP 49, which is incredibly overbroad, seeking "[a]ll documents and things related to Your allegations in paragraphs 33-38 of the Complaint …." Repairify put Elitek on notice of the scope for which it was willing to search for and produce documents over three months ago. Repairify's September 20, 2022 |

3

| | | |
|---|---|---|
| substantial resources researching and developing its patented technology, technical strategies, and business plans through the expenditure of considerable employee work hours and company resources (RFP No. 49) | documents. After Repairify failed to produce these documents on December 1 as promised, Elitek inquired about these documents. For the first time, Repairify stated it limited its search to this Request to conception and reduction practice from before the filing date of the Asserted Patents. This is inconsistent with its formal response to this Request, which does not include such a limitation. This also makes no sense because this Request does not refer to conception and reduction to practice in the RFP. These documents are relevant as they relate directly to allegations made by Repairify in its Complaint. Also, Repairify stated it would produce them. They are also relevant, as discussed above, as they relate to Elitek's defense of lack of enablement and Repairify's claims of infringement.<br><br>Relief: Order that Repairify, within five days, produce documents related to Repairify's development and capabilities of its remote diagnostic system, including but not limited to its products coverage and the "substantial resources" it expended researching and developing its products including "the expenditure of considerable employee work hours and company resources." | response stated that it would only produce documents for a very narrow subset of documents, those specifically "referenced in paragraphs 33-38 of the Complaint."<br><br>Elitek has never requested that Repairify amend its response to include the broader scope it now seeks. And Repairify did not promise to make any production on December 1 responsive to RFP 49 or of documents "referenced in paragraphs 33-38 of the Complaint." Indeed, Elitek never substantively raised RFP 49 at all until a December 21 letter. And Elitek made no mention of RFP 49 during the parties December 29 meet and confer. Incredibly, Elitek now seeks an order compelling a production that is completely untethered from the actual language of RFP 49, which Elitek has only inaccurately paraphrased. It appears as though Elitek is raising RFP 49 in an end run attempt to obtain documents that it was already on notice that Repairify would not produce in response to RFP 14.<br><br>Elitek has waived its objections to Repairify's response to RFP 49 and this Court should deny any relief. |
| Documents related to marketing, advertising, press releases, brochures, websites or other electronic materials, alleged advantages or features, product comparisons, studies, and related documents for its products (RFP No. 19) | Each time Elitek requested technical documents, as detailed above, Elitek also inquired about marketing materials responsive to this Request. Like the technical documents, after several failed promises to begin producing documents over the course of months, Repairify produced some marketing materials on December 14. Repairify's production did not include documents showing the capabilities and limitations of its products, including differences with scanning a vehicle using a scan tool directly connect to it. While Repairify has produced some product comparisons, it did not produce the underlying testing of its products used in those comparisons. Nor has Repairify produced any documents noting its products limitations even though those documents exist as they were at issue in a | Just as with RFPs 5 and 49, Repairify put Elitek on notice of the scope for which it was willing to search for and produce documents over three months ago. Repairify's September 20, 2022 response stated that it would only produce documents "that are representative of Repairify's marketing and advertising of the products and services that Repairify contends practice one or more claims of the Asserted Patents …."<br><br>Elitek has never requested that Repairify amend its response to include the broader scope it now seeks and cannot justifiably complain that Repairify's December 14 production did not include documents beyond that scope. Elitek has waived its |

4

| | | |
|---|---|---|
| | previous litigation involving Repairify (and some can be found on Repairify's website).<br><br>Relief: Order that Repairify, within five days, produce documents identifying its products capabilities, limitations, and differences with scanning a vehicle with a scan tool directly connected to a vehicle, including but not limited to any coverage reports, disclaimers on product limitations, and underlying test data used in product comparisons and/or coverage charts. | objections to Repairify's response to RFP 19 and this Court should deny any relief. |

Best regards,

Joe Saltiel

**Irwin IP LLC**
Intellectual Property Litigation
150 N. Wacker Drive | Suite 700 | Chicago, IL 60606
Direct 312.667.6283 | Mobile 630.841.0512
jsaltiel@irwinip.com | www.irwinip.com

Confidentiality Notice: This e-mail transmission and any attachments may contain confidential or legally privileged information. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents of this e-mail is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify the sender by reply e-mail and delete the message from your system. Thank you.

5