# Exhibit O

| | |
|---|---|
| **From:** | Joseph Saltiel |
| **Sent:** | Friday, March 24, 2023 9:04 AM |
| **To:** | TXWDml LawClerks WA JudgeAlbright@txwd.uscourts.gov; Elizabeth Knuppel |
| **Cc:** | Barry Irwin; Alex Bennett; BShelton@winston.com; Arthur Wellman; Nick Woloszczuk; Eugene Hahm; Eric Findlay; bcraft@findlaycraft.com |
| **Subject:** | Repairify, Inc. v. Keystone Automotive Industries, Inc. et al, Case No. 6:21-cv-00819-ADA - Notice to the Court of a Discovery Dispute |

Re: *Repairify, Inc. v. Keystone Automotive Industries, et al.*, Case No. 6:21-cv-00819-ADA

May it please the Court,

Pursuant to Judge Albright's Standing Order Governing Proceedings (OGP) 4.2 – Patent Cases, below is a chart with a summary of a discovery issue for which Defendant Keystone Automotive Industries ("Elitek") is seeking relief from the Court. The chart also contains Plaintiff Repairify Inc.'s response to the issue. Opposing counsel is copied on this email.

| Issue | Elitek's Position | Repairify's Position |
|---|---|---|
| Documents related to the development of the Second Generation asTech Device (RFP No. 5). | Elitek seeks documents relating to the development of the Second Generation asTech Device ("asTech2") that Repairify alleges embodies the Asserted Patents. These documents are relevant to Elitek's lack of enablement defense because these documents confirm that Repairify was unable to develop a product that practiced the full scope of the claims of the Asserted Patents without undue experimentation.<br><br>This Court compelled Repairify to produce development documents for the First Generation asTech Device ("asTech1"). In its review of these documents, Elitek confirmed that the asTech1 was developed on a vehicle-by-vehicle basis. That is, the developers tried the asTech1 with a particular vehicle, and then would continue to develop the asTech1 with that vehicle until certain functions were achieved. Then, the developers identified a different vehicle and repeated the process for each different vehicle the developers wanted to use the asTech with. Eventually, however, the developers stopped development because they ran out of money and filed for bankruptcy. The asTech1 was not complete | To prove invalidity a patent challenger must show by clear and convincing evidence that a person of ordinary skill in the art would not be able to practice the claimed invention without "undue experimentation."<br><br>Repairify has already produced the available technical documents concerning the patentee's design and development of its first product ("asTech1") that practiced one or more claims. Further, Repairify produced documents sufficient to show the structure and operation for both the asTech1 and asTech2. It is unclear what more Elitek needs.<br><br>Elitek's argument mis-states the development of the asTech1 and misapplies the law. *What* must be enabled is limited to *only what the patentee claimed*. *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 959 F.3d 1091, 1100 (Fed. Cir. 2020). Further, the specification does not have to enable a commercially successful or perfect embodiment. *CFMT, Inc. v. Yieldup Intern. Corp.*, 349 F.3d 1333, 1338–40 (Fed. Cir. 2003). |

1

| | |
|---|---|
| and did not practice the full scope of the claims of the Asserted Patents.<br><br>Repairify purchased the assets of the developers out of bankruptcy and began developing the asTech2. Repairify "completely recreated" the product, alleging that the asTech1 had "major deficiencies" and that the asTech2 was "not an enhanced version of the First Gen asTech Device, but rather a completely new product, built from the ground up." Repairify spent at least "12 months and invested millions of dollars in research and development to address the deficiencies and create a better product."<br><br>Because the asTech2 was a "new product, built from the ground up," addressed the deficiencies in the asTech1, and cost millions to develop, Repairify's effort to develop the asTech2 is relevant to Elitek's defense of lack of enablement. Elitek believes that such documents, especially when viewed in light of the issues that arose during the development of the asTech1, support Elitek's defense that the full scope of the claims of the Asserted Patents could not be practiced without undue experimentation.<br><br>Repairify argues that development documents for the asTech2 are not relevant because enablement of one embodiment, *i.e.,* the asTech1, is determinative of the enablement inquiry. Repairify is wrong. Each embodiment of an invention has to be enabled. *See Automotive Techs. v. BMW North Am., Inc.* 501 F.3d 1274, 1285 (Fed. Cir. 2007) (rejecting argument that a single embodiment enables an invention when there are multiple embodiments). Therefore, development documents related to the effort to develop the asTech2 to allow a scan tool to remotely scan and program as if it were located proximate to each different vehicle is relevant to Elitek's enablement defense. | Repairify believes that the patentees had a prototype that practiced the scope of the claims by Spring 2011 at the latest, followed by the asTech1 and asTech2 devices.<br><br>Elitek's misguided focus on commercial success is at the root of its request. Elitek selectively quotes from an unrelated Complaint to highlight that Repairify has acknowledged that the asTech1 had certain limitations. But the specification does not need to enable "a perfected, commercially viable embodiment absent a claim limitation to that effect." *CFMT, Inc.*, 349 F.3d at 1338. Elitek's citation to *Automotive Techs. v. BMW North Am., Inc.* 501 F.3d 1274, 1285 (Fed. Cir. 2007) is inapposite—the uncontroversial holding was that the specification must enable all *claimed modes of practicing the invention*—it did concern a patentee's successive commercial embodiments.<br><br>Elitek does not need discovery into design and development work that began more than *four years* after the patent application's filing. Elitek's insinuation that the two asTech devices are wholly different such that Elitek needs discovery into the second design and development process does not withstand scrutiny. Elitek fails to show that the asTech2 is fundamentally different from the asTech1 with regard to the claims. And Elitek *knows this* from seeing technical documents for both. Elitek has contended that it is entitled to any design and development documents of *any* product that practices the claims of the Asserted Patents, no matter how far removed from the patent application. Under Elitek's flawed reasoning, if Repairify were to begin designing a new device today Elitek would be entitled to those documents too. |

| | |
|---|---|
| Repairify also objects to this request as overly burdensome. In response, Elitek limited its request to documents from the inception of the asTech2 until it was first commercially available, a roughly 1-year time period. Repairify has not quantified how burdensome this narrowed request is, as it is required to do.<br><br>Relief: Order that Repairify, within five business days, produce documents related to the design and development of the Second Generation asTech Device, corresponding to its production for the First Generation asTech Device, from at least the inception of the Second Generation asTech Device until when the Second Generation asTech Device started being used commercially. | Further, the burden on Repairify is not limited to a discrete set of documents. Rather, Elitek has propounded discovery seeking nearly limitless inquiry into *any* product improvements. For example, Elitek propounded an Interrogatory seeking the "source of each factual assertion" for more than *four pages* of allegations in the unrelated Repairify case. Further, Elitek propounded approximately twenty RFPs and RFPs focused entirely on that case.<br><br>Elitek does not need onerous discovery into every single tweak of Repairify's products. The Court should deny Elitek's request. |

Best regards,

Joe Saltiel

**Irwin IP LLP**
Intellectual Property Litigation
150 N. Wacker Drive | Suite 700 | Chicago, IL 60606
Direct 312.667.6283 | Mobile 630.841.0512
jsaltiel@irwinip.com | www.irwinip.com

Confidentiality Notice: This e-mail transmission and any attachments may contain confidential or legally privileged information. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents of this e-mail is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify the sender by reply e-mail and delete the message from your system. Thank you.

3