# Exhibit Q

| | |
|---|---|
| From: | Eugene Hahm <ehahm@prangerlaw.com> |
| Sent: | Friday, June 2, 2023 5:23 PM |
| To: | Nick Woloszczuk; Joseph Saltiel; Arthur Wellman |
| Cc: | Barry Irwin; Alex Bennett |
| Subject: | RE: Repairify v. Keystone Automotive - Repairify's response to Elitek's Third Set of RFPs |

//EXTERNAL//
Dear Joe,

We are responding to your email regarding Repairify's responses to Elitek's Third Set of RFPs.

**Request for Production 62:**

The Repairer Driven News article that is the subject of RPFY 010557 notes that the field study involved more than 70,000 model year vehicles covering an 8-year period.  The Request seeks documents "relating to" that study.  RPFY 010557 is a document relating to the study.  Accordingly, as drafted, the Request is patently overbroad and ambiguous.

The request is particularly burdensome inasmuch as the field study does not purport to be an analysis of any Repairify device that Repairify contends practices the claims of the Patent in Suit and therefore is not relevant to the claims or defenses.  We disagree that the field study, and documents relating thereto, have probative value on the predictability of the state of the art.  But even if there were, that probative value would be manifestly outweighed by the undue burden and expense of responding to Elitek's overbroad request.   Repairify will consider amending its response if Elitek narrows its request.  We are available next week to conduct a telephonic meet and confer to discuss further.

**Request for Production 63:**

As stated in the response, Repairify has produced and will produce non-privileged and non-protected documents subject to its objections.  Those objections are appropriate because Elitek's request as drafted is overly broad and would require Repairify to incur undue burden to search for all responsive documents.  That said, Repairify is not currently withholding any non-privileged or non-protected material documents based on its objections.

**Request for Production 64:**

We propose that the parties meet and confer regarding the scope of the request.  Repairify already has produced documents that discuss issues related to internet latency for in connection with the novelty of the inventions claims in the Patents in Suit.  As you know, the Parties have not agreed to an ESI protocol governing the search for or production of ESI in this case.  We think it would be easier to identify and narrow the types of documents that Elitek is seeking, which could potentially reduce the burden on searching for responsive documents in the absence of an ESI protocol.


Eugene L. Hahm
Partner | Pranger Law PC
Tel +1 415-885-9800

---

**From:** Nick Woloszczuk <nwoloszczuk@prangerlaw.com>
**Sent:** Friday, May 19, 2023 8:13 AM
**To:** Joseph Saltiel <jsaltiel@irwinip.com>; Arthur Wellman <AWellman@prangerlaw.com>; Eugene Hahm <ehahm@prangerlaw.com>

**Cc:** Barry Irwin <birwin@irwinip.com>; Alex Bennett <abennett@irwinip.com>
**Subject:** RE: Repairify v. Keystone Automotive - Repairify's response to Elitek's Third Set of RFPs

Joe,

We are considering your positions and will respond to you next week.

Best,

Nick Woloszczuk
Of Counsel | Pranger Law PC
88 Guy Place, Suite 405 | San Francisco, California 94105
Tel +1 415-960-3191  Bio | VCard | LinkedIn

CONFIDENTIALITY NOTICE: If you are not the intended recipient, please delete and notify us asap. Distributing, copying or other use prohibited.

---

**From:** Joseph Saltiel <jsaltiel@irwinip.com>
**Sent:** Tuesday, May 9, 2023 1:29 PM
**To:** Arthur Wellman <AWellman@prangerlaw.com>; Eugene Hahm <ehahm@prangerlaw.com>; Nick Woloszczuk <nwoloszczuk@prangerlaw.com>
**Cc:** Barry Irwin <birwin@irwinip.com>; Alex Bennett <abennett@irwinip.com>
**Subject:** Repairify v. Keystone Automotive - Repairify's response to Elitek's Third Set of RFPs

[CAUTION: EXTERNAL EMAIL]

Counsel,

We have reviewed Repairify's May 3, 2023, objections and responses to Elitek's Third Set of Requests for Production (62-64) and believe, as discussed below, that Repairify's responses are deficient.

