# Exhibit U



Joseph Saltiel
*To Contact Writer Directly:*
312-667-6283
jsaltiel@irwinip.com

www.irwinip.com

March 8, 2023

VIA EMAIL: AWellman@prangerlaw.com

Arthur Wellman
Pranger Law PC
88 Guy Place, Suite 405
San Francisco, CA 94105

> Re: *Repairify, Inc. v. Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services et al.* – Case No. 6:21-cv-00819-ADA (W.D. Tex.)

Dear Arthur:

We write to follow up on my March 3, 2023 email, and, specifically, to further elaborate on the deficiencies with Repairify's March 2, 2023 responses to Elitek's Second Set of Interrogatories. As you know, Repairify sought, and Elitek agreed to, a two-week extension of time to provide responses to these interrogatories. Despite the extension of time, Repairify did not substantively respond to most of these interrogatories. As discussed below, we believe Repairify's objections and responses are improper and that Repairify should supplement its responses.

Interrogatory Nos. 17-18 and 22-27 are all relatively straightforward and seek information that should be readily in Repairify's possession, custody, or control. Indeed, several of the interrogatories are based on statements that Repairify has previously made. For example:

- Interrogatory No. 17 seeks the identity of third parties that worked with or for Repairify in the development of a product intended to remotely scan and/or program a vehicle.

- Interrogatory No. 18 seeks the total amount of time, money, and hours spent developing Repairify's first commercial product that embodies the Asserted Patents.

- Interrogatory No. 22 seeks information related to any non-infringing alternatives Repairify has sold.

- Interrogatory No. 23 seeks information regarding the differences between the different Repairify products that it has identified as practicing the Asserted Patents.



March 8, 2023
Page No. 2

- Interrogatory No. 24 seeks information regarding the total amount of time, money, and hours spent developing each Repairify product that it has identified as practicing the Asserted Patents.

- Interrogatory No. 25 seeks information regarding the differences between direct scanning and programming with an OE scan tool and using a Repairify product to remotely scan and program a vehicle.

- Interrogatory No. 26 seeks information regarding any unsuccessful attempts by Repairify to remotely scan and program a vehicle.

- Interrogatory No. 27 seeks information regarding whether Repairify or its customers scanned and programed a vehicle with a directly connected scan tool after an unsuccessful attempt to do so remotely.

Repairify did not provide a substantive response to any of these interrogatories or provide any specific objections as required by Rule 33(b)(4). Instead, Repairify made a multitude of boilerplate objections. For example, Repairify does not explain why any of the objected to phrases render the interrogatories vague, ambiguous, and overly broad. Nor does Repairify explain why any of these interrogatories are unduly burdensome, disproportionate, or not reasonably calculated to lead to discovery of admissible evidence. Because Repairify's objections are not proper, Repairify is obligated to respond. *See Star Creek Center, LLC v. Seneca Ins. Co., Inc.*, 2018 WL 1934084, at *2-3 (E.D. Tex. Apr. 23, 2018) (finding that summary, broad-based, and boilerplate objections to discovery requests are not adequate and "results in waiver of those objections").

For Interrogatory Nos. 19 and 20, Repairify made the same boilerplate objections, but also provided partial responses. Interrogatory No. 19 sought information regarding the circumstances of Repairify's first commercialization of product that remotely scanned and/or programmed a vehicle. While Repairify identified the timing of deployment of devices and timing of its first revenue, it did not provide any of the additional information requested regarding the first commercialization such as how customers were informed about the service, information regarding marketing and advertising, and the functionality of the device.

Interrogatory No. 20 sought information regarding the number of prototypes built and tests performed on any device intended to embody the patent between December 23, 2010 and the date Repairify first started offering service based on the device. Repairify merely identifies that it built prototypes and tested them in this time period without any quantification of how many prototypes were built or how many tests were performed.

As noted in our previous emails, we understand that Repairify will be proposing times for a meet and confer later this week to discuss open discovery issues, which we expect to include these responses.



March 8, 2023
Page No. 3

        Respectfully submitted,

        */s/ Joseph Saltiel*

        Joseph Saltiel
        Irwin IP LLP
        *Counsel for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

cc:    Counsel of Record (*via email*)