IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REPAIRIFY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 6:21-cv-00819-ADA |
| | ) |
| KEYSTONE AUTOMOTIVE | ) |
| INDUSTRIES, INC. d/b/a ELITEK | ) |
| VEHICLE SERVICES, and DOES 1 | ) |
| through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |

**DISCOVERY DISPUTE ORDER**

The Court hereby resolves the following discovery disputes submitted to the Court in a hearing on July 19, 2023.

**ISSUE NO. 1:  Presentations from board and business meetings (RFP Nos. 5, 14, 15, 19, 22, 31-35, 37, 49, 54, 58, 61, 63, 64 and Interrogatory Nos. 5-6, 16, 24-27)**

**Elitek's Position:**

Elitek seeks documents regarding presentations shown to Repairify's board of directors and potential business partners that discuss matters pertinent to this case.  DiscoverTec, a third party, produced a Repairify board presentation and a presentation given to a potential business partner.  The information within these presentations was both relevant and non-cumulative of other discovery because they included  information such as (1) analysis of the  first generation device that allegedly practices the patents-in-suit ("AsTech1"), including how well it performed, (2) comparisons of performance between the AsTech1 and the second generation devices that allegedly practices the patents-in-suit ("AsTech2"), (3) specific differences between the Astech1 and AsTech2, (4) market analysis, forecasting, and projections for the devices, and (5) plaintiff's

1

corporate organization. Despite Repairify's assertion, information found in these presentations is not present in any other documents produced by Repairify. After almost a year into fact discovery, Repairify has yet to produce any such presentations.

Initially, Repairify agreed to search for and produce this type of information, including presentations analogous to what DiscoverTec produced but stated it could not locate responsive documents. Despite saying it searched for such information, Repairify apparently did not, and instead now claims that the burden to search for these presentations is enormous and would likely include thousands of presentations. For several reasons, Repairify's position is untenable. First, it is incredulous that a company that has been in existence for less than 10 years has thousands of board meeting presentations. Second, it is also incredulous that despite having thousands of such presentations, Repairify cannot easily locate a single one. Third, at the meet and confer, Repairify previously agreed to search for (and allegedly did search for) these documents without identifying any burden or other difficulties. *See, e.g., Vir2us, Inc. v. Invincea, Inc.*, 235 F.Supp.3d 766 (E.D. Va. 2017) (sanctioning defendants that failed to adequately search for board meeting presentations and compounded their failure by providing shifting justifications).

Relief: Order that Repairify, within five business days, produce all Board Meeting Presentations and analogous Business Presentations that have information related to the products and services that Repairify alleges practices the Asserted Patents.

**Repairify's Position:**

Elitek never propounded RFPs seeking "all Board Meeting Presentations" or "all Business Presentations" "that have information related to [Repairify's] products and services." For good reason; such RFPs are facially overbroad. The mistaken premise of Elitek's request is that it is entitled to all of Repairify's documents that say anything about its products.

The presentations Elitek cites do not contain **any** non-cumulative information. Elitek broadly characterizes the types of information in the presentations, but critically, does not and cannot link that to any RFP while also contending that Repairify has failed to provide sufficient responsive information. At bottom, Elitek's requested relief reflects its approach to discovery, which is demanding production of each and every document about Repairify's products.

DiscoverTec likely only had and produced the documents Elitek relies on because its CEO was previously a member of Repairify's Board and his personal documents were mixed with DiscoverTec documents. Elitek cannot leverage a coincidental third-party production into a fishing expedition through **all presentations** about Repairify's products and services.

First, the burden for Repairify to produce all "business presentations" would be enormous. Repairify has made thousands of presentations and sales pitches to customers, partners, and industry organizations. There is no repository of such presentations (note that Repairfy has never contended there are thousands of board presentations as Elitek misrepresents). Searching would require numerous custodian interviews, and extensive searching. Further, at least some of the presentations were made pursuant to an NDA, requiring additional work to determine whether there was an NDA, locate and review the NDA, and notify those parties accordingly.

