IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REPAIRIFY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-00819-ADA |
| | ) |
| KEYSTONE AUTOMOTIVE INDUSTRIES, INC. d/b/a ELITEK VEHICLE SERVICES, and DOES 1 through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted to the Court in a hearing on September 5, 2023.

**ISSUE:  Documents related to a field study (RFP No. 62)**

**Elitek's Position:**

Elitek seeks the results of a field study conducted by Repairify (and referenced in a news article produced at RPFY10557). These documents are relevant to enablement. One of the factors considered for enablement is the complexity and unpredictability of the art, which in this case is vehicle diagnostics. This field study purportedly shows the difficulties companies have developing products that perform vehicle diagnostics supporting that the art is unpredictable and complex.

Repairify argues that the request has no probative value because the field study did not involve remote communications. The complexity and unpredictability of vehicle diagnostics

1

applies to any diagnostic tool regardless of where it is located. Using a tool that is remote does not avoid the underlying difficulties of performing vehicle diagnostics.

Next, Repairify argues that this request is disproportionate to the parties' needs. Elitek limited this request to any summaries of the field study (not all documents) and documents related to the five specific use cases mentioned in the article. Repairify has not articulated why it is disproportionate to the needs of the case to produce such a limited set of documents.

Lastly, Repairify argues that the information is highly confidential. Because there is a protective order governing this case (Dkt. No. 71), Repairify's concerns are unjustified.

Relief:  Order that Repairify, within five business days, produce any summaries of the field study discussed in RPFY10557 as well as documents related to the five specific use case identified therein.

**Repairify's Position:**

Elitek comes yet again to this Court demanding burdensome production of voluminous data that is of limited or zero relevance to the parties' claims or defenses while also being highly confidential to Repairify.

The Asserted Patents in this case are directed toward the technical field of remote vehicle diagnostics, which allow a technician operating a scan tool from a remote location to scan and program a vehicle remotely.

The field study that Elitek seeks production of has *nothing* to do with that. Rather, the study concerned the performance of OEM and aftermarket scan tools when they are *directly connected* to a vehicle. And the study did not investigate the reason for these limitations Elitek's argument that differences between aftermarket and OEM scan tools are attributable to the "complexity and unpredictability of vehicle diagnostics," lacks any factual support. The field

study and related data have no probative value as to the art of the Asserted Patents—remote vehicle diagnostics.

Further, Repairify has already produced a document (RPFY010557) that *is itself* a summary of the study and notes the limitations of aftermarket scan tools. The document also describes the five specific use cases that Elitek claims to be interested in. Elitek cannot articulate why it needs the sensitive underlying data. Indeed, Elitek recently brought antitrust claims against Repairify relating to the Asserted Patents (Repairify has moved to dismiss), and had enough information to allege that aftermarket scan tools have "limited capabilities." *See Keystone Automotive Industries, Inc., v. Repairify, Inc.*, case no. 1:23-cv-02689, (N.D. Ill.), ECF 1 at ¶ 5.

Finally, the data is highly confidential to Repairify and the risk of even inadvertent disclosure to a direct competitor far outweighs Elitek's purported need for information that, at best, marginally involves a single factor of the "undue experimentation" analysis, which is an *eight-factor test*. *See In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

## ORDER

The Court **GRANTS** Elitek's requested relief and **ORDERS** that Repairify, within five business days, produce any summaries of the field study discussed in RPFY10557 as well as documents related to the five specific use cases identified therein.

**SO ORDERED** this 13th day of September, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE