IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REPAIRIFY, INC., | ) |
|       Plaintiff, | ) ) ) |
| v. | )    Case No. 6:21-cv-00819-ADA |
| KEYSTONE AUTOMOTIVE INDUSTRIES, INC. d/b/a ELITEK VEHICLE SERVICES, and DOES 1 through 20, inclusive, | ) ) ) ) ) ) |
|       Defendants. | ) |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted to the Court in a hearing on November 29, 2023.

**ISSUE: Production of Log ID 001 on Repairify's 2023.10.18 Privilege Log – King Email**

**Elitek's Position:**

Elitek moves to compel production of an email used to prepare a witness for a 30(b)(6) deposition, that directly contradicts deposition testimony of another witness, and that supports Elitek's inequitable conduct allegations.

Elitek alleges that Repairify committed inequitable conduct by failing to disclose a PTO rejection and the prior art cited therein ("Undisclosed Materials") from a related patent application during the prosecution of the Asserted Patents. During his deposition, Mr. King, one of Repairify's prosecution attorneys, testified that he was unaware of the Undisclosed Materials but would have disclosed the Undisclosed Materials if he had been aware of them.

Later, Elitek deposed Mr. Chatagnier, Repairify's 30(b)(6) witness on prosecution of the Asserted Patents. Mr. Chatagnier testified that he had seen an email from Mr. King sending the

1

Undisclosed Materials to Repairify ("King Email"). At the deposition, Repairify asserted that the King Email, which it had failed to identify prior to the deposition, was privileged and that it would provide an amended privilege log. When asked why the King Email was not already listed in its privilege log, Repairify explained that it did not locate the King Email when it previously searched for prosecution-related documents and only found the King Email while preparing Mr. Chatagnier for his deposition.

The King Email is relevant to Elitek's inequitable conduct defense because it establishes that both King and Repairify were aware of the Undisclosed Materials, when and how they became aware of the Undisclosed Materials, and also contradicts King's testimony regarding his actions with respect to the Undisclosed Materials.

An adverse party is entitled to a document when it is used to prepare a witness to testify if justice requires. FRE 612; Fed. R. Civ. P. 30(c)(1). Privileged documents are not necessarily immune from the disclosure requirements of Rule 612, particularly when the document informs the testimony given. *See Shaffer v. Perry's Restaurants, Ltd.*, 2018 WL 5260049, at *3 (W.D. Tex. Oct. 22, 2018). Here, Mr. Chatagnier's testimony was based on the King Email. Further, the King Email contradicts King's testimony and supports Elitek's inequitable conduct allegations. Repairify should not be able to use privilege to shield the discovery of facts that undermine its positions. *See Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 397 (D. Or. 2017) (shielding documents used to prepare a 30(b)(6) witness clouds rather than clarifies corporate knowledge).

Moreover, Federal Rule of Civil Procedure 26(b)(5) requires sufficient notice when a party intends to withhold material based on privilege. *See Melenyzer v. Nice Group USA, Inc.*, 2014 WL 12493291, at *3 (W.D. Tex. July 23, 2014) ("If a party withholds information on a claim of privilege without notice to the other parties, sanctions can be imposed and the privilege

or protection may be waived."). While it is unclear why the King Email was not located months ago, at the very least, Repairify should have provided notice of it prior to Mr. Chatagnier's deposition to allow Elitek to better prepare for its examination on topics related to the Undisclosed Materials.

Relief: Order that Repairify, within two business days, produce the email identified as Log ID 001 on its October 18, 2023 amended privilege log or alternatively, order Repairify, within two business days, to submit the email identified as Log ID 001 on its October 18, 2023 amended privilege log for in camera inspection for the Court to identify what information, if any, should be redacted before being produced to Elitek. Further, pursuant to FRCP 26(b)(5) and FRCP(b)(2)(A)(i), order that Repairify search for and identify to Elitek, within ten business days, any other correspondence or document that discussed or enclosed the materials Elitek has alleged that Repairify improperly withheld from the PTO during the prosecution of the Asserted Patents and any other relief this Court deems appropriate.

**Repairify's Position:**

Elitek's attempt to discover Repairify's privileged communications is improper. The email was sent in 2016 by Repairify's former patent prosecution counsel (Robert King) to Repairify's then in-house counsel, rendering legal advice on then-pending patent applications. Repairify has not waived privilege.

FRE Rule 612 does not support disclosure. Although Mr. Chatagnier reviewed the email prior to his deposition, review of privileged material does not automatically waive privilege under Rule 612. *In re Managed Care Litigation,* 415 F.Supp.2d 1378, 1381 (S.D. Fla 2006) "Rule 612 . . . allows a writing to be disclosed to opposing counsel only if the writing actually refreshed the witness's memory and, in the case of documents reviewed *before* testifying, only after the Court makes a determination that "justice requires" the disclosure." *Shaffer v. Perry's*

*Restaurants, LTD*, 2018 WL 5260049, at *3 (W.D. Tex. Oct. 22, 2018). Moreover, "the relevant inquiry is *not* simply whether the documents were used to *refresh* the witness's recollection, but rather whether the documents were used in a manner which waived the attorney-client privilege." *In re Managed Care Litigation,* 415 F.Supp.2d at 1381.

Here, the email did *not* actually refresh Mr. Chatagnier's memory; he had no memory to refresh. He is not a lawyer, was not involved in the prosecution of the Asserted Patents, and joined Repairify in September 2020, more than four years after the email was sent.

Moreover, the interests of justice disfavor any finding of waiver. Repairify has no current employees or counsel who were involved in the prosecution of the Asserted Patents. Given that lack of institutional knowledge, Repairify should not be penalized by having its designee review privileged material in order to testify on factual matters. Elitek's counsel asked Mr. Chatagnier whether there was any record of Repairify having copies of a specific Office Action in Repairify's files; Mr. Chatagnier mistakenly thought that the subject email contained the Office Action as an attachment, but then corrected his testimony to state that the email did *not* include the Office Action (which is consistent with Repairify's privilege log.) Mr. Chatagnier did not selectively testify on the content of the email so as to invoke a sword/shield situation that might warrant disclosure.

Lastly, that Mr. King's prior testimony may conflict with Mr. Chatagnier's testimony is no basis for compelling disclosure. Mr. King was not represented by Repairify at his deposition and instead retained his own counsel. Repairify is neither responsible for Mr. King's testimony nor obligated to waive its privilege so that Elitek can attempt to impeach Mr. King. Moreover, the email was *not* among the documents produced by Mr. King's former law firm in response to Elitek's subpoena. Repairify only learned of the email shortly before Mr. Chatagnier's deposition in the course of deposition preparation. Elitek should not be surprised that Repairify

4

did not locate the King email earlier, because the parties did not reach an electronic search agreement.

Relief: Deny Elitek's requested relief in full. Repairify would agree to submit the subject email to the Court for an *in camera* review and an excerpted copy of Mr. Chatagnier's deposition transcript, if the Court would find that of assistance.

## **ORDER**

The Court **DENIES** Elitek's requested relief.

**SO ORDERED** this 14th day of December, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE