IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **REPAIRIFY, INC.,**<br>a Delaware corporation,<br><br>    **Plaintiff,**<br><br>  v.<br><br>**KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,**<br>a California corporation<br>d/b/a Elitek Vehicle Services, and<br>DOES 1 through 20, inclusive,<br><br>    **Defendants.** | § § § § § § § § § § § § § § § § § | **6:21-cv-00819-ADA-DTG** |

**JOINT PRETRIAL ORDER**

# TABLE OF CONTENTS

I. APPEARANCE OF COUNSEL ................................................................................... 1
II. JOINT STATEMENT OF THE CASE ........................................................................ 2
III. CONTENTIONS OF THE PARTIES .......................................................................... 3
   A. Repairify's Contentions ..................................................................................... 3
   B. Elitek's Contentions .......................................................................................... 5
IV. STIPULATED FACTS ................................................................................................ 7
   A. The Asserted Patents ......................................................................................... 7
      1. The '313 Patent ..................................................................................... 7
      2. The '500 Patent ..................................................................................... 7
      3. The '334 Patent ..................................................................................... 7
   B. The Asserted Claims ......................................................................................... 7
V. DISPUTED ISSUES OF LAW .................................................................................... 8
VI. DEPOSITIONS DESIGNATIONS ............................................................................... 8
VII. ATTACHMENT—EXHIBITS .................................................................................... 8
VIII. ATTACHMENT—WITNESS LISTS ......................................................................... 9
IX. ATTACHMENT—MOTIONS *IN LIMINE* ............................................................... 9
X. ATTACHMENT—AGREED JURY CHARGE ......................................................... 9
XI. ATTACHMENT—*VOIR DIRE* ................................................................................ 10
XII. ELITEK'S REQUEST FOR A BENCH TRIAL – INEQUITABLE CONDUCT ...... 10

I.       APPEARANCE OF COUNSEL

| Repairify's Counsel | Elitek's Counsel |
|---|---|
| Arthur Wellman (*pro hac vice*)<br>SBOCA: 178309<br>Eugene Hahm (*pro hac vice*)<br>SBOCA: 167596<br>Nikolaus A. Woloszczuk (*pro hac vice*)<br>SBOCA: 286633<br>PRANGER LAW PC<br>88 Guy Place, Suite 405<br>San Francisco, CA 94105<br>(415) 885-9800<br>(415) 944-1110 (fax)<br>awellman@prangerlaw.com<br>ehahm@prangerlaw.com<br>nwoloszczuk@prangerlaw.com<br><br>Eric H. Findlay<br>SBOTX: 00789886<br>Brian Craft<br>SBOTX: 04972020<br>FINDLAY CRAFT, P.C.<br>7270 Crosswater Ave. Suite B<br>Tyler, Texas 75703<br>(903) 534-1100<br>(903) 534-1137 (fax)<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com | Barry F. Irwin, P.C. (admitted *pro hac*)<br>Joseph A. Saltiel (admitted *pro hac*)<br>Jason J. Keener (admitted *pro hac*)<br>Iftekhar A. Zaim (admitted *pro hac*)<br>Andrew D. Gordon-Seifert (admitted *pro hac*)<br>Alexander S. Bennett (admitted *pro hac*)<br>Emad Mahou (admitted *pro hac*)<br>IRWIN IP LLP<br>150 N Wacker Dr., Ste. 700<br>Chicago, IL 60606<br>(312) 667-6080 (Telephone)<br>birwin@irwinip.com<br>jsaltiel@irwinip.com<br>jkeener@irwinip.com<br>izaim@irwinip.com<br>agordon-seifert@irwinip.com<br>abennett@irwinip.com<br>emahou@irwinip.com<br><br>Barry K. Shelton<br>Texas State Bar No. 24055029<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>bshelton@winston.com<br>(214) 453-6407 (Telephone)<br><br>Mark D. Siegmund<br>Texas State Bar No. 24117055<br>CHERRY JOHNSON SIEGMUND JAMES PLLC<br>400 Austin Avenue, 9th Floor<br>Waco, TX 76701<br>msiegmund@cjsjlaw.com<br>(254) 732-2242 (Telephone) |

## II.   JOINT STATEMENT OF THE CASE

This is an action asserting infringement of U.S. Patent Nos. 8,688,313 (the "'313 Patent"), 9,684,500 (the "'500 Patent,"), and 10,528,334 (the "'334 Patent,"), collectively, the "Asserted Patents."

