IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| REPAIRIFY, INC., a Delaware corporation, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Cause No. 6:21-cv-00819-ADA-DTG |
| KEYSTONE AUTOMOTIVE INDUSTRIES, INC., a California corporation d/b/a Elitek Vehicle Services, and DOES 1 through 20, inclusive, | § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**PLAINTIFF REPAIRIFY, INC.'S OPPOSED MOTION FOR PARTIAL RECONSIDERATION OF PRELIMINARY RULING GRANTING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF TECHNICAL EXPERTS (DKT. 162) AND ALTERNATIVE MOTION TO SUBSTITUTE EXPERT**

Plaintiff Repairify, Inc. ("Repairify") respectfully moves this Court for reconsideration of its preliminary ruling indicating that the Court will grant-in-part Defendant Keystone Automotive Industries, Inc.'s ("Elitek") Motion to Exclude Testimony of Technical Experts ("Mot.") (Dkt. 162). In the alternative, Repairify moves for an order allowing it to substitute expert Anthony DeRosa to offer the excluded opinions of expert Myles Kitchen.

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................................1
II. PROCEDURAL BACKGROUND......................................................................................1
III. MOTION FOR RECONSIDERATION OF EXCLUSION OF KITCHEN'S OPINIONS.3
   A. Legal Standard ...........................................................................................................3
   B. Kitchen is Qualified to Testify Regarding Enablement of the Asserted Patents ..........4
IV. ALTERNATIVE MOTION TO SUBSTITUTE EXPERT WITNESS ...............................6
V. CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Austin v. Kroger Tex.*, L.P.,
 864 F.3d 326 (5th Cir. 2017) ............................................................................................... 3

*CloudofChange, LLC v. NCR Corp.*,
 No. 6:19-CV-00513-ADA, 2021 WL 12093334 (W.D. Tex. Nov. 9, 2021) ............................. 4

*Hoffman v. Tonnemacher*,
 362 Fed. App'x 839 (9th Cir. 2010) ..................................................................................... 6

*In re Porter McLeod, Inc.*,
 196 F.R.D. 389 (D. Colo. 2000) ........................................................................................... 9

*Payne v. C.R. Bard, Inc.*,
 606 F. App'x 940 (11th Cir. 2015) ..................................................................................... 10

*Rimbert v. Eli Lilly & Co.*,
 647 F.3d 1247 (10th Cir.2011) ............................................................................................ 8

*S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
 315 F.3d 533 (5th Cir.2003) ................................................................................................ 6

*Squyres v. Heico Companies, L.L.C.*,
 782 F.3d 224 (5th Cir. 2015) ............................................................................................... 7

*Summers v. Missouri Pacific R.R. Syst.*,
 132 F.3d 599 (10th Cir. 1997) ............................................................................................. 9

*Tomax AS v. Turbo Drill Indus., Inc.*,
 No. 6:21-CV-00260-ADA, 2023 WL 3171744 (W.D. Tex. Apr. 6, 2023) ............................... 3

*United States v. An Easement*,
 No. 5:14-CV-0032-JEO, 2016 WL 6824430, (N.D. Ala. Jan. 22, 2016) ............................... 9

**Rules**

Fed. R. Civ. P. 16(b)(4) ............................................................................................................. 6

Fed. R. Civ. P. 54(b) ............................................................................................................. 1, 3

Fed. R. Civ. P. 59(e) ................................................................................................................. 4

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 54(b), Repairify respectfully moves this Court for reconsideration of its ruling excluding certain of Kitchen's opinions because Elitek's motion was based on an attempt to define the required level of expertise far too narrowly, which is a manifest error of law.

In the alternative, Repairify respectfully moves for leave to serve an expert report by already-disclosed expert Anthony DeRosa in rebuttal to limited portions of the October 3, 2023 opening expert report on invalidity of Elitek's expert, Steven Loudon. Specifically, Repairify seeks leave to file a rebuttal report wherein DeRosa would adopt and offer the same opinions regarding enablement that Kitchen was excluded from offering by this Court's ruling. The proposed DeRosa's rebuttal report would simply recite the excluded opinions and factual bases verbatim or close to verbatim. Elitek would not be prejudiced by this substitution and report because it already has knowledge of the opinions and bases and is familiar with DeRosa and his qualifications, having deposed him twice already. Repairify would also produce DeRosa for a short, targeted deposition if Elitek would like one.

