**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| REPAIRIFY, INC., and | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cv-00819-ADA-DTG |
| | ) | |
| v. | ) | |
| | ) | |
| KEYSTONE AUTOMOTIVE | ) | **JURY TRIAL DEMANDED** |
| INDUSTRIES, INC. d/b/a ELITEK | ) | |
| VEHICLE SERVICES, and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSED MOTION FOR SUMMARY JUDGMENT OF**
**UNENFORCEABILITY OF U.S. PATENT NO. 10,528,334**

## I.        INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56, Defendant Keystone Automotive Industries, Inc. ("Elitek") respectfully moves for summary judgment that U.S. Patent No. 10,528,334 (the "'334 Patent") is unenforceable.  At the pre-trial conference, this Court granted-in-part Elitek's Motion to Dismiss (Dkt. No. 55), finding that Repairify did not own U.S. Patent No. 9,684,500 (the "'500 Patent") when the Complaint was filed.  Furthermore, Repairify has not produced any documents evidencing assignment of the '500 Patent.  *See* Dkt. No. 55 at 7-8; Keener Decl. at ¶ 4.  The Court's ruling also implicitly found that Repairify owned the '334 Patent at the time of the Complaint.  Keener Decl. at ¶ 5, Ex. A at 21:1–3.[1]  But the '334 Patent is subject to a terminal disclaimer, rendering it unenforceable.  The terminal disclaimer reads:

> The owner hereby agrees that any patent so granted on the instant application [the '334 Patent] shall be enforceable only for and during such period that it and the prior patent [the '500 Patent] are commonly owned.

Ex. B.  The divided ownership of the '500 and '334 Patents renders the '334 Patent unenforceable.

## II.        The Terminal Disclaimer Renders the '334 Patent Unenforceable.[2]

Terminal disclaimers render a patent unenforceable when the disclaimed patent is not commonly owned with the prior patent.  *See, e.g.*, *Email Link Corp. v. Treasure Island, LLC*, 2012 WL 4482576, at *4 (D. Nev. Sept. 25, 2012); *Enovsys LLC v. Nextel Commc'ns, Inc.*, 2008 WL 8773518, at *1 (C.D. Cal. Feb. 26, 2008) (citing MPEP 706.02(l)(2)(I) (2008)).

This Court's ruling, combined with the absence of any evidence of a post-filing transfer, establishes that Repairify has **never** owned the '500 Patent, and until that defect is remedied, the

---

[1] Unless otherwise indicated, citations are to the exhibits attached to the Keener Declaration.

[2] Courts are split on whether this is an issue of standing or enforceability.  *Integrity Worldwide, Inc. v. Rapid-EPS Ltd.*, 3:17-cv-00055-ADA, 2021 WL 3130082 *4 (W.D. Tex. July 22, 2021).  Either way, Repairify has no right to enforce the '334 Patent.

'334 Patent is unenforceable.  *See Email Link*, 2012 WL 4482576, at *3 ("[B]inding Federal Circuit precedent . . . holds that if the ownership of a disclaimed patent is separated from the prior patent, the disclaimed patent is not enforceable.") (citing *Merck & Co. Inc. v. U.S. Int'l Trade Comm'n*, 774 F.2d 483, 485 (Fed. Cir. 1985)); *Voda v. Medtronic, Inc.*, 2011 WL 10820070, at *2 (W.D. Okla. Aug. 17, 2011) ("[P]laintiff must not only own all three patents **for** the period he seeks enforcement of the [patent-at-issue], he must also own all three patents **during** the period he files suit to do so.") (emphasis in original).  As there is no dispute that the '334 Patent is not commonly owned with the '500 Patent, summary judgment is appropriate.  *See* Fed. R. Civ. P. 56(a).

## III.    The Court Cannot Ignore the Terminal Disclaimer.

Repairify asserts that even if the '500 and '334 Patents were not co-owned, the '334 Patent is enforceable because if Repairify did not own the '500 Patent, then the terminal disclaimer should not have been allowed, and the Court should ignore it.  Keener Decl. at ¶ 7.  However, a terminal disclaimer is a binding promise not to enforce the patent under specific circumstances.  *See In re Dinsmore*, 757 F.3d 1343, 1347 (Fed. Cir. 2014) (finding the promise that "the patent will not be enforced except when owned by the owner of the [prior patent]" is "clear on its face" and "can readily be given effect"); *see also* 37 CFR § 1.321(b) ("Such terminal disclaimer is binding upon the grantee and its [] assigns.").  Second, the terminal disclaimer was the only grounds for overcoming a double patenting rejection.  Exs. C at 3–4; D at 1–2.  Absent the terminal disclaimer, the '334 Patent would not have issued.  *See* Ex. E; *Miller v. Eagle Mfg. Co.*, 151 U.S. 186, 197 (1894) ("well-settled rule that two valid patents for the same invention cannot be granted").

