**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| REPAIRIFY, INC., and | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-cv-00819-ADA-DTG |
| | ) | |
| v. | ) | |
| | ) | |
| KEYSTONE AUTOMOTIVE | ) | **JURY TRIAL DEMANDED** |
| INDUSTRIES, INC. d/b/a ELITEK | ) | |
| VEHICLE SERVICES, and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ELITEK'S OPPOSITION TO PLAINTIFF REPAIRIFY INC.'S
OPPOSED MOTION FOR PARTIAL RECONSIDERATION OF PRELIMINARY
RULING GRANTING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF
TECHNICAL EXPERTS (DKT. 162) AND ALTERNATIVE MOTION TO SUBSTITUTE
EXPERT**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. REPAIRIFY'S REQUEST FOR RECONSIDERATION IS AN IMPROPER ATTEMPT TO REARGUE THE COURT'S RULING. ......................................................1

    A. Repairify Did Not Identify Any Basis for Reconsideration. .......................2

    B. Kitchen is Not Qualified to Testify on the Asserted Patents. ....................2

III. THE COURT SHOULD DENY PLAINTIFF'S ALTERNATIVE MOTION TO SUBSTITUTE EXPERT WITNESS ....................................................................................5

    A. Repairify Failed to Justify its Timing. ..............................................6

    B. Repairify's Actions Negate the Importance of the Substitution. ...............7

    C. Elitek Will Be Prejudiced By a Substitution Less Than a Week Before Trial. ..........................................................................................7

    D. A Continuance Will Not Cure the Prejudice .................................9

IV. CONCLUSION .....................................................................................................................9

I.      INTRODUCTION

Defendant Keystone Automotive Industries, Inc. ("Elitek") opposes Plaintiff Repairify, Inc.'s ("Repairify") motion for reconsideration of the Court's ruling, excluding the testimony of its expert Myles Kitchen. A motion for reconsideration requires a change in law, new evidence, or a clear error of law. Repairify has not identified any of these in its Motion, and thus, it should be denied. Instead, Repairify re-hashes the same arguments it made at the hearing, *i.e.,* Kitchen is qualified. But as explained in the briefing and at argument, Kitchen is not qualified. Thus, Repairify's motion for reconsideration should be denied for that reason as well.

In the alternative, Repairify requests to substitute Kitchen with another expert, but that relief should be denied. A party should not be allowed to substitute an expert just because that expert has been disqualified. This is especially true here, where the substitution would occur one week prior to trial. Repairify has not identified any support for its request. Such a late substitution would unfairly prejudice Elitek by forcing it during the same week to hastily conduct expert discovery and prepare for trial. Repairify made the tactical mistake of relying on an expert with no programming experience; Elitek should not pay the price for Repairify's mistake. Therefore, the Court should deny Repairify's alternative request to substitute Kitchen for another expert.

II.     **REPAIRIFY'S REQUEST FOR RECONSIDERATION IS AN IMPROPER ATTEMPT TO REARGUE THE COURT'S RULING.**

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Otherwise, motions for reconsideration simply become vehicles "for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* While Federal Rule of Civil Procedure 54(b) permits a court to reconsider a ruling "as justice requires," courts typically apply the Rule 59(e) standard for a motion for reconsideration as that would satisfy the

1

"justice requires" standard. *U.S. v. 89.9270303 Bitcoins*, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021); *see also Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d 367, 380 (N.D. Tex. 2020) (Rule 59 considerations "are informative to the Court's reconsideration of a pre-final-judgment order."); *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 481 (N.D. Tex. 2016) (Rule 59 considerations "inform the court's analysis."). Under Federal Rule of Civil Procedure 59(e), courts may reconsider prior rulings based upon "(a) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

### A.    REPAIRIFY DID NOT IDENTIFY ANY BASIS FOR RECONSIDERATION.

Repairify has not satisfied the "as justice required standard." Repairify has not identified any intervening change in controlling law, any newly discovered evidence, or any need to correct a manifest error in law. Mot. at 4-6. Instead, Repairify merely rehashes arguments that were presented and previously rejected by the Court. *Id.* That is not a proper basis for a motion for reconsideration, and, thus, its motion should be denied. *See Templet,* 367 F.3d at 479 (denying motion for reconsideration as it merely rehashed arguments that were presented or could have been presented); *89.9270303 Bitcoins*, 2021 WL 5203337, at *2 (same).

