UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REPAIRIFY, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYSTONE AUTOMOTIVE INDUSTRIES, INC. d/b/a ELITEK VECHICLE SERVICES and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 6:21-cv-00819-ADA <br><br> JURY TRIAL DEMANDED |

**REPAIRIFY'S MOTION TO REDUCE THE NUMBER OF PRIOR ART INVALIDITY THEORIES**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Background ................................................................................................................. 1

III. Argument .................................................................................................................... 2

## TABLE OF AUTHORITIES

**Statutes**

35 U.S.C. § 102 .................................................................................................................... 1, 2, 3
35 U.S.C. § 103 .................................................................................................................... 1, 2, 3

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................................ 3
Fed. R. Evid. 102 .......................................................................................................................... 3
Fed. R. Evid. 403 .......................................................................................................................... 2

I.     **Introduction**

The issue for this motion is that Defendant Elitek is maintaining more invalidity theories than it can possibly intend to present at trial. Elitek's expert asserts 6 prior art refences and offers opinions regarding 20 theories, including 6 anticipatory arguments and 14 obviousness combinations. Elitek is forcing Plaintiff Repairify to waste resources preparing rebuttals to theories that Elitek has no intent to present at trial. Trial is only two months away, and Elitek should know which of the 20 theories it will present.

Repairify requests the Court order Elitek to narrow its prior art invalidity theories to a reasonable number (three).  Elitek's expert identified at his deposition that two references stand out to him as the best reference.  Elitek can reduce to these best references, which still leaves Elitek room to argue each of the two references anticipates (two theories) or alternatively the combination renders the claims obvious (third theory).

II.    **Background**

The pretrial conference is only a little more than two weeks away (March 14) and trial is only two months aways (April 28).  Elitek's expert, Steve Loudon, submitted his Second Supplemental Expert Report on January 21, 2025. In that report, Mr. Loudon discusses six prior art references with 6 anticipatory theories under § 102 and 14 obvious theories under § 103. Ex. A at ¶¶20-51. Those theories are listed in the table below.

| References | Invalidity Theory |
|---|---|
| Johanson | § 102 |
| Weiss | § 102 |
| Weiss + Knowledge of a POSITA | § 103 |
| Weiss + Gruhler | § 103 |
| Weiss + Johanson | § 103 |
| Gruhler | § 102 |
| Gruhler + Standard Scan Tool | § 103 |
| Langlechner | § 102 |
| Langlechner + Knowledge of a POSITA | § 103 |

| | |
|---|---|
| Langlechner + Gruhler | § 103 |
| Langlechner + Johanson | § 103 |
| Pruzan | § 102 |
| Pruzan + Knowledge of a POSITA | § 103 |
| Pruzan + Gruhler | § 103 |
| Pruzan + Johanson | § 103 |
| Pruzan + Langlechner | § 103 |
| Cohen | § 102 |
| Cohen + Knowledge of a POSITA | § 103 |
| Cohen + Gruhler | § 103 |
| Cohen + Johanson | § 103 |

Mr. Loudon's opinions in his Second Supplemental Report do not appear to differentiate between the two related patents at issue in this case. *See* Ex. A ¶¶20-51.

Mr. Loudon's Opening Report includes even more theories and combinations. For example, Mr. Loudon opines for five of Elitek's anticipation references (Weis, Johanson, Gruhler, Langlechner, Pruzan) that any undisclosed element "would have been obvious to a POSITA based on their ordinary skill and knowledge or ***based on the teachings and disclosures of other references disclosed herein***." Ex. B ¶¶166, 196, 225, 255, 285. The references disclosed in Mr. Loudon's Opening Report include not only those five anticipation references but also four additional references (Lightner, Cohen, Asano, Naima).

The parties have met and conferred. Elitek said it is not opposed to reducing its invalidity theories, but Elitek believes that it is premature. The parties also met and conferred earlier in the case pursuant to the scheduling order, but the only prior art reduction that could be agreed to still left the present 20 theories.

### III. <u>Argument</u>

The Court has broad discretion to set appropriate limits for trial, including stopping parties from "needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Federal Rules of Civil Procedure and Evidence "should be construed" to obtain the "speedy" determination of

every action and "eliminate unjustifiable expense." Fed. R. Civ. P. 1 ("These rules…should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed. R. Evid. 102 ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.").

It is appropriate here for the Court to limit the number of invalidity theories. It would be "needlessly presenting cumulative evidence" for Elitek to present 20 invalidity theories under §§ 102 and 103. Elitek's expert confirmed each of the references forming the 20 theories are "excellent," which confirms there is no need for all of them. *See* Ex. C at 145:13-18. Elitek cannot possibly intend to present all 20 invalidity theories. Each side has only 11 hours to present its entire case on infringement, validity, and damages which does not leave room for 20 theories. *See* Dkt. 263 at 104:3-18 (setting 11-hour limit). But, until Elitek narrows its theories, Elitek is forcing Repairify to prepare rebuttal for every reference and every combination. Repairify should not be forced to incur this "unjustifiable expense." *See* Fed. R. Evid. 102; Fed. R. Civ. P. 1. It is particularly unjustifiable because it is not shared evenly—Elitek knows which theories it will drop and can narrow its efforts appropriately, but Repairify cannot do this because it does not know which theories Elitek will drop and which it will present.

Repairify request the Court order Elitek to narrow its prior art invalidity theories to a reasonable number (three). Elitek's expert identified at his deposition that two references (Weiss and Johanson) stand out to him as the best references. Ex. C at 142:5-23. Elitek can reduce to these best references, which still leaves Elitek room to argue each of the two references anticipates (two theories) or alternatively the combination renders the claims obvious (third

3

theory). If Elitek disagrees with its own expert, Elitek can also pick a different three theories but there is no need for 20 theories.

Lastly, it is not premature for Elitek to reduce prior art. The pretrial conference is only a little more than two weeks away (March 14) and trial is only two months aways (April 28). If Elitek delays this issue past the pretrial conference, this issue may not get resolved before the eve of trial, which is too late. Elitek has already had 3.5 years to figure out its invalidity defense (August 2021 – February 2025). Any claims it needs more information or more time are not serious. Elitek is the master of its own defense and can make its own assessment of its own defense at this point.

Dated: February 26, 2025

*s/ William F. Bullard*
J. Derek Vandenburgh (*pro hac vice*)
Joseph W. Winkels (*pro hac vice*)
William F. Bullard (*pro hac vice*)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Phone: (612) 436-9600
Fax: (612) 436-9605
dvandenburgh@carlsoncaspers.com
jwinkels@carlsoncaspers.com
wbullard@carlsoncaspers.com

Deron Dacus (State Bar No. 0090553)
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

*Counsel for Plaintiff, Repairify, Inc.*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on February 26, 2025 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*s/ William F. Bullard*
William F. Bullard

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff Repairify, Inc. and Counsel for Defendant Keystone Automotive Industries, Inc., d/b/a Elitek Vehicle Services, met and conferred and no agreement could be reached.

*s/ William F. Bullard*
William F. Bullard
