# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| REPAIRIFY, INC., and | ) |
| | ) |
| Plaintiff, | ) Case No. 6:21-cv-00819-ADA-DTG |
| | ) |
| v. | ) |
| | ) |
| KEYSTONE AUTOMOTIVE | ) **JURY TRIAL DEMANDED** |
| INDUSTRIES, INC. d/b/a ELITEK | ) |
| VEHICLE SERVICES, and DOES 1 | ) |
| through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |

# DEFENDANT ELITEK'S OPPOSITION TO
# PLAINTIFF REPAIRIFY'S MOTION TO COMPEL A PRETRIAL DEPOSITION

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. REPAIRIFY'S MOTION IS IMPROPER AND SHOULD BE DENIED. .........2

　　A. Elitek Does Not Control Gans ...................................................................2

　　B. The Court Has Already Decided This Very Issue. ....................................3

　　C. Repairify Failed To Justify Its Untimely Request. ....................................5

IV. CONCLUSION ......................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Days Inn Worldwide, Inc. v. Sonia Investments*,
    237 F.R.D. 395 (N.D. Tex. 2006) .................................................................................. 5

*Fishman Jackson PLLC v. Israely*,
    180 F. Supp. 3d 476 (N.D. Tex. 2016) ........................................................................... 4

*Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*,
    533 F. Supp. 3d 367 (N.D. Tex. 2020) ........................................................................... 4

*In re Benjamin Moore & Co.*,
    318 F.3d 626 (5th Cir. 2002) .......................................................................................... 4

*Koss Corp. v. Apple, Inc.*,
    No. 6:20-cv-665-ADA, ECF No. 145 (W.D. Tex. Mar. 2, 2022) ................................... 5

*Medical Ctr. Pharm. v. Holder*,
    634 F.3d 830 (5th Cir. 2011) .......................................................................................... 3

*Price v. Maryland Cas. Co.*,
    561 F.2d 609 (5th Cir. 1977) .......................................................................................... 5

*Reyna v. Kroger Texas LP*, No. 3:14-CV-0373-P-BK, 2014 WL 11460392 (N.D. Tex. Dec. 3,
    2014) .............................................................................................................................. 5

*S. Filter Media, LLC v. Halter*, No. CIV.A. 13-116-JJB-RL, 2014 WL 4278788 (M.D. La. Aug.
    29, 2014) ........................................................................................................................ 2

*St. Pierre v. Dearborn Nat'l Life Ins. Co.*,
    2020 WL 6122555 (W.D. Tex. Apr. 14, 2020) .............................................................. 3

*Templet v. HydroChem Inc.*,
    367 F.3d 473 (5th Cir. 2004) .......................................................................................... 4

*U.S. v. 89.9270303 Bitcoins*,
    No. SA-18-CV-0998-JKP, 2021 WL 5203337 (W.D. Tex. Nov. 8, 2021) .................... 4

*Ultravision Techs., LLC v. Govision, LLC*,
    No. 218CV00100JRGRSP, 2020 WL 10692707 (E.D. Tex. July 18, 2020) .................. 2

*Wiwa v. Royal Dutch Petroleum Co.*,
    392 F.3d 812 (5th Cir. 2004) .......................................................................................... 2

**Rules**

Fed. R. Civ. P. 59(e) ................................................................................................................... 4

## I.  INTRODUCTION

Fact discovery closed long ago. Notwithstanding that fact, Plaintiff Repairify, Inc. ("Repairify") now moves on the eve of trial to "compel" the deposition of a **third-party** located in the Netherlands despite never previously submitting a Letter of Request under the Hague Convention to this Court, receiving an executed Letter of Request from this Court, providing the Letter of Request to the appropriate authorities in the Netherlands, or serving notice on the third party through the Hague Convention and despite the fact that the Court previously denied a motion by Repairify to preclude the testimony of this same witness or compel his deposition. Repairify identified three reasons why the Court should grant its motion, but none of those reasons justify the relief Repairify seeks.

First, Defendant Keystone Automotive Industries, Inc., d/b/a Elitek Vehicle Services ("Elitek") does not control Gans. And, this Court has already declined to compel depositions of third parties. Second, the Court has already decided this issue. Third, even if Elitek did control Gans and could force him to appear for a deposition (which it does not), Repairify's motion is untimely. Therefore, Elitek respectfully requests that this Court deny Repairify's motion to compel discovery.

