**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| REPAIRIFY, INC., and | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cv-00819-ADA-DTG |
| | ) | |
| v. | ) | |
| | ) | |
| KEYSTONE AUTOMOTIVE | ) | **JURY TRIAL DEMANDED** |
| INDUSTRIES, INC. d/b/a ELITEK | ) | |
| VEHICLE SERVICES, and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ELITEK'S
OPPOSITION TO REPAIRIFY'S MOTION TO
REDUCE THE NUMBER OF PRIOR ART INVALIDITY THEORIES**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     FACTUAL BACKGROUND .....................................................................................1

III.    REPAIRIFY'S DEMANDED RELIEF IS UNJUST AND PREJUDICIAL .....................2

        A.    Elitek's Invalidity Defenses are Proper and Within Triable Limits ........................3

        B.    Repairify Would Not be Prejudiced by Responding to the Same Prior Art Grounds Elitek had Maintained at the Brink of Trial .............................................................5

IV.     CONCLUSION ..........................................................................................................6

## Table of Authorities

**Cases**

*Concrete Appliances Co. v. Gomery*,
    269 U.S. 177 (1925) ......................................................................................................... 5

*Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*,
    618 F.3d 1294 (Fed. Cir. 2010) ....................................................................................... 4

*Trustees of Purdue Univ. v. STMicroelectronics, Inc., et al.*,
    No. W-21-CV-00727-ADA, ECF No. 397 (W.D. Tex. Aug. 28, 2023) ............................ 6

**I.     INTRODUCTION**

Plaintiff Repairify Inc.'s ("Repairify's") demand that Elitek reduce its prior art invalidity grounds before Repairify serves its rebuttal expert report on Elitek's invalidity theories, ECF No. 339 ("Mot."), is inconsistent with the parties' prior agreements and the rules governing this case, unjust, and prejudicial of Elitek's ability to prepare and present its defenses. Elitek's prior art invalidity defenses are appropriately narrow, and Repairify's extreme demand that Elitek reduce its prior art invalidity defenses to just three grounds would prejudice Elitek's ability to present a complete and robust invalidity case to the jury. Regardless, if Repairify intends to serve a rebuttal expert report, further narrowing is premature. Repairify's demand that Elitek blindly surrender prior art invalidity defenses while Repairify's validity position remains in flux has no basis in the rules or law and would unfairly prejudice Elitek.

**II.    FACTUAL BACKGROUND**

After negotiation and compromise, the parties reached an agreement as to how many claims Repairify would assert and the number of primary prior art references that Elitek would rely upon. Declaration of Joseph Saltiel ("Saltiel Decl.") at Ex. 1. On February 29, 2024, per the agreement of the parties, Elitek reduced its prior art invalidity theories to six primary references. *Id.* at Ex. 2. On May 23, 2024, the Court gave Elitek leave to file a supplemental expert report. ECF No. 263 at 75:4-12. That supplemental report was limited to the agreed six primary references. On December 13, 2024, the Court gave leave again for Elitek to further supplement its expert report. ECF No. 326 at 11. On January 21, 2025, Elitek served a second supplement report, but again, it limited its primary invalidity references to six, as agreed to by the parties. At no time prior to February 2025, did Repairify ask Elitek to further reduce its primary references to less than the six

1

previously agreed to by the parties. If it had, like it did the first time, Elitek would have negotiated a reduction in the number of claims that Repairify could assert.

On February 24, 2025, despite previously agreeing to the limit of six primary references, counsel for Repairify wrote to Elitek asserting that "Defendant needs to reduce its prior art and invalidity theories. . . . Otherwise, we intend to file a motion on Tuesday for this requested relief." Saltiel Decl. at Ex. 3. Elitek responded the next day, stating:

> Elitek is not opposed to reducing its invalidity theories that it will use at trial, but Elitek believes that it is premature to do so at this point. There appears to be several open issues that need to be resolved, including some potential additional expert discovery. Can you confirm if Repairify plans to submit a rebuttal report? And, if so, when does Repairify plan to submit that report and make its expert available for a deposition?
>
> If Repairify does not plan to submit any further reports, Elitek can likely reduce its invalidity theories within the next couple of weeks. If Repairify does plan to submit a rebuttal report, Elitek will wait to reduce its invalidity theories until after it receives that report and the deposition of that expert.

