**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| REPAIRIFY, INC.,<br><br>      Plaintiff<br><br> v.<br><br>KEYSTONE AUTOMATIVE INDUSTRIES, INC. d/b/a ELITEK VEHICLE SERVICES, and DOES 1 through 20, inclusive,<br><br>      Defendants. | 6:21-cv-00819<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF REPAIRIFY'S REPLY IN SUPPORT OF ITS MOTION TO REDUCE THE NUMBER OF PRIOR ART INVALIDITY THEORIES**

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Sec'y of the Dep't of Health & Human Servs.*,
  93-5129, 1994 U.S. App. LEXIS 2459 (Fed. Cir. Feb. 7, 1994). ........................................ 3

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
  No. 2:13-cv-17, 2013 U.S. Dist. LEXIS 145194 (E.D. Tex. Aug. 2, 2013) ........................ 2

*Trustees of Purdue Univ. v. STMicroelectronics, Inc.*,
  No. W-21-CV-00727-ADA, Dkt. 397 (W.D. Tex. Aug. 28, 2023). .................................... 2

Elitek does not deny it is asserting at least 20 invalidity theories (6 anticipation theories, 14 obviousness theories). Thus, the issue is whether Elitek really needs all these theories.

Elitek does not persuasively explain why it needs all 6 anticipation theories. Elitek says six references "would help establish in the jury's mind an abiding conviction that the Repairify patents are anticipated." Opp. at 3. That is not persuasive because a prior art reference must individually, without considering other references, anticipate. That is basic patent law. Elitek's argument suggests it hopes to confuse the jury from doing an individual analysis, which is improper. Elitek did not deny a practical point: per Elitek's own expert, two of the six prior art references "stick out" to him when he was asked which references are the best. *See* Dkt. 339-4 at 142:5-14. Why does Elitek need four more references for anticipation? Elitek's brief does not identify anything specific that the additional four references add over the first two references. Three of the four additional references have already been considered by the Patent Office.

Elitek does not persuasively explain why it needs all 14 obviousness theories. Elitek says the jury is more likely to find obviousness if presented with evidence that "multiple" people in the art "converged on that same solution before or around the same time the named inventors did." Opp. at 3. There are two problems. First, Elitek's expert never says in his report that the inventions are obvious because of a "multiple-people-converged" theory. Thus, Elitek's argument here does not even match its expert's theory for obviousness. Second, needing "multiple" references is not the same as 14 theories. Elitek's most recent supplemental report only asserts 3 of the 14 obviousness theories for its alleged two best references.[1] If Elitek cannot

---

[1] (1) Weiss + Johanson; (2) Weiss + knowledge of a POSITA; (3) Weiss + Gruhler.

prove its obviousness theories for its asserted best references, it is hard to understand how it could prove obviousness for its other references.

Elitek only needs its alleged best references (two) and the option to argue anticipation and obviousness for those best references (three total theories). *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-17, 2013 U.S. Dist. LEXIS 145194, at *16 (E.D. Tex. Aug. 2, 2013) ("The Court routinely limits Defendants to two or three prior art references."). The case cited by Elitek, *Trustees of Purdue*, is not on all fours with the situation at hand. Not only were there fewer primary references at issue in that case (3 compared to 6)[2], but there was a good reason for having so many invalidity grounds in that case because there was a dispute as to the priority date of the patent-in-suit. *Trustees of Purdue Univ. v. STMicroelectronics, Inc.*, No. W-21-CV-00727-ADA, Dkt. 397, at *2 (W.D. Tex. Aug. 28, 2023). There is no such dispute in this case.

Elitek says it is "premature" to reduce prior art references. Opp. at 5. But when would be appropriate? Trial is seven weeks away, and Elitek provides no alternative proposal for what the proper time would be. It is not persuasive to say something is premature without proposing a clear alternative. Repairify is preparing for trial now, and it is wasting its time splitting its efforts between 20 theories. That problem is not premature. It is occurring now.

Elitek's "premature" argument also depends on an exaggeration. Elitek purports to "not know what Repairify's position and responses to its prior art grounds will be" and says it is

---

[2] Elitek confusingly quotes that there were 4 primary references, but the Attachment A of Magistrate Judge Gilliland's Order indicates that the Plaintiff in that case was counting a paper and its abstract as two separate references. *See Trustees of Purdue*, No. W-21-CV-00727-ADA, Dkt. 397, at *2.

"entitled to know Repairify's rebuttal positions on invalidity before deciding what references to use at trial." Opp. at 5. Repairify served its rebuttal export report more than a year ago on January 29, 2024. Thus, it is an exaggeration for Elitek to purport to not know Repairify's position. The only remaining issue is supplementation. Elitek, not Repairify, recently supplemented its theories on January 21, 2025. Elitek does not explain why it needs Repairify's response to Elitek's own supplementation. The decision on what prior art theories Elitek presents at trial is in Elitek's hands—not Repairify's. *Abbott v. Sec'y of the Dep't of Health & Human Servs.*, 93-5129, 1994 U.S. App. LEXIS 2459, at *17 (Fed. Cir. Feb. 7, 1994) ("[a] party controls its own case…"). Regardless, the point is moot because Repairify will be providing that response before the pretrial conference on March 14. Thus, Elitek's excuse evaporates.

  Elitek knows Repairify's positions, and Elitek knows what it believes its best prior art invalidity theories are. Elitek should pick its theories now and not force Repairify to continue to unnecessarily prepare for all 20.

| | |
|---|---|
| Dated: March 10, 2025 | *s/ William F. Bullard* |
| | J. Derek Vandenburgh (*pro hac vice*) |
| | Joseph W. Winkels (*pro hac vice*) |
| | William F. Bullard (*pro hac vice*) |
| | CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A. |
| | 225 S. Sixth Street, Suite 4200 |
| | Minneapolis, MN 55402 |
| | Phone: (612) 436-9600 |
| | Fax: (612) 436-9605 |
| | dvandenburgh@carlsoncaspers.com |
| | jwinkels@carlsoncaspers.com |
| | wbullard@carlsoncaspers.com |
| | |
| | Deron Dacus (State Bar No. 0090553) |
| | THE DACUS FIRM, P.C. |
| | 821 ESE Loop 323, Suite 430 |
| | Tyler, TX 75701 |
| | Phone: (903) 705-1117 |
| | Fax: (903) 581-2543 |
| | ddacus@dacusfirm.com |
| | |
| | *Counsel for Plaintiff, Repairify, Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on March 10, 2025 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                *s/ William F. Bullard*
                                                William F. Bullard