IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REPAIRIFY, INC., <br><br> Plaintiff <br><br> v. <br><br> KEYSTONE AUTOMATIVE INDUSTRIES, INC. d/b/a ELITEK VEHICLE SERVICES, and DOES 1 through 20, inclusive, <br><br> Defendants. | 6:21-cv-00819 <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
A PRETRIAL DEPOSITION**

i

Elitek did not directly respond to an important point. Repairify's opening brief requested two different reliefs: (a) order Elitek to make Mr. Gans available for deposition now; or (b) alternatively, permit his deposition when he voluntarily arrives in this jurisdiction before trial to testify for Elitek. Dkt. 336. Elitek's lead argument is that it does not control Mr. Gans. This, however, does not respond to the alternative request. Mr. Gans will be within the subpoena power of the Court when he arrives within this jurisdiction, regardless of whether Elitek controls him. Thus, at a minimum, Repairify respectfully requests the Court grant the alternative relief. There is good reason for at least some relief. Repairify's opening brief explained the purpose of its motion is mitigating surprise from Elitek's witness Mr. Gans. *Id.* Elitek does not deny it intends to use Mr. Gans to surprise Repairify.

Elitek's three arguments do not outweigh the issue of unfair surprise. First, Elitek argues it "does not control Gans." Dkt. 342 at 2-3 (see heading). Mr. Gans is flying from the Netherlands to Texas for trial for Elitek's benefit, so it appears Elitek has at least some practical ability to secure his testimony. Elitek conspicuously does not explain how it secured Mr. Gans as a trial witness and discovery source for Elitek's expert if it has no practical ability to secure his testimony. Further, Elitek's expert testified he understood that Mr. Gans is a Jifeline employee. Dkt. 161-11 at 36:2-8. █████████████████████████████
███████████████████████████████████ ████████████████
█████████████████████████████████████████████████
████████████████████████████████

1



Second, Elitek argues this Court has "already decided this very issue." Dkt. 342 at 3-4 (see heading). This is an exaggeration. Repairify's opening brief acknowledged that Repairify previously requested the Court either (a) exclude Mr. Gans from testifying at trial (MIL No. 1) or (b) alternatively, order Defendant to make Mr. Gans available for deposition. Dkt. 235. The Court denied the motion to exclude Mr. Gans's testimony but did not expressly address the alternative relief. Dkt. 263 at 87:22-88:7.

Third, Elitek argues that Repairify's request is "untimely." Dkt. 342 at 5. Repairify's opening brief acknowledged that Repairify's motion comes after the close of discovery but explained the situation has now changed. It was not until five months *after* the close of discovery that Elitek's expert, Mr. Steven Loudon, relied on Mr. Gans in his rebuttal report. Dkt. 161-10 at 9. Further, it was not until nine months *after* discovery closed that Elitek first identified Mr. Gans as a live trial witness. Dkt. 243-2. Elitek's decision to present Mr. Gans at trial and have its expert rely on Mr. Gans fundamentally altered the situation and created a critical need for pretrial examination.

Date: March 11, 2025

*s/ William F. Bullard*
J. Derek Vandenburgh (*pro hac vice*)
Joseph W. Winkels (*pro hac vice*)
William F. Bullard (*pro hac vice*)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Phone: (612) 436-9600
Email: dvandenburgh@carlsoncaspers.com
Email: jwinkels@carlsoncaspers.com
Email: wbullard@carlsoncaspers.com

Deron Dacus (State Bar No. 0090553)
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

*Counsel for Plaintiff, Repairify, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing sealed documents have been served via email on March 11, 2025 to all counsel of record.

*s/ William F. Bullard*
William F. Bullard

3