**Request for Production 62:**  This request seeks documents relating to the field study discussed in RPFY010557.  Repairify objects to this request on the grounds of relevance, breadth, burden, proportionality, and ambiguity.  Rule 34 requires that an objection state whether responsive materials are being withheld on the basis of any objections and if the objection is to part of the request, the objection must specify the part and the rest must be produced.  Repairify's response fails to comply with Rule 34 because it fails to identify if documents are being withheld on the basis of its objections or to describe its objections with specificity.  It is Repairify's burden to establish how the request is overly broad, burdensome, or oppressive by offering evidence.  Repairify merely states its objections with no support or explanation.  As for whether the request is ambiguous or vague,  Repairify states that the phrase "relating to" makes the Request "vague, ambiguous, and overly broad as subject matter."  We disagree.

Notwithstanding Repairify's boilerplate objections, this request is relevant and narrowly tailored to documents concerning a specific study described throughout the document produced at RPFY010557.  This document discussed a field study performed by Repairify that involved testing of vehicles in Copart yards.  To the extent this relates to the regression testing mentioned in the second AirPro complaint at ¶ 19, that field study is relevant to Repairify's effort to develop the second generation asTech device and should have been produced per the Court's order, Dkt. No. 97.

Regardless, the field study referenced in this document is relevant for an additional reason.  The article states that the "field study by Repairify has shown that not all aftermarket scan tools perform like OEM tools on every year, make, model, and trim (YMMT) vehicle."  That is, it appears that this field study relates to the challenges of scanning and programing vehicles with aftermarket tools.  Hence, the field study is probative of the predictability of scanning and programming vehicles (regardless of whether it is performed remotely or not).  Predictability of the art is one of the factors considered in determining whether claims are enabled.  *See, e.g., Storer v. Clark*, 860 F.3d 1340, 1350 (Fed. Cir.

2017) (considering unsuccessful attempts in the field as an indicator of unpredictability in the enablement analysis).  Therefore, we believe that Repairify should amend its response and produce the documents requested.

**Request for Production 63:**  This request seeks documents that compare the capabilities, coverage, and performance between the first and second generation asTech devices.  Repairify's response explains that it has produced and will produce certain documents, but it fails to indicate whether it is withholding non-privileged documents based on its objections.  Please confirm.

**Request for Production 64:**  This request seeks documents that discuss or analyze issues caused by latency for the products or services that practice one or more claims of the Asserted Patents.  Repairify's response indicated that it objects, again, to relevance, breadth, burden, proportionality, and ambiguity.  As support, Repairify only states that the terms "discuss or analyze" and "issues caused by latency" render the Request as "vague, ambiguous, and overly broad as to subject matter."  Repairify stated it is willing to meet and confer regarding this topic, but it fails to explain its objections as to relevance, breadth, burden, or proportionality despite its burden.

This request is narrowly tailored towards issues caused by latency when remote scanning and programming and is relevant to at least Elitek's enablement defense.  As Repairify has alleged, products and services that are capable of remote scanning and programming have to "deal effectively with internet latency issues."  Hence, this request seeks documents that identify what the latency issue is in this context, the quantity of experimentation necessary to overcome the latency issue, and the predictability of the art due to latency issues, which are all relevant to, at least, Elitek's enablement defense.  Therefore, we believe that Repairify should amend its response and produce the documents requested.

Please indicate whether Repairify will amend its responses and produce the requested documents for these requests.  If not, please let us know when you are available to meet and confer.

Best regards,

Joe Saltiel

**Irwin IP LLP**
Intellectual Property Litigation
150 N. Wacker Drive | Suite 700 | Chicago, IL 60606
Direct 312.667.6283 | Mobile 630.841.0512
jsaltiel@irwinip.com | www.irwinip.com

Confidentiality Notice: This e-mail transmission and any attachments may contain confidential or legally privileged information. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents of this e-mail is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify the sender by reply e-mail and delete the message from your system. Thank you.