Elitek's notation that Repairify agreed to search for documents "without identifying any burden" and accusation that Repairify did not perform a search are non-sequiturs. Repairify performed multiple searches and realized that locating all responsive "business presentations" documents would be extremely burdensome and disproportionate.

Second, Elitek's requested relief is highly disproportionate to the burden because Elitek cannot articulate what information it **needs** for its claims or defenses from these presentations—which are likely almost all only high-level discussions of Repairify's products and services.

And while the burden of producing Repairify's board presentations may not be high, it is an incredibly invasive request from a direct competitor. Repairify's board presentations frequently discuss highly confidential strategic information that has nothing to do with either side's claims or defenses. It cannot be that patent defendants and plaintiffs are automatically entitled to ***all of each other's board presentations*** simply because they discuss the accused/practicing products/services. The sensitivity of board presentations from several years ago is naturally lower, and Repairify is willing to consider production of such presentations from earlier and specific periods of time to the extent Elitek can explain why it believes such documents contain non-cumulative information.

### ISSUE NO. 2:  License agreements (RFP Nos. 5, 16, 20, 30-34, 51, 55, 57)

**Elitek's Position:**

Elitek seeks Repairify's agreements with OEMs related to its remote diagnostic business. Elitek believes these agreements may require Repairify to pay the OEMs whenever the allegedly patented devices are used and, as such, these agreements are relevant to determining costs and profitability of the products that allegedly practice the Asserted Patents.

Repairify has agreed to produce such documents but has not yet provided these documents.

Relief:  Order that Repairify, within five business days, produce all OEM agreements it has entered into related to its remote diagnostic business.

**Repairify's Position:**

Repairify produced its responsive agreements with OEMs that are not subject to confidentiality/notice provisions, and is providing notice for similar agreements with confidentiality/notice provisions to allow for subsequent production.

### ISSUE NO. 3:  Time & effort spent on development (Interrogatory No. 24)

**Elitek's Position:**

Elitek seeks information regarding the total time, money and effort spent developing each version of the products and/or services Repairify contends practices the claims of the Asserted Patents. Interrogatory No. 24 is relevant because the time, money, and effort to develop an embodiment of the patents-in-suit is one of the factors considered in determining if the patents-in-suit are enabled.

Repairify has consistently failed to provide a substantive response. On March 2, after a two-week extension, Repairify provided only boilerplate objections as a response. Over the course of the next three months, Repairify has continued to promise a substantive response to this interrogatory but has failed to provide it.

Relief: Order that Repairify, within five business days, to provide a substantive response to Interrogatory No. 24.

**Repairify's Position:**

Repairify's disagrees with Elitek's characterizations of Repairify's objections to this incredibly broad interrogatory. Further, Interrogatory 24 seeks information of marginal relevance as it concerns development costs from Repairify's second commercial product, which was years after development of Repairify's first commercial product, and for which Repairify has provided cost information. Nevertheless, Repairify expects to be able to provide a response within five business days of this Court's order.

## ISSUE NO. 4: Inventor depositions

**Elitek's Position:**

In an effort to conserve party resources and anticipating that Elitek is unlikely to call any of the inventors that have not already been deposed as witnesses at trial, Elitek requested that Repairify stipulate that it will not call any of the inventors at trial. If it would not, Elitek requested

that Repairify present them for deposition. Repairify declined and refused. Repairify claims that it is not required to provide the inventors for a deposition because the inventors are not within its control. Repairify, however, wants to reserve the right to call the inventors as witnesses at trial.

Repairify, however, has control of the inventors. When the inventors assigned the '313 Patent (RPFY006514-RPFY006523), the inventors agreed to "generally do everything possible to aid **Automotive Electronic Solutions, LLC,** and its successors, assigns, and nominees, to obtain and enforce proper protection for all said inventions and improvements in all countries throughout the world." Therefore, the patentee controls the inventors. *See, e.g., In re Fraunhofer-Gesellschaft zur Forderung der angewandten Forschung E.V.*, 2022-125, 2022 WL 843420, at *2 (Fed. Cir. Mar. 22, 2022) (refusing to consider in a writ of mandamus an order requiring "Plaintiff shall make the inventor witnesses available for deposition in accordance with their obligations to testify in any legal proceedings regarding the patent, as set forth in the inventor assignment agreements.")