For purposes of trial, Repairify accuses Elitek of infringing Claims 1, 5, and 13 of the '313 Patent, Claims 1 and 7 of the '500 Patent, and Claims 1, 5, and 6 of the '334 Patent (collectively, the "Asserted Claims"). Repairify accuses Elitek of direct, joint, and indirect infringement of the Asserted Claims. Repairify contends that Elitek's infringement was and continues to be willful. Repairify seeks monetary damages in the form of a reasonable royalty, pre-and post-judgment interest, costs, enhanced damages, and an award of its fees under 35 U.S.C. §§ 284 and 285.

Elitek denies that it infringes the Asserted Patents in any manner, whether directly, indirectly or jointly. Elitek further contends that the Asserted Claims are invalid under 35 U.S.C. § 101 because they are directed at an abstract idea without any inventive concept, as anticipated and/or are obvious in light of the prior art under 35 U.S.C. §§ 102 and 103, and for lacking written description support and enablement under 35 U.S.C. § 112. Elitek also contends that the Asserted Claims are unenforceable due to inequitable conduct. And, Elitek contends that Repairify is not the owner of the '500 and '334 Patents.  Elitek also denies that Repairify is entitled to any monetary damages, including in the form of an ongoing reasonable royalty, to any pre- and post-judgment interest, to any costs, or to any award of its fees under 35 U.S.C. §§ 284 and 285 or any other relief. Elitek further denies that any infringement, should the jury find it occurred, was willful, and denies that Repairify is entitled to any enhanced damages under 35 U.S.C. § 284.

Repairify denies that any Asserted Claim is invalid or unenforceable for any reason.

### III.     CONTENTIONS OF THE PARTIES

####    A.     Repairify's Contentions

1. Repairify contends it is the true and correct owner of the Asserted Patents and holds all rights necessary to bring this action in its own name and recover damages from all past, present, and future infringement of the Asserted Patents.

2. Repairify contends that the inventors named on the face of the Asserted Patents are the true, correct, and only inventors of the Asserted Patents.

3. Repairify contends that the Asserted Claims are entitled to a priority date no later than December 23, 2010, the date on which Application No. 12/977,830 was filed.

4. Repairify contends that Elitek and/or its customers make, use, sell, offer for sale, and/or import products, methods, or systems that directly and indirectly infringe the Asserted Claims. Elitek's infringing products and services include the EVS Plug-in device, which in conjunction with additional components of Elitek's Remote Diagnostic System enables Elitek's provision of remote vehicle diagnostic services (collectively, the "Accused Products").

5. Repairify contends that Elitek directly infringes each Asserted Claim.

6. Repairify contends that Elitek and its customers jointly infringe each Asserted Claim.

7. Repairify contends that Elitek induces the infringement of each Asserted Claim.

8. Repairify contends that Elitek contributes to the infringement of each Asserted Claim.

9. Repairify contends that Elitek's infringement has been and continues to be willful at least since the first date of infringement because Elitek had actual knowledge of the Asserted Patents before that date.

10. Repairify contends that the Asserted Claims are valid and enforceable.

11. Repairify contends that the Asserted Claims are not invalid for any reason, including under 35 U.S.C. §§ 101, 102, 103, or 112.

12. Repairify contends that the claims of the Asserted Patents are not unenforceable for any reason.

13. Repairify contends that Elitek had actual knowledge of the existence of and its infringement of each of the Asserted Patents, at least as early as the first date of infringement.

14. Repairify contends that Elitek intends that its customers and personnel take actions that constitute and/or contribute to, the infringement of the Asserted Claims.

15. Repairify contends that it has suffered damages in an amount to be determined at trial that is not less than a reasonable royalty adequate to compensate it for Elitek's infringement of the Asserted Patents as a direct and proximate cause of Elitek's infringement and is entitled to an award of damages adequate to compensate it for Elitek's infringement.

16. Repairify contends that it is entitled to an award of compensatory damages arising out of Elitek's infringement, including damages for any continuing post-verdict infringement up until entry of the final judgment and increased damages for Elitek's willful infringement, together with pre-judgment and post-judgment interest thereon.

17. Repairify contends that it is entitled to an award its of costs, interest, and reasonable attorneys' fees.

18. Repairify contends that it is entitled to an accounting for future sales and an award of compensatory damages arising out of Elitek's ongoing infringement and increased damages for Elitek's ongoing willful infringement.

19. To the extent not already addressed above, Repairify disagrees with Elitek's contentions below.

### B.   Elitek's Contentions

By providing these contentions, Elitek does not concede that any of these issues are appropriate for trial (at all or to a jury).  In particular, Elitek does not waive any of its pending or future filed motions, which if granted wound render some or all of these issues moot.  Nor does Elitek concede that all of the contentions made by Repairify or listed below have been properly pled or raised by Repairify.