II. **PROCEDURAL BACKGROUND**

Defendant Elitek brought a Motion to Exclude Testimony of Technical Experts relating to Repairify's intent to offer expert testimony from Anthony DeRosa and Myles Kitchen. The Motion to Exclude came on for hearing before this Court on May 23, 2024 at the pretrial conference. Following oral argument, the Court stated that it would grant the Motion as to Kitchen and deny it as to DeRosa.

Based on the context of the oral arguments and the Court's questions, Repairify understood the Court to only be ordering exclusion of certain of Kitchen's opinions and not the full scope of exclusion sought in Elitek's Motion. Specifically, Repairify believes the Court's ruling was only

1

to exclude Kitchen's opinion on whether the Asserted Patents are enabled and to strike the corresponding section of his rebuttal report on enablement (¶¶ 184-235). *See* Motion at 9-11. In its Motion, Elitek argued that the basis for this exclusion was Elitek's contention that Kitchen was not qualified to offer such testimony because he lacks "experience in developing hardware and software," and the ability "to reverse engineer communication protocols used by OEMs." Motion at 10-11. During oral argument at the pretrial conference, the Court appeared to only take issue with the depth of Kitchen's software experience. Dkt. 263 at 84:4-87:10; *see, e.g.*, *id.* at 84:24-85:1 ("[W]hat [is] Kitchen's experience [] with software?"); 85:8-10 ("[W]hat software experience does he have?"); 86:2-4 ("I'm trying to figure out what he knows about software programming.").

In meet and confer, Elitek has taken the position that the Court's ruling was to grant Elitek's Motion in its entirety as to Kitchen's opinions that Elitek sought exclusion of. Elitek is ignoring that its Motion did not rely on Kitchen's purported lack of software experience as grounds for *any* of its arguments to exclude Kitchen's other opinions. Rather, Elitek sought exclusion of Kitchen's opinions as to one piece of prior art, Weiss, on the grounds that he lacked "expertise with GSM technology," a topic on which there was no discussion or argument at the pretrial conference. Further, Elitek's Motion to exclude Kitchen's opinions rebutting Elitek or its invalidity expert's arguments or opinions on anticipation references, obviousness combinations, or written description/enablement was based on the grounds that Kitchen purportedly "applied the incorrect legal standard[s] …." *Id.* at 12-13. Further, *immediately* following the Court's preliminary ruling as to Kitchen, the Court stated it was going to deny Elitek's motion for summary judgment of invalidity. Dkt. 263 at 87:12-13. Yet, Elitek did not contend at the hearing, as it had in its motion for summary judgment, that an order excluding Kitchen's opinions would compel grant of the motion for summary judgment. Dkt. 173 at 10. Taken together, based on Repairify's understanding

2

of the Court's preliminary ruling, Repairify presently only seeks reconsideration of the Court's exclusion as to Kitchen's opinions on enablement and the alternative relief described below.[1]

### III.    MOTION FOR RECONSIDERATION OF EXCLUSION OF KITCHEN'S OPINIONS

#### A.    Legal Standard

Under Federal Rule of Civil Procedure 54(b), a court that enters any order or decision adjudicating "fewer than all of the claims or the rights and liabilities of fewer than all the parties" retains the ability to revise its ruling "at any time before the entry of a final judgment adjudicating all claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Thus, under Rule 54(b), the Court can reverse an interlocutory order … 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Tomax AS v. Turbo Drill Indus., Inc.*, No. 6:21-CV-00260-ADA, 2023 WL 3171744, at *2 (W.D. Tex. Apr. 6, 2023), *judgment entered sub nom. Tomax AS v. Turbodrill Indus., Inc.*, No. 6:21-CV-00260-ADA, 2023 WL 3163836 (W.D. Tex. Apr. 12, 2023) (quoting *Austin v. Kroger Tex.*, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (holding that Fed. R. Civ. P. 54(b) applies to interlocutory orders)). Pursuant to Rule 54(b), this Court has broad discretion and "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Kroger*, 864 F.3d at 336-37 (reversing denial of motion for reconsideration where trial court erroneously applied "the heightened standard of Rule 59(e) to deny [Plaintiff-appellant]'s motion for reconsideration.").