## IV.    The Court's Decision as to the '500 Patent Should Not Be Reconsidered.

Repairify also asserts the Court should reconsider its ruling on Elitek's Motion to Dismiss.  Keener Decl. at ¶ 7.  Implicitly, Repairify acknowledges the terminal disclaimer prevents

enforcement of the '334 Patent as the Court also dismissed the '500 Patent on summary judgment of no infringement, meaning reconsideration of the Court's Order as to ownership of the '500 Patent has no impact on the trial except that it eliminates the '334 terminal disclaimer problem. (Dkt. No. 169).

Repairify asserts the Court did not properly consider the Bankruptcy Order.  But this Court questioned Repairify on the order for nearly 10 minutes and came to a decision that was not a "manifest error of fact or law."  Ex. A at 11:11–14:18; *see Finalrod IP, LLC v. John Crane*, No. 7:15-cv-00097-ADA, 2019 WL 13074181, at *1 (W.D. Tex. July 18, 2019).  Repairify followed up with four additional arguments: (1) intestacy law can transfer patents; (2) courts can transfer patents; (3) the bankruptcy order was a transfer of assets; and (4) ruling the '500 Patent ownerless amounts to an unlawful taking.  Keener Decl. ¶ 11; Ex. F.  Regarding (1), patents are granted to patentee and their ***heirs and assignees*** (35 U.S.C. § 154(a)(1)).  Elitek's motion was based on the lack of assignment.  Regarding (2) and (3), the Bankruptcy Order approves the APA, which is a promise to assign, not an assignment; ruling otherwise not only violates *Abraxis* but renders the APA requirement for patent assignments to be delivered at closing and the '313 Patent Assignment meaningless.  *Res judicata* is inapplicable as the bankruptcy court never addressed ownership of the '500 Patent.  Moreover, *In re O'Dwyer* shows a motion to reopen bankruptcy is the proper way to address property that was mistakenly not transferred.  611 Fed. App'x. 195, 197 (5th Cir. 2015).  Regarding (4), the Court's decision is not an unlawful taking; Repairify's own failure to obtain a written assignment was not government action forcing Repairify to give up its property.

## V.     CONCLUSION

For the foregoing reasons, Elitek respectfully requests that the Court enter summary judgment that the '334 Patent is unenforceable for all time periods relevant to the instant matter.

Dated:  June 3, 2024                              Respectfully submitted,


                                                  By:  *Jason J. Keener*
                                                  Barry F. Irwin, P.C. (admitted *pro hac*)
                                                  Joseph A. Saltiel (admitted *pro hac*)
                                                  Jason J. Keener (admitted *pro hac*)
                                                  Iftekhar A. Zaim (admitted *pro hac*)
                                                  Andrew D. Gordon-Seifert (admitted *pro hac*)
                                                  Alexander S. Bennett (admitted *pro hac*)
                                                  Emad S. Mahou (admitted *pro hac*)
                                                  **IRWIN IP LLP**
                                                  150 N. Wacker Dr., Ste 700
                                                  Chicago, IL 60606
                                                  (312) 667-6080 (Telephone)
                                                  birwin@irwinip.com
                                                  jsaltiel@irwinip.com
                                                  jkeener@irwinip.com
                                                  izaim@irwinip.com
                                                  agordon-seifert@irwinip.com
                                                  abennett@irwinip.com
                                                  emahou@irwinip.com

                                                  Barry K. Shelton
                                                  Texas State Bar No. 24055029
                                                  **WINSTON & STRAWN LLP**
                                                  2121 N. Pearl Street, Suite 900
                                                  Dallas, TX 75201
                                                  bshelton@winston.com
                                                  (214) 453-6407 (Telephone)

                                                  Mark D. Siegmund
                                                  Texas State Bar No. 24117055
                                                  **CHERRY JOHNSON**
                                                  **SIEGMUND JAMES PLLC**
                                                  400 Austin Avenue, 9th Floor
                                                  Waco, Texas 76701
                                                  msiegmund@cjsjlaw.com
                                                  (254) 732-2242 (Telephone)
                                                  *Attorneys for Defendant Keystone Automotive*
                                                  *Industries, Inc. d/b/a Elitek Vehicle Services*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system.

/s/ *Alyssa Allegretti*
Alyssa Allegretti

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that the parties met and conferred with respect to this

motion.  No agreement was reached between the parties as Plaintiff indicated that it opposed this.

/s/ *Jason J. Keener*
Jason J. Keener