### B.    KITCHEN IS NOT QUALIFIED TO TESTIFY ON THE ASSERTED PATENTS.

In its motion to exclude Kitchen, Elitek argued that Kitchen was unqualified because he does not have experience designing or developing the type of devices used in the Asserted Patents, including no experience writing software, as Kitchen admitted he is "not a software coder." Dkt. No. 162 at 10-11. Elitek's motion to exclude Kitchen as unqualified focused on two issues: enablement and the technology used in a prior art reference (Weiss). To practice the Asserted Claims, a person of ordinary skill in the art needs to be able to develop software for communication

2

devices. *See* Dkt. No. 162 at 10. Elitek argued that Kitchen is unable to opine on whether a person of ordinary skill in the art could practice the Asserted Claims without undue experimentation because Kitchen does not have experience designing and developing such devices, and, in fact, he is unfamiliar with software generally as he is not a software coder. *Id.* at 11. Further, Elitek argued that Kitchen was unqualified because he lacked knowledge about the communication protocols used by the Weiss prior art reference that precluded him from answering questions about that prior art. Dkt. No. 162 at 11-12.

Kitchen's lack of qualifications with design and development of these devices, including his lack of experience with software programming and the communication protocols used in the Asserted Patents, also make him unqualified to render any opinion regarding validity. To opine on anticipation and obviousness, Kitchen will need to review prior art references that discuss other systems and how those system work. But because Kitchen has no experience in developing or designing those systems, he is unable to reliably opine on whether the disclosures of the prior art meet the limitations of the claims. In other words, he is unable to opine on what a person of ordinary skill in the art would have understood the prior art references to be disclosing or whether a person of ordinary skill in the art would have found it obvious to combine the prior art. Therefore, Kitchen's lack of experience in the design and development of these types of devices (combined with his lack of experience in programming software) renders him unqualified to opine on any issues related to invalidity.

Moreover, Elitek argued that Kitchen should be excluded because his methodology was unreliable. Specifically, Kitchen applied the incorrect legal standards for his validity opinions. Dkt. No. 162 at 12-18. That is, Kitchen applied the wrong legal standard in regard to enablement, anticipation, obviousness, secondary considerations, and written description. *Id.* at 14-18. Not

only is it improper for Kitchen to provide opinions based on an incorrect application of the law, but allowing him to do so to the jury would impermissibly taint the jury in such a way that Elitek cannot cure his legal errors through cross-examination. Therefore, for this additional reason, Kitchen should be excluded from testifying at trial.

In its briefing and at argument, Repairify argued that Kitchen is qualified because he has used scan tools. *See, e.g.,* Dkt. No. 203 at 16. At the hearing, the Court considered and rejected Repairify's argument that a user of scan tools is sufficient experience to qualify them as a person of ordinary skill in the art of the Asserted Patents. *See, e.g.,* Dkt. 263 at 86:1-4 ("THE COURT: Well, I think what he's saying there is that *he owns and uses tools*. I'm trying to figure out what he knows about software programming.") (emphasis added). The Court then granted Elitek's motion to exclude Kitchen. *Id.* at 87:8-9.

In its motion for reconsideration, Repairify raises three arguments. All three arguments were either previously presented or could have been previously presented to the Court. Thus, none of them are proper grounds for a motion for reconsideration. *See Templet,* 367 F.3d at 479; *89.9270303 Bitcoins*, 2021 WL 5203337, at *2. But even if the Court were to consider them, Repairify's arguments still fail.

Repairify first argues that Elitek has never challenged Kitchen's qualifications. Elitek, however, has never conceded that Kitchen is qualified. From the outset of this case, Elitek has consistently stated that a person of ordinary skill in the art requires at least two years of vehicle telematics design experience or equivalent, and Kitchen does not meet that standard. *See, e.g.,* Dkt. No. 39 at ¶ 12. Then, at the time designated by the Court, Elitek filed a motion to exclude Kitchen based on his qualifications, arguing that Kitchen, with no development, design, or

4

software programming experience, is not qualified.  Dkt. No. 162 at 10-11; *see also* Dkt. No. 263 at 78:19-79:4.

Repairify next improperly recycles two of its arguments that have already been rejected by the Court.  Repairify argues that Elitek cannot challenge Kitchen's expertise based on the qualifications of Elitek's expert. Mot. at 5.  Whether Elitek's expert is qualified has no bearing on Kitchen's qualifications; Kitchen's expertise is considered independently.  *See, e.g., Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 227 (5th Cir. 2007) (disqualifying expert for providing opinions outside his expertise).  Repairify then argues that Kitchen is qualified because he has experience using scan tools.  Mot. at 5.  Repairify does not cite any cases in support.  To the contrary, a person of ordinary skill in the art needs to be able to practice the invention, which includes building it.  *Amgen, Inc. v. Sanofi,* 598 U.S. 594, 610 (2023) ("a person skilled in the art [must be able] to make and use the entire class" of subject matter claimed); *see also Daiichi Sankyo Co., Ltd. v. Apotex, Inc.*, 501 F.3d 1254, 1257 (Fed. Cir. 2007) (a person of ordinary skill in the art for a method for treating an infection using an antibiotic required experience ***developing*** antibiotics, not merely using the treatment).  As conceded by Repairify, Kitchen does not have this experience, and hence, he is not a person of ordinary skill in the art.