## II.  FACTUAL BACKGROUND

Elitek obtains the Accused Product from a third party. ECF No. 195-5 at 2. Repairify has been aware of this well before fact discovery began. *Id.* On November 11, 2022, in its initial disclosure and in an interrogatory response, Elitek disclosed Gans, a third party, as an individual with knowledge of the Accused Product. ECF Nos. 163-1; 120-11. Repairify then waited nearly 10 months to seek discovery from Gans by improperly trying to serve a subpoena on individuals

1

who were not authorized to accept service on his behalf. ECF No. 163-5. When that half-hearted attempt failed, Repairify dropped the issue. ECF Nos. 163-6; 263 at 42:15-25.

Instead of moving to compel, Repairify waited another 8 months, and then, on April 26, 2024, Repairify filed a motion in limine to exclude Gans from testifying at trial or in the alternative make him available for a deposition. ECF No. 235. On May 23, 2024, the Court held a pretrial conference in which it denied Repairify's motion. ECF No. 263 at 87:22-88:7. In denying Repairify's motion, the Court stated:

> To the extent that your argument is going to be that -- that there was an issue that wasn't -- information that wasn't provided during discovery, I'm going to deny that portion of it. I don't recall the plaintiff ever coming to me and trying to have -- get any assistance with that. And, you know, I've been on the bench long enough, and certainly, my -- I don't know what my reputation is on a lot of things, but one of them has to be that if you have an issue with discovery, you can get relief from my court virtually overnight. I don't know what happened with regard to these witnesses. I honestly don't care because never having been asked to intervene, I'm not going to take it up now.

*Id.* at 42:15-43:6. Despite the Court's ruling, Repairify then waited nine more months — for a total of 27 months since learning of Gans — to file a motion to compel. ECF No. 336 ("Mot.").

### III. REPAIRIFY'S MOTION IS IMPROPER AND SHOULD BE DENIED.

#### A. Elitek Does Not Control Gans.

A party may only move to compel discovery within the possession, control, or custody of another party. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004) (motion to compel discovery limited to documents "within [a party's] custody, control, or possession"); *see also Ultravision Techs., LLC v. Govision, LLC*, No. 218CV00100JRGRSP, 2020 WL 10692707, at *2 (E.D. Tex. July 18, 2020) (defendant does not have right of control over a non-party simply because of a contractual relationship between the parties); *S. Filter Media, LLC v. Halter*, No. CIV.A. 13-116-JJB-RL, 2014 WL 4278788, at *7 (M.D. La. Aug. 29, 2014) (denying motion to compel discovery of non-party due to responding parties lack of control over non-party). Repairify

does not argue that Elitek has control of Gans, but argues that Elitek previously offered as a compromise, which was rejected by Repairify, to attempt to facilitate his deposition. Mot. at 1. While Elitek offered to *attempt* to facilitate a deposition of Gans,[1] that does not mean that Elitek controls Gans. Nor has Repairify provided any basis to argue that Elitek controls Gans. Because Gans is a third-party outside the control of Elitek, Repairify's motion to compel should be denied. *See St. Pierre v. Dearborn Nat'l Life Ins. Co.*, 2020 WL 6122555, at *4 (W.D. Tex. Apr. 14, 2020) (denying motion to compel evidence not within the possession, control, or custody of the defendant). Indeed, when the situation was reversed and Elitek sought to compel the deposition of the inventors who were under contract to assist Repairify in this litigation and who Repairify insisted it may call as witnesses at trial, ECF No. 114 at 5-6, Repairify argued that the deposition of those inventors could not be compelled because they were third parties not under the control of Repairify. This Court agreed. "'[W]hen a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.'" *See Medical Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). Because these issues are the same,[2] *i.e.,* compelling the deposition of a third party who may be called to testify at trial, the Court's previous decision should govern here. Therefore, Repairify's motion to compel should be denied.

### B.   The Court Has Already Decided This Very Issue.

Not only is Repairify's motion absent of legal support and barred by law of the case, this Court has already decided it once. Because (near the close of discovery) Elitek informed Repairify

---

[1] Repairify notes that Gans former counsel has since joined Elitek's counsel's firm. That attorney, however, no longer represents Gans and has not since joining Elitek's counsel nor has he had any contact with Gans since departing his previous firm.

[2] Elitek believes that the situation with the Inventors is more compelling as some were former employees of Repairify and all of them were contractually obligated to assist Repairify with the enforcement of the Asserted Patent. ECF No. 114 at 5-6.

that it did not control Gans and could not compel him to sit for a deposition, Repairify moved to preclude Elitek from calling him as a witness at trial. ECF No. 235. At the pre-trial conference, the Court stated Repairify waited too long to raise the issue of Gans, and it denied Repairify's relief, the same relief Repairify is seeking here, stating that it was not going to take up the issue. ECF No. 263 at 42:15-43:6; 87:22-88:7. Hence, Repairify's motion to compel is a (another) request by Repairify for the Court to reconsider its prior ruling.