*Id.* at Ex. 4. Rather than engaging with Elitek's offer or requesting a meet-and-confer[1], Repairify stated it was moving forward with its motion and refused to address Elitek's inquiries regarding its expert rebuttal report, asserting that Repairify's expert rebuttal report is a "separate issue." *Id.* at Ex. 5. Repairify filed its Motion the next day. Mot. To date, Repairify has not served a rebuttal to Mr. Loudon's second supplemental invalidity report, although it suggested it may do so. Saltiel Decl. at Ex. 5.

### III.    REPAIRIFY'S DEMANDED RELIEF IS UNJUST AND PREJUDICIAL

Repairify's abrupt demand that Elitek reduce its prior art invalidity defenses so Repairify could more easily prepare a rebuttal expert report is contrary to the parties' prior agreement,

---

[1] Although Repairify certifies that the parties met and conferred, other than the exchange of email correspondence noted here, the parties did not meet and confer telephonically or in person to discuss this issue.

unjustified, prejudicial, and premature. Elitek's current prior art invalidity positions comply with what the parties had already agreed was an appropriate narrowing for this stage of the proceeding (Saltiel Decl. at Ex. 1). Repairify does not identify any legal authority supporting its demand at all, much less that justifies countermanding the parties' prior agreement and inverting the sequence required by the Court's Standing Order and the Scheduling Order. In fact, its Motion does not even mention the parties' agreement. Elitek is not asking Repairify to pursue fewer claims than agreed, and Repairify should not be able to force Elitek to maintain fewer defenses than agreed.

Instead, Repairify argues that (1) Elitek is maintaining more defenses than it could reasonably assert at trial, (2) Elitek would not be prejudiced by reducing its references before trial, and (3) Repairify is prejudiced by having to respond to Elitek's expert report. Mot. at 2-3. None of these arguments have any merit.

### A. ELITEK'S INVALIDITY DEFENSES ARE PROPER AND WITHIN TRIABLE LIMITS

Repairify's first argument is wrong because Elitek's invalidity defenses are proper, and the extent of Repairify's proposed reduction, to just three grounds, would be prejudicial even at trial. Limiting Elitek to just three prior art invalidity grounds would hinder Elitek's ability to establish anticipation or obviousness by clear and convincing evidence. For example, showing the jury that multiple prior art authors understood and described the claimed method in multiple prior art references would help establish in the jury's mind an abiding conviction that the Repairify patents are anticipated. Likewise, a jury is more likely to develop an abiding conviction that a claimed method was obvious if presented with evidence that multiple persons in the art converged on that same solution before or around the same time the named inventors did. *See, e.g.*, *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1305-1306 (Fed. Cir. 2010) ("Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering

3

skill.") (cleaned up) (quoting *Concrete Appliances Co. v. Gomery*, 269 U.S. 177, 184 (1925)). Limiting Elitek to just three grounds, as Repairify now demands, would prevent Elitek from presenting the jury with the breadth of references converging on the obvious solution claimed by the Repairify patents. Repairify's demanded reduction would unjustly prejudice Elitek's ability to meet its burden on both anticipation and obviousness.

Further, Elitek is not maintaining more defenses than it could reasonably present at trial. Elitek has identified numerous prior art references that each show that remotely scanning and programming a vehicle over the internet with communication devices, one connected to the vehicle and one connected to a scan tool. These prior art references can be quickly presented to the jury. For example, the following excerpted slide illustrates how rapidly each of these references' disclosures can be made clear to the jury:



Additionally, Repairify's demanded limit of three prior art invalidity grounds is not a reasonable limit for what Elitek could present at trial. This Court has denied similar demands to

4

narrow invalidity grounds even when made after the close of expert discovery and when the defendant was maintaining broader grounds. *See Trustees of Purdue Univ. v. STMicroelectronics, Inc., et al.*, No. W-21-CV-00727-ADA, ECF No. 397 (W.D. Tex. Aug. 28, 2023). In *Purdue*, the plaintiff requested an order requiring the defendant to "limit its invalidity case to triable limits of 4 grounds" arguing that expert discovery had concluded but the defendant continued to put forth invalidity grounds based on 4 primary references, 6 secondary references and 26 potential combinations of references. *Id.* at 2. This Court denied the plaintiff's request relief, finding the defendant's invalidity defenses proper. *Id.* at 1. Elitek's position here is even more compelling than the defendant's position in *Purdue*. Expert discovery in this case is not complete, and Elitek is advancing fewer invalidity theories the defendant in *Purdue*.