Repairify has failed to identify any support for its position that it may reserve the right to present an inventor at trial while also refusing to produce the inventor for a deposition. Repairify relies upon *Litetronics*, but *Litetronics* is not applicable because the patentee in Litetronics was not reserving the right to call the inventors at trial. *Litetronics Intl., Inc. v. Tech. Consumer Products, Inc.*, 03 C 5733, 2006 WL 2850513, at *1 (N.D. Ill. Sept. 28, 2006).

To the extent that Repairify would like to reserve the ability to call an inventor as a witness a trial, the Court should compel Repairify to make that inventor(s) available for deposition.

Relief: Order that Repairify either stipulate to not call any inventor of the Asserted Patents at trial as a witness or make any inventor it intends to call at trial as a witness available for a deposition.

**Repairify's Position:**

Under the current Scheduling Order (ECF 99), the parties' witness lists are not due until February 16, 2024, therefore Repairify has declined to stipulate whom it will or will not call as it pertains to third-party witnesses that Repairify does not control. Elitek's requested relief is improper in view of the Scheduling Order.

Both Repairify and Elitek identified the patents' inventors in their Initial Disclosures. Elitek issued subpoenas to Olsen and Margol, who obtained their own (shared) counsel. Elitek deposed Olsen last year and elected not to proceed with Margol's deposition. Elitek has never suggested that the deponents were under Repairify's control—and they are not.

If Elitek wishes to obtain the testimony of any inventor, it should issue subpoenas. Repairify cannot compel them to appear for deposition as they are not employees, officers, consultants, contractors, or agents of Repairify.

Elitek misconstrues In re *Fraunhofer*, 2022 WL 843420. First, the Federal Circuit did not endorse or uphold the magistrate judge's order, merely finding that "the exceptional remedy of mandamus is not available." Second, in *Fraunhofer*, the inventors specifically agreed to "testify . . . in any . . . legal proceeding." Id. at *2-3. The Repairify agreements do not contain such language, rather, they contain language nearly identical to that in the contract examined in *Litetronics Int'l, Inc. v. Tech. Consumer Prod., Inc.*, which the court found did not confer contractual control over inventors to appear for deposition. No. 03 C 5733, 2006 WL 2850513, at *1 (N.D. Ill. Sept. 28, 2006). Elitek's attempt to distinguish *Litetronics* fails as Repairify is not aware of any authority supporting Elitek's proposition that a party's reservation of the ability to ask a third party to voluntarily appear at trial means that party has control over that third party.

7

**ORDER**

Regarding Issue No. 1, the Court **GRANTS** Elitek's requested relief and **ORDERS** that Repairify, within five business days, produce all Board Meeting Presentations and analogous Business Presentations that discuss relevant aspects of the products and services that Repairify alleges practices the Asserted Patents.

Regarding Issue No. 2, the Court **GRANTS** Elitek's requested relief and **ORDERS** that Repairify produce all OEM agreements it has entered into related to its remote diagnostic business within fourteen days of the July 19, 2023 hearing. Any third party that wishes to object has seven days from the date of the July 19, 2023 hearing, to file an objection or said agreements will be produced within the aforementioned fourteen-day window.

Regarding Issue No. 3, the Court **GRANTS** Elitek's requested relief and **ORDERS** that Repairify provide a substantive response to Interrogatory No. 24 within seven days of the July 19, 2023 hearing.

Regarding Issue No. 4, the Court **DENIES** Elitek's requested relief.

**SO ORDERED** this 26th day of July, 2023.

_____
DEREK T GILLILAND
UNITED STATES MAGISTRATE JUDGE