1. Elitek contends that Repairify does not own the '500 and '334 Patents.

2. Elitek contends that neither it nor its customers infringe directly or indirectly any Asserted Claims and that the manufacture, use, sale, offer for sale, and/or importation of the Accused Products do not infringe directly or indirectly any Asserted Claims.

3. Elitek contends that it does not directly infringe any Asserted Claim.

4. Elitek contends that it and its customers do not jointly infringe any Asserted Claim.

5. Elitek contends that it does not induce the infringement of any Asserted Claim.

6. Elitek contends that it does not contributory the infringement of any Asserted Claim.

7. Elitek denies that any alleged infringement was willful.

8. Elitek contends that the Asserted Claims are invalid under 35 U.S.C. § 101 because they are directed at an abstract idea without any inventive concept.

9. Elitek contends that the Asserted Claims are invalid under 35 U.S.C. §§ 102, 103 as anticipated and/or obvious in view of the prior art.

10. Elitek contends that the Asserted Claims are invalid under 35 U.S.C. § 112 for lack of written description and for lack of enablement.

11. Elitek contends that the Asserted Claims are unenforceable for inequitable conduct.

12. Elitek contends that Repairify's conduct bringing and/or maintaining this case justifies finding this dispute an exceptional case under 35 U.S.C. § 285, and Elitek is entitled to its costs, expenses, and reasonable attorney fees. Elitek also contends that to the extent any recover by Repairify is less than the amount offered by Elitek in its Rule 68 Offer of Judgment it is entitled to its costs.

13. Elitek contends that Repairify is not entitled to any damages whatsoever, including costs, interests, or attorney fees.

14. Elitek contends that Repairify's damages calculations, if the Asserted Claims were determined to be not invalid and infringed, are inflated, inaccurate, and unsupported by the evidence.

15. Elitek contends that Repairify is not entitled to any supplemental damages or any accounting for damages or attorney fees, expenses, or costs.

16. To the extent not already addressed above, Elitek disagrees with Repairify's contentions above.

IV.   **STIPULATED FACTS**

    A.   The Asserted Patents

        1.   The '313 Patent

United States Patent No. 8,688,313 is entitled "Remote Vehicle Programming System and Method."

        2.   The '500 Patent

United States Patent No. 9,684,500 is entitled "Remote Vehicle Programming System and Method."

        3.   The '334 Patent

United States Patent No. 10,528,334 is entitled "Remote Vehicle Programming System and Method."

    B.   **The Asserted Claims**

The patent claims at issue are Claims 1, 5, and 13 of the '313 Patent, Claims 1 and 7 of the '500 Patent, and Claims 1, 5, and 6 of the '334 Patent, collectively, the "Asserted Claims" of the "Asserted Patents."

Claim 1 of the '313 Patent, Claim 1 of the '500 Patent, and Claim 1 of the '334 Patent are independent claims.

Claim 5 of the '313 Patent depends from independent claim 1.

Claim 13 of the '313 Patent depends from independent claim 9.

Claim 7 of the '500 Patent depends from independent claim 1.

Claims 5 and 6 of the '334 Patent each depend from independent claim 1.

## V. DISPUTED ISSUES OF LAW

The Parties have disputes of law regarding ownership, patentability, infringement, validity, willfulness, and damages that are identified in motion papers that have been previously filed by the Parties and the Parties' motions in limine or objections to evidence to be filed according to the Court's Scheduling Order that need to be decided. On May 1, 2024, Repairify provided its proposal to Elitek for disputed issues of law.  On May 2, 2024 Elitek responded by indicating that Elitek will be submitting a memorandum of law to address two additional disputes of law between the Parties. Repairify objects as Elitek did not disclose its intent to submit such a memorandum until May 2, 2024, and had not provided Repairify with its memorandum at least as of close of business on May 3, 2024. Repairify reserves its right to move to strike Elitek's memorandum, file a responsive memorandum, and/or seek other relief.  Elitek notes that the Amended Scheduling Order on Pretrial Procedures requires filing of memorandum on disputed issues of law with the Joint Pretrial Order, and Elitek is unaware of any requirement that they be exchanged before filing the Joint Pretrial Order.

## VI. DEPOSITIONS DESIGNATIONS

Elitek will be submitting a separate document reflecting the designated deposition testimony and objections. Repairify reserves its rights to object to Elitek's submission. The Parties intend to continue to meet and confer regarding deposition designations.