---

[1] On May 29, 2024, Repairify asked the Court for clarification on the scope of its preliminary ruling. To the extent that is not resolved before filing of this motion, Repairify respectfully requests that the Court construe this motion to also include a motion for clarification. If Repairify is mistaken as to the scope of the exclusionary order as to Kitchen, it respectfully reserves its right to seek reconsideration and other relief.

3

### B. Kitchen is Qualified to Testify Regarding Enablement of the Asserted Patents

The Fifth Circuit has cautioned that trial courts should refrain from "turn[ing] the expert-qualification process into a battle of labels where expertise is defined so narrowly that qualified experts are irrationally excluded from testifying." *Williams v. Manitowoc Cranes, LLC*, 898 F.3d 607, 625 (5th Cir. 2018) (rejecting appellant's argument that a mechanical engineer with a background in warnings and small crane design was not qualified to testify about warnings for a crawler crane). In general, "[t]he standard for qualifying expert witnesses is fairly liberal; the witness need not have specialized expertise in the area directly pertinent to the issue in question if the witness has qualifications in the general field related to the subject matter in question." *CloudofChange, LLC v. NCR Corp.*, No. 6:19-CV-00513-ADA, 2021 WL 12093334, at *2 (W.D. Tex. Nov. 9, 2021) (quotation marks and citations omitted)

Elitek acknowledges that the enablement question concerns whether a person of ordinary skill in the art ("POSITA") would be able to practice the claimed invention without undue experimentation. Mot. at 9-10. Yet *nowhere* in its Motion does Elitek contend that Kitchen is not a POSITA. Indeed, Elitek has *never* contended that Kitchen is not a POSITA. Elitek made no such challenge to Kitchen's qualifications when he submitted a declaration in support of Repairify's claim construction briefing (Dkt. 41-1). While Elitek certainly criticized Kitchen's analysis during claim construction, it *never* argued he was not a POSITA. Dkt. 42. Elitek's failure to argue, much less establish, that Kitchen is not a POSITA is sufficient grounds to deny the Motion.[2]

---

[2] Kitchen's unrebutted qualifications as a POSITA are set forth in multiple places in the record and incorporated by reference. *See, e.g.*, Dkt. No. 41-1 at ¶¶ 8-14. Repairify's opposition brief pointed to Kitchen's unchallenged status as a POSITA as grounds for denial of Elitek's Motion. Dkt. 203 at 16-17 ("Kitchen's expertise, analysis, and familiarity include an understanding that different OEMs may use different proprietary communication protocols, including on pins other than those mandated under federal standards. ... Kitchen is very familiar with the automotive

Elitek found itself unable to argue that Kitchen is not a POSITA at least because it submitted an expert report from Dr. Mark Crovella, a professor of computer science. Dr. Crovella's area of expertise is computer networking and he has not testified that he has experience with automotive electronics, such as reverse engineering OEM protocols, or that he has ever developed any hardware. Dkt. 203-4 at ¶¶ 1-15. Despite this, Elitek has put forward Dr. Crovella as a person qualified to offer opinions on the Asserted Patents, their prosecution histories, and certain prior art references. *Id*. at ¶ 1. Elitek could not have argued that Kitchen is not a POSITA without effectively admitting that by its own standard, its own expert is not a POSITA and is therefore unqualified to offer any opinions in this case.