Because Repairify has not identified any reasons why Kitchen is qualified to testify at trial, the Court should deny its motion for reconsideration.

### III. THE COURT SHOULD DENY PLAINTIFF'S ALTERNATIVE MOTION TO SUBSTITUTE EXPERT WITNESS

The general rule is that a party should not be allowed to substitute an expert that has been disqualified.  *Weisgram v. Marley Co.*, 528 U.S. 440, 455-56 (2000) (finding expert testimony inadmissible does not mean the party gets a second chance with a substitute expert); *Martins v. Sherwin-Williams Co.*, 2024 WL 641383, at *2 (E.D.N.Y. Jan. 10, 2024) ("The Federal Rules of

5

Civil Procedure do not guarantee plaintiff a do-over just because his expert witness was disqualified."). To be able to substitute an expert witness, a party must modify the scheduling order, which under Rule 16(b)(4), requires a demonstration of good cause. Fed. R. Civ. P. 16(b)(4); *see also IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 548 (E.D. Tex. 2018). To determine good cause under Rule 16(b)(4), a court considers four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019). Good cause does not exist to allow Repairify to substitute experts at this stage of the litigation.

### A. REPAIRIFY FAILED TO JUSTIFY ITS TIMING.

Repairify argues that the need to substitute Kitchen did not arise until the Court's May 2024 order. Mot. at 7. That is not correct. Repairify has been aware of Elitek's position that a person of ordinary skill in the art required design experience since at least April 2022. Dkt. No. 39 at ¶ 12. Repairify has also been aware of Kitchen's lack of experience in design and development, and in particular, his lack of software programming experience since at least May 2022. Dkt. No. 164-7. Despite knowing of Kitchen's lack of qualifications for almost two years, Repairify made no attempt to rectify this deficiency, but instead chose to proceed with Kitchen as an expert. Repairify does not justify this almost two-year delay. The mere fact that a court excluded a witness does not justify a delay when, as is the case here, the party was aware of this deficiency long before the court issued its ruling. *See In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prod. Liab. Litig.*, 93 F.4th 339, 350 (6th Cir. 2024) (plaintiff failed to justify a motion to substitute because it had years to identify another qualified expert). Therefore, Repairify failed to justify its delay in seeking a substitution.

B.      **REPAIRIFY'S ACTIONS NEGATE THE IMPORTANCE OF THE SUBSTITUTION.**

Repairify argues that its ability to rebut Elitek's expert is important, but Repairify's inability to rebut Elitek's expert is of its own doing. Parties are well-aware that their experts may be excluded such that a court, in fact, excluding an expert does not provide a party good cause to substitute its expert. *See Weisgram*, 528 U.S. at 455-56; *see also Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007) (Rule 702 "does not include a dress rehearsal or practice run for the parties.") (internal citation omitted). A party's "inability to produce admissible expert testimony is due to his own actions." *Id.* Therefore, merely having an expert excluded, by itself, does not provide good cause for a substitution.

C.      **ELITEK WILL BE PREJUDICED BY A SUBSTITUTION LESS THAN A WEEK BEFORE TRIAL.**

Courts routinely deny motions to substitute because the substitution will prejudice the non-moving party. *Lippe v. Bairnco Corp.*, 99 F. App'x 274, 280 (2nd Cir. 2004) (preluding substitution of an excluded expert because "it would be unfair to the defendants to permit the plaintiffs an opportunity to cure their case after [it] made 'some ill-advised tactical choices.'"); *see also Commonwealth Scientific and Indus. Research Organization v. Buffalo Tech. (USA),* 2009 WL 260953, at *2 (E.D. Tex. Feb. 3, 2009) (precluding defendant from substituting an expert because it would cause plaintiff prejudice as it had already deposed the first expert who provided ample testimony that could be used for impeachment at trial).

For this matter, the trial is set to begin June 17 with jury selection scheduled for June 13. Dkt. No. 263 at 103. Elitek will have at most a week to review DeRosa's substituted report,[1] prepare for and take his deposition, and then review his deposition to prepare a cross-examination or any challenges to his testimony. In the ordinary course, a week is not sufficient time for those

---

[1] DeRosa's substituted report may not be identical to Kitchen's report. Mot. at 7.