While Federal Rule of Civil Procedure 54(b) permits a court to reconsider a ruling "as justice requires," courts typically apply the Rule 59(e) standard for a motion for reconsideration as that would satisfy the "justice requires" standard. *U.S. v. 89.9270303 Bitcoins*, No. SA-18-CV-0998-JKP, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021); *see also Goosehead Ins. Agency, LLC v. Williams Ins. & Consulting, Inc.*, 533 F. Supp. 3d 367, 380 (N.D. Tex. 2020) (Rule 59 considerations "are informative to the Court's reconsideration of a pre-final-judgment order."); *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 481 (N.D. Tex. 2016) (Rule 59 considerations "inform the court's analysis."). Under Federal Rule of Civil Procedure 59(e), courts may reconsider prior rulings based upon "(a) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Repairify argues that "it is fundamentally unfair" to not be allowed to depose Gans (Mot. at 2), but this argument was already made and rejected by the Court. ECF No. 87:22-88:7. Repairify does not identify any new evidence, argument, or intervening change in law since the Court last considered this issue. It is merely rehashing arguments that were previously made and rejected, which is not a proper basis for the Court to reconsider its prior order. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (reconsideration is improper "for rehashing

4

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

### C. Repairify Failed To Justify Its Untimely Request.

Even if Repairify's request was not absent a legal basis, barred by law of the case, or an improper request for reconsideration, it is untimely. Fact depositions of timely disclosed witnesses need to be conducted during fact discovery. *See Koss Corp. v. Apple, Inc.*, No. 6:20-cv-665-ADA, ECF No. 145 (W.D. Tex. Mar. 2, 2022) (denying motion to compel deposition of a timely disclosed witness after the close of fact discovery); *see also Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel deemed untimely when filed two weeks after the discovery deadline). Further, a party has waived its right to bring a motion to compel after the close of fact discovery when there was an unreasonable delay. *Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed ***after the close of discovery*** where party had been "inexcusably dilatory in his efforts"). The party moving to compel after the close of fact discovery must show that it acted reasonably diligently. *Reyna v. Kroger Texas LP*, No. 3:14-CV-0373-P-BK, 2014 WL 11460392, at *1 (N.D. Tex. Dec. 3, 2014) ("Because the deadline for completing discovery passed before Plaintiff sought to depose [witness], [plaintiff] must show that she failed to timely act due to excusable neglect.").

Elitek identified Gans as a witness well before the end of fact discovery. ECF Nos. 163-1; 120-11. Repairify then waited approximately 18 months after the close of discovery (and 27 months after learning of Gans' relevance) before moving to compel. Mot. Repairify argued that good cause exists for its motion (Mot. at 1), but none of the reasons identified by Repairify explains its delay. For example, Repairify argues that Gans has relevant information and that Elitek had access to Gans (Mot. at 1-2), but Repairify knew that during fact discovery. ECF Nos.

5

163-1; 120-11. That does not explain Repairify's delay. Good cause cannot exist when Repairify waited years to seek relief. Because there is no excuse for its delay, Repairify's motion to compel should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Elitek respectfully requests that this Court deny Repairify's motion to compel a pretrial deposition.

Dated: March 5, 2025								Respectfully submitted,

											By:  /s/ *Barry F. Irwin*
											Barry F. Irwin, P.C. (admitted *pro hac*)
											Joseph A. Saltiel (admitted *pro hac*)
											Jason J. Keener (admitted *pro hac*)
											Iftekhar A. Zaim (admitted *pro hac*)
											Alexander Bennett (admitted *pro hac*)
											Emad S. Mahou (admitted *pro hac*)
											Bailey Sanders (admitted *pro hac*)
											**IRWIN IP LLP**
											150 N. Wacker Dr., Suite 700
											Chicago, IL 60606
											(312) 667-6080 (Telephone)
											birwin@irwinip.com
											jsaltiel@irwinip.com
											jkeener@irwinip.com
											izaim@irwinip.com
											abennett@irwinip.com
											emahou@irwinip.com
											bsanders@irwinip.com

											Barry K. Shelton
											Texas State Bar No. 24055029
											**SHELTON COBURN LLP**
											311 RR 620 S, Suite 205
											Austin, TX 78734
											bshelton@sheltoncoburn.com
											(512) 263-2165 (Telephone)

											Mark D. Siegmund
											Texas State Bar No. 24117055
											**CHERRY JOHNSON**
											**SIEGMUND JAMES PLLC**
											400 Austin Avenue, 9th Floor
											Waco, TX 76701
											msiegmund@cjsjlaw.com
											(254) 732-2242 (Telephone)

											*Attorneys for Defendant Keystone Automotive*
											*Industries, Inc. d/b/a Elitek Vehicle Service*s

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ *Barry F. Irwin*
Barry F. Irwin