Finally, at the bare minimum, Repairify's demand is premature. Elitek would be prejudiced by being forced to reduce its theories, especially now because it does not know what Repairify's position and responses to its prior art grounds will be and unduly limits Elitek's flexibility to present its case at trial. At a bare minimum, Elitek is entitled to know Repairify's rebuttal positions on invalidity before deciding what references to use at trial. OGP Ver. 4.4 at 15; OGP Ver. 1 Austin at 14. Repairify has implied that it will submit an expert report in rebuttal to Mr. Loudon's Second Supplemental Report and refused to state that it would not do so. Saltiel Decl. at Ex. 5. Reducing Elitek's invalidity positions now, as Repairify demands, would give Repairify an unfair advantage.

### B. REPAIRIFY WOULD NOT BE PREJUDICED BY RESPONDING TO THE SAME PRIOR ART GROUNDS ELITEK HAD MAINTAINED AT THE BRINK OF TRIAL

Repairify argues that it is prejudiced by having to respond to Elitek's invalidity theories because it would incur unjustifiable expense. Mot. at 3. This argument is groundless.

Elitek provided its supplemental report to address new positions advanced by Repairify's experts regarding how Elitek meets certain claim limitations and additional claims incorporated into the proceeding. But in that report, Elitek continues to rely upon the same six references—a limit to which Repairify had agreed—that it was relying upon up to the brink of trial. It is disingenuous for Repairify to assert that it would be unreasonably burdensome to address these very same references. Indeed, these references were all set out in set out in Elitek's opening expert report served on September 29, 2023. What has changed is that Elitek has adapted to Repairify's shifting positions, and Elitek's latest expert report demonstrates that these same references also disclose what Repairify now claims is necessary to meet those claim limitations. How responding to this report imposes an unreasonable burden on Repairify is unfathomable.

Elitek's invalidity positions are no broader than they were at the brink of trial nine months ago and were already narrowed by agreement after the first close of expert discovery. Further, Repairify has had over six weeks to review Elitek's expert report and a month since it deposed Elitek's expert. If Repairify is unable to prepare for trial unless Elitek's prior art defenses are eviscerated, that is a problem of Repairify's own making and with the weakness of its case.

**IV.   CONCLUSION**

For these reasons, Elitek respectfully requests that the Court deny Repairify's Motion.

Dated: March 5, 2025						Respectfully submitted,

						By: */s/ Barry F. Irwin, P.C.*
						Barry F. Irwin, P.C. (admitted *pro hac*)
						Joseph A. Saltiel (admitted *pro hac*)
						Jason J. Keener (admitted *pro hac*)
						Iftekhar A. Zaim (admitted *pro hac*)
						Alexander Bennett (admitted *pro hac*)
						Emad S. Mahou (admitted *pro hac*)
						Bailey Sanders (admitted *pro hac*)
						**IRWIN IP LLP**
						150 N. Wacker Dr., Suite 700
						Chicago, IL 60606
						(312) 667-6080 (Telephone)
						birwin@irwinip.com
						jsaltiel@irwinip.com
						jkeener@irwinip.com
						izaim@irwinip.com
						abennett@irwinip.com
						emahou@irwinip.com
						bsanders@irwinip.com

						Barry K. Shelton
						Texas State Bar No. 24055029
						**SHELTON COBURN LLP**
						311 RR 620 S, Suite 205
						Austin, TX 78734
						bshelton@sheltoncoburn.com
						(512) 263-2165 (Telephone)

						Mark D. Siegmund
						Texas State Bar No. 24117055
						**CHERRY JOHNSON SIEGMUND JAMES PLLC**
						400 Austin Avenue, 9th Floor
						Waco, TX 76701
						msiegmund@cjsjlaw.com
						(254) 732-2242 (Telephone)

						*Attorneys for Defendant Keystone Automotive Industries, Inc. d/b/a Elitek Vehicle Service*s

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ *Barry F. Irwin*
Barry F. Irwin