## VII. ATTACHMENT—EXHIBITS

Repairify's proposal for the Parties' Joint Exhibit list is attached hereto as Exhibit A. Repairify did not provide its proposal for the joint exhibit list until after 3 p.m. CT on May 3, 2024 (the day the Joint Pretrial Order is due) and as such Elitek has not had sufficient opportunity to

8

review it before the Court's deadline. Both parties reserve their rights to object, modify, remove, or add exhibits from the exhibit lists. The Parties intend to continue to meet and confer regarding the exhibit lists. Repairify's Amended Exhibit List is attached as Exhibit B1 and Elitek's objections thereto are attached as Exhibit B2. Elitek's May 3, 2024 Amended Exhibit List is attached as Exhibit C1. Repairify's objections to Elitek's original Exhibit List are attached as Exhibit C2, and Repairify reserves the right to serve additional objections to Elitek's Amended Exhibit List. The parties will continue to meet and confer regarding their respective exhibits and objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## VIII.    ATTACHMENT—WITNESS LISTS

Repairify's amended witness list and Elitek's objections thereto is attached as Exhibit D. Elitek's amended witness list is attached as Exhibit E. The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## IX.    ATTACHMENT—MOTIONS *IN LIMINE*

A copy of Repairify's Motions *in Limine* (Dkt. 235) is attached as Exhibit F. A copy of Elitek's Motions *in Limine* (Dkt. 233) is attached as Exhibit G.

## X.    ATTACHMENT—AGREED JURY CHARGE

Repairify's proposal for the Parties' joint and disputed proposed preliminary jury instructions are attached as Exhibit H1. Repairify's proposal for the Parties' joint and disputed proposed final jury instructions are attached as Exhibit I1. Repairify did not provide these

proposals until almost 4 p.m. CT on May 3, 2024 (the day the Joint Pretrial Order is due) and as such Elitek has not had sufficient opportunity to review them before the Court's deadline. Accordingly, Elitek reserves its rights to object, modify, remove, or add jury instructions. Attached as Exhibits H2 and I2, respectively, are Elitek's objections and counterproposal to Repairify's proposed preliminary and final jury instructions that were provided to Repairify on April 16, 2024.  The Parties intend to continue to meet and confer regarding proposed jury instructions.

## XI. ATTACHMENT—*VOIR DIRE*

The Parties jointly proposed *voir dire* is attached as Exhibit J.

## XII. ELITEK'S REQUEST FOR A BENCH TRIAL – INEQUITABLE CONDUCT

Given the short trial week and the number of witnesses currently being contemplated to testify live on inequitable conduct (6), Elitek respectfully requests that the Court hold the bench trial on inequitable conduct at a later date, if summary judgment has not been granted on that issue and if necessary.  Repairify opposes this request. The Parties will be prepared to provide their positions on Elitek's request at the Joint Pretrial Conference.

Dated:  May 3, 2024    Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Ave. Suite B

Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Arthur Wellman (*admitted pro hac vice*)
PRANGER LAW PC
88 Guy Place, Suite 405
San Francisco, CA 94105
Tel: (415) 885-9800
Fax: (415) 944-1110
Email: awellman@prangerlaw.com

**Counsel for Plaintiff, Repairify, Inc.**

/s/ Barry F. Irwin
Barry F. Irwin, P.C. (admitted *pro hac*)
Joseph A. Saltiel (admitted *pro hac*)
Jason J. Keener (admitted *pro hac*)
Iftekhar A. Zaim (admitted *pro hac*)
Andrew D. Gordon-Seifert (admitted *pro hac*)
Alexander S. Bennett (admitted *pro hac*)
Emad Mahou (admitted *pro hac*)
**IRWIN IP LLP**
150 N Wacker Dr., Ste. 700
Chicago, IL 60606
(312) 667-6080 (Telephone)
birwin@irwinip.com
jsaltiel@irwinip.com
jkeener@irwinip.com
izaim@irwinip.com
agordon-seifert@irwinip.com
abennett@irwinip.com
emahou@irwinip.com

Barry K. Shelton
Texas State Bar No. 24055029
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
bshelton@winston.com
(214) 453-6407 (Telephone)

Mark D. Siegmund
Texas State Bar No. 24117055
**CHERRY JOHNSON**
**SIEGMUND JAMES PLLC**
400 Austin Avenue, 9th Floor
Waco, TX 76701
msiegmund@cjsjlaw.com
(254) 732-2242 (Telephone)

*Attorneys for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on May 3, 2024 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Eric H. Findlay*
Eric H. Findlay