Thus, instead of applying the correct POSITA standard, Elitek's Motion as to Kitchen's enablement opinions is based on the mistaken premise that to be qualified to offer such an opinion, a POSITA must be capable of performing, on their own, *each and every step* needed to *literally build* the claimed invention. Mot. at 9-11; *id* at 11 ("Kitchen admitted that he never attempted to *build* a device that could practice any of the Asserted Claims.") (emphasis added). Elitek cites no case law for this proposition and Repairify is aware of none. Indeed, the premise does not survive scrutiny; a person could be a POSITA in engineering skyscrapers without having the training needed to weld the steel beams or any of the hundreds of specialized skills needed to construct the finished product. It is likely beyond reasonable dispute that the vast majority of modern patents would require more than a single person to bring the invention from specification to the production line. There is no reason that a POSITA who, by definition, can understand the disclosures of a patent's specification, must also possess every technical skill needed to *literally build*, by

---

industry, and scan tools and their use, and took that into account (including having to reverse engineer certain aspects) in offering his opinions.").

themselves, the entire invention. Elitek's position defies logic, common sense, and has no support in the law.

In summary, Elitek's arguments that Kitchen—despite being a POSITA—can only opine on enablement if he were, as a single individual, able to code the requisite software, develop the hardware, and reverse engineer the automotive protocols are based on a manifest misrepresentation of the law and must fail.

## IV. ALTERNATIVE MOTION TO SUBSTITUTE EXPERT WITNESS

If the Court denies reconsideration of its preliminary ruling excluding Kitchen's opinions on enablement, Repairify moves in the alternative for permission to substitute its already-disclosed expert Anthony DeRosa to offer the opinions Kitchen has been excluded from offering due to his purported lack of qualifications.

Motions to substitute expert witnesses are essentially motions to amend the scheduling order. *Hoffman v. Tonnemacher*, 362 Fed. App'x 839, 840 (9th Cir. 2010). Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (quotation marks and citation omitted). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation marks and citation omitted).

Applying these considerations to the facts, good cause exists. First, Repairify did not fail,

6

in the first instance, to comply with the scheduling order's deadline to serve rebuttal expert reports. Rather, Repairify timely submitted an expert rebuttal report authored by Kitchen. Repairify's need to substitute experts after the scheduling order's deadline did not arise until May 23, 2024 when this Court made its preliminary ruling regarding Kitchen.

Second, the importance of the modification is significant: Elitek intends to introduce expert opinion at trial that the Asserted Patents are invalid on the grounds that they are not enabled. Mot. at 10 (citing Dkt. 162-7 ("Ex. K"), Loudon Invalidity Report). Repairify's ability to rebut Elitek's enable invalidity argument would be hampered if it cannot introduce contrary expert opinions and testimony.

Third, there is limited, if any, prejudice to Elitek as Repairify only seeks to submit a nearly (if not actually) verbatim report from DeRosa containing the same opinions and bases as Kitchen regarding enablement of the Asserted Patents. Further, Repairify disclosed DeRosa as an expert more than one year ago and he has authored two reports in this case—he is not a "new" expert that it unknown to Elitek. Indeed, Elitek has already deposed DeRosa twice. Nor would Elitek have any ground to argue it may need to move to exclude the proposed DeRosa opinions on enablement because this Court already found that DeRosa is a POSITA when it denied Elitek's Motion with respect to DeRosa. Dkt. 263 at 87.

In meet and confer, Elitek contended it would suffer prejudice if DeRosa were substituted because Elitek would want to depose him on his substitute opinions. Repairify indicated that it would make DeRosa available for such a deposition, but Elitek's counsel rejected the possibility and insisted that they would rather be preparing for trial. Repairify understands this sentiment, but Elitek has more than enough attorneys working this case to cover a limited deposition on a topic they have already been prepared for (and have already deposed one expert on) with a witness they

have already deposed twice. Elitek already knows the arguments and evidence it will introduce in response to the substituted opinions, so it is no doubt already well prepared. Elitek presently has eleven attorneys of record in this case and others working on the case who have not appeared yet have been included on email correspondence between counsel. To the extent Elitek wishes to depose DeRosa on the substituted opinions, it has the staffing to do so. Because there is limited to no prejudice to Elitek, the final factor related to a continuance is immaterial. But even in view of the prejudice that Elitek will argue, there is sufficient time between now and the start of trial on June 17 for a limited deposition of DeRosa.