7

tasks, but here it will be even more prejudicial because Elitek will also be preparing for trial, including jury selection.

Repairify argues that the prejudice, if any, will be limited because Elitek has already deposed its proposed substitute expert, DeRosa, (Mot. at 7), but Elitek has not deposed DeRosa on any of the issues that will be in his substitute report or DeRosa's qualifications related to those issues. Thus, the previous DeRosa depositions do not cure the prejudice that will be caused to Elitek. Repairify also argues that Elitek has enough attorneys to cover the DeRosa deposition. Mot. at 7. Repairify's statement regarding the number of attorneys on this matter is wrong. Regardless, The number of Elitek attorneys is irrelevant, as only certain Elitek attorneys are familiar with the issues of Kitchen's report, which would force the few attorneys familiar with the subject matter to divert their time to a substitute report and deposition as opposed to preparing for trial or require other attorneys (who have other tasks) to spend extra time to get up to speed on material they are not familiar with. Either scenario will prejudice Elitek's ability to take that deposition and prepare for trial. *See State Automobile Mutual Ins. Co., v. Freehold Management, Inc.*, 2019 WL 1436659, at *25 (N.D. Tex. Mar. 31, 2019) (prejudice of substitution of an expert is not cured simply by offering an opportunity for a deposition).

None of the cases cited by Repairify support its position that a substitution of experts should be allowed this close to trial. *Eli Lilly* allowed a substitute report because there was no impending trial date or pretrial schedule allowing the parties ample time to conduct additional discovery on the substituted report. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011). Similarly, *Easement* allowed a limited substitution of experts, but also continued the trial date for about six months to remedy the prejudice. *United States v. An Easement*, 2016 WL 6824430, at *4-6 (N.D. Ala. Jan. 22, 2016) (acknowledging "the general rule that a party does not

8

get a second bit at that apple once his expert has been deemed not to pass muster under *Daubert*"). *Summers* allowed the substitution because it was requested over eighty (80) days prior to trial and substitute reports were provided prior to the date of the hearing on the accompanying motion for a new scheduling order. *Summers v. Missouri Pacific R.R. Sys.*¸ 132 F.3d 599, 605 (10th Cir. 1997). *Payne* refused to allow the plaintiffs to identify a new witness, but allowed them to substitute their expert who was already disclosed *for that subject matter* as a rebuttal witness and was able to do so without disrupting the trial schedule or prejudice to the defendants. *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015). Because the prejudice to Elitek cannot be cured prior to trial, the Court should deny Repairify's motion to substitute experts.

### D. A CONTINUANCE WILL NOT CURE THE PREJUDICE

Repairify has not asked for a continuance. In any event, a continuance will cause Elitek and its witnesses, including its experts, the undue burden of having to re-schedule and prepare again for trial at a later date. Thus, this factor does not support a substitution.

### IV. CONCLUSION

For the foregoing reasons, Elitek respectfully requests that this Court deny Repairify's motion for reconsideration of exclusion of Myles Kitchen because it is merely rehashing Repairify's previously rejected arguments. Further, Elitek respectfully requests that this Court deny Repairify's alternative relief to substitute Myles Kitchen with DeRosa because Repairify failed to demonstrate good cause for the substitution.

Dated:  June 6, 2024     Respectfully submitted,

By:  /s/ *Barry F. Irwin*
Barry F. Irwin, P.C. (admitted *pro hac*)
Joseph Saltiel (admitted *pro hac*)
Jason J. Keener (admitted *pro hac*)
Iftekhar A. Zaim (admitted *pro hac*)
Andrew D. Gordon-Seifert (admitted *pro hac*)
Alexander Bennett (admitted *pro hac*)
Emad S. Mahou (admitted *pro hac*)
**IRWIN IP LLP**
150 N Wacker Dr, Ste 700
Chicago, IL 60606
(312) 667-6080
birwin@irwinip.com
jsaltiel@irwinip.com
jkeener@irwinip.com
izaim@irwinip.com
agordon-seifert@irwinip.com
abennett@irwinip.com
emahou@irwinip.com

Barry K. Shelton
Texas State Bar No. 24055029
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
bshelton@winston.com
(214) 453-6407 (Telephone)

Mark D. Siegmund
Texas State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
400 Austin Avenue, 9th Floor
Waco, TX 76701
msiegmund@cjsjlaw.com
(254) 732-2242 (Telephone)

*Attorneys for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Services*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via email.

/s/ *Barry F. Irwin*
Barry F. Irwin