Elitek will point out in opposition that courts often deny motions such as Repairify's when the basis for substitution is that a prior expert was excluded. Yet it remains within this Court's discretion for an important reason, which is that when "a scheduling order can have an outcome-determinative effect on the case ... total inflexibility is undesirable." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir.2011) (citation and quotation marks omitted). Further, "[a] scheduling order which results in the exclusion of evidence is ... a drastic sanction." *Id*. (citation and quotation marks omitted).

While Elitek will be able to point to cases where a late substitution of experts was denied, this situation is different from many others. First, Elitek did not challenge Kitchen's qualifications as a POSITA during claim construction (and still has not), making its late *Daubert* challenge unexpected. Second, Kitchen's opinions were not excluded because of his methodology so DeRosa is able to offer them verbatim or close to. Third, Repairify is not seeking to "upgrade" its expert or offer any additional evidence or opinions. Fourth, the proposed substitute expert DeRosa is well known by Elitek and has already been approved by this Court as a POSITA. Finally, Repairify only seeks to substitute DeRosa for a specific and limited opinion on enablement—this is not a

wholesale change of experts. All this means that there will be little prejudice to Elitek, save an optional hour or two of deposition, which does not compare to the prejudice to Repairify of losing an expert opinion on an important issue of the validity of its Asserted Patents.

Courts can and have allowed substitution of experts necessitated by a successful *Daubert* challenge. In *United States v. An Easement*, No. 5:14-CV-0032-JEO, 2016 WL 6824430, (N.D. Ala. Jan. 22, 2016), the trial court granted the Government's *Daubert* motions to exclude the opposition from offering expert opinions on damages. 2016 WL 6824430 at *1. Despite the case being just *twenty-six days from trial*, the court nevertheless allowed substitution of experts. Ex. 1 (*United States v. An Easement*, No. 5:14-CV-0032-JEO, Dkt. 51 (scheduling order). Here, this Court indicated that Kitchen's enablement opinions would be excluded twenty-five days before trial and Repairify asked for Elitek to agree to substitution just twenty-three days before trial. While Elitek may point out that the *An Easement* case also required a continuance of trial, that should not distinguish the case as a short deposition of DeRosa in the coming weeks would not require a continuance.

Other courts have similarly allowed substitution, albeit further out from trial. *See, e.g.*, *Summers v. Missouri Pacific R.R. Syst.*, 132 F.3d 599 (10th Cir. 1997); *In re Porter McLeod, Inc.*, 196 F.R.D. 389 (D. Colo. 2000); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940 (11th Cir. 2015) (approving of district court's order granting permission to substitute experts although the plaintiff was not able to meet the deadline for a substituted expert report). Repairify submits that the facts in this matter warrant exercise of this Court's discretion to permit Repairify to make a limited substitution of experts in a manner that will not prejudice Elitek.

**V.    CONCLUSION**

For the foregoing reasons, Repairify respectfully requests reconsideration of the Court's preliminary ruling excluding Myles Kitchen's opinions on enablement or alternatively seeks leave

to submit the limited substitution expert report.

Dated: May 31, 2024              Respectfully submitted,

                                         By: */s/ Eric H. Findlay*
                                         Eric H. Findlay
                                         State Bar No. 00789886
                                         Brian Craft
                                         State Bar No. 04972020
                                         FINDLAY CRAFT, P.C.
                                         7270 Crosswater Ave. Suite B
                                         Tyler, Texas 75703
                                         Tel: (903) 534-1100
                                         Fax: (903) 534-1137
                                         Email: efindlay@findlaycraft.com
                                         Email: bcraft@findlaycraft.com

                                         Arthur Wellman (*admitted pro hac vice*)
                                         PRANGER LAW PC
                                         88 Guy Place, Suite 405
                                         San Francisco, CA 94105
                                         Tel: (415) 885-9800
                                         Fax: (415) 944-1110
                                         Email: awellman@prangerlaw.com

                                         **Counsel for Plaintiff, Repairify, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on May 31 2024 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on May 28, 2024 counsel for Plaintiff Repairify, Inc. and counsel for Defendant Keystone Automotive Industries, Inc., d/b/a Elitek Vehicle Services, met and conferred and Defendant opposes this motion.

*/s/ Eric H. Findlay*
Eric H. Findlay